D.    **Further Reliance Upon Orly's Opposition Papers**

18.    Notwithstanding the foregoing, I also respectfully submit that the issues posed on

the instant motion have been sufficiently briefed by Orly (with whom my wards' share many of

the same interests), and that my wards' interests are thereby adequately protected. Thus, in an

effort to avoid duplication of effort, I will also respectfully rely upon the opposition papers and

legal arguments advanced by Orly in her opposition papers to the Sagi Trust's instant motion to

dismiss the TAP.

## CONCLUSION

19.    Accordingly, for the foregoing reasons, your affiant respectfully submits that Orly

has sufficiently pled facts in the TAP to establish a *prima facie* case for the removal of Dalia as

trustee of the Orly Trust, and respectfully submits that the instant motion to dismiss the TAP

should be denied.

Dated: New York, New York
       October 5, 2015

_____
STEVEN RIKER

SURROGATE'S COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-----------------------------------------------------------------------X   File No. 2008-0017

Petition for a Decree Removing Dalia Genger as
Trustee of the Trust under Indenture of Trust dated
December 13, 1993 made by

**AFFIRMATION OF
SERVICE**

**ARIE GENGER**, as Grantor.

-----------------------------------------------------------------------X

I, STEVEN RIKER, an attorney duly admitted to practice law before the Courts of the

State of New York, hereby affirms the following subject to the penalties of perjury

On October 6, 2015, I served the within **AFFIRMATION OF STEVEN RIKER, ESQ.**

**IN OPPOSITION TO THE SAGI TRUST'S MOTION TO DISMISS**, by 1) email upon

counsel of record for the parties at their below email address designated for service in this

proceeding, as well as by 2) depositing a true copy thereof enclosed in a post-paid wrapper, in an

official depository under the exclusive care  and custody of the U.S. Postal Service within New

York State, addressed to counsel of record at the address(es) set forth below:

TO:   John Dellaportas, Esq.
Morgan Lewis & Bockius, LLP
Attorneys for Assaf Sternberg, Trustee
101 Park Avenue
New York, New York 10178
jdellaportas@morganlewis.com

Robert Meister, Esq.
Pedowitz & Meister, LLP
Attorneys for Dalia Genger, Trustee
570 Lexington Avenue, 18th Floor
New York, New York 10022
robert.meister@pedowitzmeister.com

Yoav M. Griver, Esq.
Bryan D. Leinbach, Esq.
Zeichner Ellman & Krause, LLP
Attorneys for Orly Genger
1211 Avenue of the Americas
New York, New York 10036
YGriver@zeklaw.com
BLeinbach@zeklaw.com

_____

STEVEN RIKER

SURROGATE'S COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK                          FILE NO. 2008-0017

Petition for a Decree Removing Dalia Genger as
Trustee of the Trust under Indenture of Trust dated
December 13, 1993 made by

**ARIE GENGER**, as Grantor.

## AFFIRMATION OF  STEVEN RIKER, ESQ.
## IN OPPOSITION TO
## THE SAGI TRUST'S MOTION TO DISMISS

**STEVEN RIKER, ESQ.**
Guardian ad Litem
Law Office of Steven Riker
110 East 59th Street, 23rd Floor
New York, New York 10022
Tel No.:  (212) 661-6410

SURROGATE'S COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK                          FILE NO. 2008-0017

---

Petition for a Decree Removing Dalia Genger as
Trustee of the Trust under Indenture of Trust dated
December 13, 1993 made by

**ARIE GENGER**, as Grantor.

---

## AFFIRMATION OF STEVEN RIKER, ESQ.
## IN OPPOSITION TO
## THE SAGI TRUST'S MOTION TO DISMISS

---

**STEVEN RIKER, ESQ.**
Guardian ad Litem
Law Office of Steven Riker
110 East 59th Street, 23rd Floor
New York, New York 10022
Tel No.:  (212) 661-6410

New York County Surrogate's Court
MISCELLANEOUS DEPT.

OCT 2 3 2015

**FILED**

Clerk_____

STATE OF NEW YORK
SURROGATE'S COURT: COUNTY OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
In the Matter of the Application of
ORLY GENGER, as a person interested, for the removal
of DALIA GENGER as Trustee of the Orly
Genger 1993 Trust pursuant to SCPA §711(11)
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

File No. 0017/2008

## STIPULATION ADJOURNING THE MOTIONS TO DISMISS
## THE THIRD AMENDED PETITION

IT IS HEREBY STIPULATED, by and between the undersigned counsel for all

parties who have appeared in this proceeding that Dalia Genger's Motion to

Dismiss the Third Amended Petition of Orly Genger and the Sagi Genger 1993

Trust's Motion to Dismiss the Third Amended Petition of Orly Genger now

returnable October 27, 2015, be and the same hereby is adjourned to 10:00 a.m. on

November 20, 2015.

This adjournment is due to the fact that Robert A. Meister, Esq., counsel to

Dalia Genger, is currently hospitalized.  It is uncertain whether Mr. Meister will be

1

released from the hospital as of the scheduled return date, thus an adjournment is

necessary.


Zeichner Ellman & Krause LLP

By: Yoav Griver, *mw*
Yoav Griver, Esq.
Bryan Leinbach, Esq.
1211 Avenue of the Americas
New York, New York 10036
Tel. (212) 826-5313
Fax (212) 753-0396
YGriver@zeklaw.com
bleinbach@zeklaw.com
*Attorneys for Petitioner Orly Genger*
Law Office of Steven Riker

By: Steven Riker, *mw*
Steven Riker, Esq.
110 E 59th Street, 23rd Floor
New York, NY 10022
Tel:(212) 661-6410
Fax: (212) 994-2146
SR@stevenrikerlaw.com
*Court Appointed Guardian Ad Litem*
*for the Unborn Children of Petitioner*
*Orly Genger*

Morgan, Lewis & Bockius LLP

By: John Dellaportas, *mw*
John Dellaportas, Esq.
101 Park Avenue
New York, NY 10178-0060
Tel: (212) 309-6690
Fax: (212) 309-6001
jdellaportas@morganlewis.com
*Attorneys for the Sagi Genger 1993*
*Trust*


Pedowitz & Meister, LLP

By: Robert A. Meister, *mw*
Robert A. Meister, Esq.
570 Lexington Avenue, 18th Floor
New York, New York 10022
Tel: (212) 403-7365
Fax: (212) 354-6614
robert.meister@pedowitzmeister.com
*Attorneys for Respondent/Trustee*
*Dalia Genger*

2

## PEDOWITZ & MEISTER, LLP
### 570 Lexington Avenue, 18th Floor
### New York, New York, 10022
(212) 403-7365
(212) 354-6614 (fax)

October 23, 2015

**TO:**   **Surrogate Anderson**   **FAX NUMBER:** (212) 618-5157

**FROM:**   Pedowitz & Meister, LLP   **NUMBER OF PAGES:** (including cover)
3

**CC:** All parties (via email)

**SUBJECT:**   In the Matter of the Application of ORLY GENGER, as a person interested, for the removal of DALIA GENGER as Trustee of the Orly Genger 1993 Trust pursuant to SCPA §711(11), File No. 0017/2008

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE CALL (212) 403-7365

New York County Surrogate's Court
MISCELLANEOUS DEPT.

NOV 0 4 2015

**FILED**

Clerk_____

SURROGATE'S COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------x
                                                :

In the Matter of the Application of ORLY     :    File No.: 0017/2008
GENGER, as a person interested, for the removal  :
of DALIA GENGER as Trustee of the Orly     :
Genger 1993 Trust pursuant to SCPA § 711(11)  :
                                                :
                                                :
-----------------------------------------------------------------x

## THE SAGI GENGER 1993 TRUST'S REPLY MEMORANDUM IN FURTHER SUPPORT OF ITS MOTION TO DISMISS ORLY GENGER'S THIRD AMENDED VERIFIED PETITION

John Dellaportas, Esq.
Mary Pennisi, Esq.
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, New York 10178
(212) 309-6000

*Attorneys for The Sagi Genger 1993 Trust*

The Sagi Trust, the contingent remainderman beneficiary of the Orly Trust, respectfully submits this reply memorandum in further support of its motion to dismiss Orly's Petition.[1]   In its opening motion papers, the Sagi Trust set forth three separate grounds why the Petition should be dismissed.  First, the Petition is premised upon a false statement, made by Orly under penalty of perjury, concerning her proposed successor trustee.  Second, Orly is exploiting this proceeding to misappropriate $32.3 million belonging to the Orly Trust.  Third, Orly's Petition fails to state a valid claim for the removal of the Trustee.  All three grounds are valid.

## I.

In response to the first ground, Orly now admits that Joel Isaacson, her proposed replacement trustee, is in fact her former "financial advisor."  Orly Opp. Br. at 5.  Yet in her Petition, Orly represented to this Court, under penalty of perjury, that: "**Mr. Isaacson is not acquainted with any members of the Genger family ....**"  Dellaportas Aff. Exh. B, p. 31 ¶ 96 (emphasis added).  Apparently, the Sagi Trust did not understand the meaning of the word "acquainted" which, in Orly-speak, only refers to a "social relationship."  Orly Opp. Br. at 15. We will leave it to Your Honor as to whether that comports with the Court's understanding of the term.  Certainly, Orly cites no dictionary definition limiting "acquainted" to just social relationships.  The one dictionary she does cite, www.dictionary.com, lists as its primary definition of "acquainted" the following: "having personal knowledge as a result of ... experience, *etc.*; informed ...." http://dictionary.reference.com/browse/acquainted?s=ts. In other words, even assuming Orly used www.dictionary.com for her Petition, Mr. Isaascon was plainly acquainted with Orly, and indeed all of the other members of the Genger family, and Orly's sworn statement to the contrary was plainly, and materially, false.

---

[1]      All capitalized terms retain the definitions from the Sagi Trust's opening papers.

Orly also argues that the Court of Appeals' decision in *CDR Creances S.A.S. v. Cohen*, 23 N.Y.3d 307 is inapplicable here because fraud on the court requires perjury. Orly's sworn statement about Mr. Isaacson was perjurious. N.Y. PEN. LAW § 210.15 ("A person is guilty of perjury in the first degree when he swears falsely and when his false statement (a) consists of testimony, and (b) is material to the action, proceeding or matter in which it is made."). First, whatever dictionary one uses, the statement was false. Second, whether or not Mr. Isaacson is acquainted with Orly plainly goes to his "independence," which even Orly concedes is a material issue in the case. *See* Orly Opp. Br. at 15. That Mr. Isaacson was actually Orly's personal financial advisor was a material fact about her proposed trustee that Orly should have shared with the Court. Having failed to do so, her Petition should be struck.

## II.

In response to the Sagi Trust's second ground for dismissal, Orly does her best to confuse the Court with a convoluted, and grossly misleading, tour through various Genger litigations in various jurisdictions. Your Honor need not take that tour.

The facts here are simple and straightforward. In 2010, Orly – acting "on behalf of the Orly Trust as the beneficiary of the Orly Trust" – filed a lawsuit entitled *Arie Genger et al. v. Sagi Genger et al.,* Index No. 651089/2010 against, *inter alia,* a group of investors called the "Trump Group." Dellaportas Aff. Exh. J. In 2013, Orly settled that lawsuit, such that those claims are no more, having been dismissed by the Supreme Court with prejudice. *See* Index No. 651089/2010 NYSCEF Doc. No. 1153. Pursuant to that Settlement Agreement, Orly and her cronies will ultimately get $32.3 million while the Orly Trust will get nothing; indeed, Orly added into the Agreement a provision prohibiting the Orly Trust from receiving any portion of those proceeds. *Id.* at 17. Thus, the Trust has been robbed of $32.3 million.

The current Trustee, Dalia Genger, is valiantly trying to recover at least a portion of the

-2-

misappropriated funds for the Orly Trust. Dellaportas Aff. Exh. F. Orly, in turn, is opposing the

Trustee's efforts on two fronts. In this Court, she is trying to replace Dalia with her personal

financial advisor, Mr. Isaacson, who – as the prospective next trustee of the Orly Trust –

apparently takes no issue with Orly's diversion of $32.3 million in Trust assets. Meanwhile, in

the Supreme Court, Orly has obtained a court order holding the Trustee's motion in abeyance

pending this Court's resolution of the Petition. *Id.* Exh. G.

Meanwhile, the $32.3 million are in danger of dissipation. Absent a prompt dismissal of

the Petition, there may be nothing left for the Trustee to recover.

### III.

Lastly, in response to the Sagi Trust's third ground for dismissal, Orly contends that:

"The Sagi Trust also fails to inform the Court that … the Appellate Division, First Department,

the New York Supreme Court, the United States District Court for the Southern District of New

York, and the Delaware Chancery Court, have all found Dalia … should not serve as Trustee."

Orly Opp. Br. at 2. The Sagi Trust did not inform Your Honor of these judicial findings because

they never happened. No Court has ever ruled that Dalia "should not serve as Trustee"; indeed,

that determination is the exclusive province of this Court.

The Appellate Division did rule that the Trustee had a conflict of interest in negotiating a

settlement agreement with TPR Investment Associates, Inc. ("TPR"), and so Orly as beneficiary

had the right to "void" that settlement. Orly did just that, costing the Orly Trust some $10+

million in settlement proceeds, which instead went to TPR. *TPR Inv. Assocs., Inc. v. Pedowitz &*

*Meister LLP,* 2014 U.S. Dist. Lexis 67116, **3-5 (S.D.N.Y. May 15, 2014). While the voiding

of the agreement restored the Orly's derivative claims against TPR in *Arie Genger et al. v. Sagi*

*Genger et al.,* Index No. 651089/2010, the Appellate Division later threw out all of those claims

as meritless. *Genger v. Genger,* 121 A.D.3d 270 (1st Dep't 2014).

Now, Orly comes to this Court seeking to remove Dalia "for cause," based on Dalia's effort to obtain $10+ million for worthless claims. Because of Orly, that effort failed, leaving the Orly Trust with no assets to pay its claims. Meanwhile, Orly and her cronies are walking away with $32.3 million that rightly belongs in trust. The Sagi Trust beseeches Your Honor to put a halt to this travesty by making Orly's latest Petition her final one.

Dated: New York, New York
November 2, 2015

MORGAN, LEWIS & BOCKIUS LLP

by: _____
   John Dellaportas
   Mary Pennisi
101 Park Avenue
New York, NY  10178
(212) 309-6000

*Attorneys for The Sagi Genger 1993 Trust*

-4-

SURROGATE'S COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---------------------------------------------------------------x
                        :

In the Matter of the Application of ORLY     :
GENGER, as a person interested, for the removal   :
of DALIA GENGER as Trustee of the Orly    :
Genger 1993 Trust pursuant to SCPA § 711(11)  :
---------------------------------------------------------------x

File No.: 0017/2008

**AFFIRMATION OF SERVICE OF**
**JOHN DELLAPORTAS**

I, John Dellaportas, an attorney duly admitted to practice law before the Courts of the State of New York, hereby affirms pursuant to CPLR § 2106, as follows:

1.     I am a member of the New York State Bar and associated with the firm of Morgan, Lewis & Bockius LLP;

2.     I hereby affirm that I am not a party to this action, I am over 18 years of age, I am an attorney duly admitted to the Courts of the State of New York, and that, by stipulation of the parties, prior to 5 PM on November 2, 2015, I caused to be served a true and correct copy of the attached motion papers, on the following counsel of record via email (with a copy thereafter mailed postage pre-paid):

Robert A. Meister
Pedowitz & Meister LLP
570 Lexington Avenue – 18th Floor
New York, NY 10022
212.403.7330
*Attorneys for Dalia Genger,*
*as Trustee of the Orly Genger 1993 Trust*

Yoav Griver
Zeichner Elliman & Krause LLP
1211 Avenue of the Americas, 40th Floor
New York, New York 10036
212.223.0400
*Attorneys for Orly Genger*

Steven Riker, Esq.
Law Office of Steven Riker
110 E. 59th Street, 23rd Floor
New York, New York 10022
212.661.6410
*Guardian At Litem*

Dated:  New York, New York
         November 4, 2015

_____
JOHN DELLAPORTAS

SURROGATE'S COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

| | |
|---|---|
| In the Matter of the Application of Orly Genger to Remove Dalia Genger as Trustee of The Orly Genger 1993 Trust Established on December 13, 1993, by<br><br>ARIE GENGER<br><br>Grantor | File No. 0017/2008<br><br><br>**NOTICE OF APPEARANCE** |

PLEASE TAKE NOTICE that Andrew R. Kurland, of the firm Kasowitz, Benson, Torres & Friedman LLP, hereby appears in the above-captioned action as counsel to petitioner Orly Genger, and certifies that he is admitted to practice to practice before the Courts of the State of New York, and further requests that copies of all papers in this action be served on the undersigned at the address below.

Dated: New York, New York
       February 14, 2017

KASOWITZ, BENSON, TORRES &
FRIEDMAN LLP

Andrew R. Kurland
1633 Broadway
New York, NY 10019
(212) 506-1700

*Counsel for Orly Genger*

ALL-STATE LEGAL®
07181-BF • 07182-BL • 07183-GY • 07184-WH
800.222.0510  www.aslegal.com

*Index No.* 0017            *Year 20* 08

SURROGATE'S COURT OF THE STATE OF NEW
YORK COUNTY OF NEW YORK

In the Matter of the Application of Orly Genger to Remove Dalia Genger as Trustee of The
Orly Genger 1993 Trust Established on December 13, 1993, by

ARIE GENGER

Grantor

## NOTICE OF APPEARANCE

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP

*Attorney(s) for*
    *Petitioner*

1633 BROADWAY
NEW YORK, NEW YORK 10019
212-506-1700

*Pursuant to 22 NYCRR 130-1.1-a, the undersigned, an attorney admitted to practice in the courts of New York State,
certifies that, upon information and belief and reasonable inquiry, (1) the contentions contained in the annexed
document are not frivolous and that (2) if the annexed document is an initiating pleading, (i) the matter was not
obtained through illegal conduct, or that if it was, the attorney or other persons responsible for the illegal conduct are
not participating in the matter or sharing in any fee earned therefrom and that (ii) if the matter involves potential
claims for personal injury or wrongful death, the matter was not obtained in violation of 22 NYCRR 1200.41-a.*

*Dated:* February 8, 2017                Signature ...............................................

                        Print Signer's Name............. Michael P. Bowen.................................

*Service of a copy of the within*                                *is hereby admitted.*

*Dated:*

                        ...............................................
                        *Attorney(s) for* Petitioner

## PLEASE TAKE NOTICE

☐      *that the within is a (certified) true copy of a*
NOTICE OF    *entered in the office of the clerk of the within-named Court on*                    20
ENTRY

☐      *that an Order of which the within is a true copy will be presented for settlement to the*
NOTICE OF    *Hon.*                    *, one of the judges of the within-named Court,*
SETTLEMENT   *at*
        *on*                    20        *, at*            *M.*

*Dated:*

                KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
        *Attorney(s) for*

*To:*                            1633 BROADWAY
                        NEW YORK, NEW YORK 10019

*Attorney(s) for*

STATE OF NEW YORK, COUNTY OF                                           ss:

I, the undersigned, am an attorney admitted to practice in the courts of New York, and

☐  certify that the annexed
**Attorney's Certification**  has been compared by me with the original and found to be a true and complete copy thereof.

☐  say that: I am the attorney of record, or of counsel with the attorney(s) of record, for
**Attorney's Verification by Affirmation**  . I have read the annexed
know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon the following.

The reason I make this affirmation instead of                                      is

I affirm that the foregoing statements are true under penalties of perjury.
Dated:                                                                    ................................................................................
                                                                          *(Print signer's name below signature)*

STATE OF NEW YORK, COUNTY OF                              ss:
                                          being sworn says: I am

☐  in the action herein; I have read the annexed
**Individual Verification**  know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true.

☐  the                                            of
**Corporate Verification**  a corporation, one of the parties to the action; I have read the annexed
know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true.
My belief, as to those matters therein not stated upon knowledge, is based upon the following:

Sworn to before me on                      , 20        ................................................................................
                                                                          *(Print signer's name below signature)*

................................................................

STATE OF NEW YORK, COUNTY OF                   ss:
                                          being sworn says: I am not a party to the action, am over 18 years of age and reside at
On                                          , 20     , I served a true copy of the annexed
                                          in the following manner:

☐  by mailing the same in a sealed envelope, with postage prepaid thereon, in a post-office or official depository of the U.S. Postal Service,
**Service by Mail**  addressed to the address of the addressee(s) indicated below, which has been designated for service by the addressee(s) or, if no such address has been designated, is the last-known address of the addressee(s):

☐  by delivering the same personally to the persons at the address indicated below:
**Personal Service**

☐  by transmitting the same to the attorney by facsimile transmission to the facsimile telephone number designated by the attorney for that
**Service by Facsimile**  purpose. In doing so, I received a signal from the equipment of the attorney served indicating that the transmission was received, and mailed a copy of same to that attorney, in a sealed envelope, with postage prepaid thereon, in a post office or official depository of the U.S. Postal Service, addressed to the address of the addressee(s) as indicated below, which has been designated for service by the addressee(s) or, if no such address has been designated, is the last-known address of the addressee(s):

☐  by transmitting the same to the attorney by electronic means upon the party's written consent. In doing so, I indicated in the subject matter
**Service by Electronic Means**  heading that the matter being transmitted electronically is related to a court proceeding.

☐  by depositing the same with an overnight delivery service in a wrapper properly addressed, the address having been designated by the
**Overnight Delivery Service**  addressee(s) for that purpose or, if none is designated, to the last-known address of addressee(s). Said delivery was made prior to the latest time designated by the overnight delivery service for overnight delivery. The address and delivery service are indicated below:

Sworn to before me on                      , 20

................................................................

                                                                          ................................................................................
                                                                          *(Print signer's name below signature)*

SURROGATE'S COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| In the Matter of the Application of Orly Genger to Remove Dalia Genger as Trustee of The Orly Genger 1993 Trust Established on December 13, 1993, by<br><br>ARIE GENGER<br><br>Grantor | File No. 0017/2008<br><br><br>**NOTICE OF APPEARANCE** |

PLEASE TAKE NOTICE that Michael P. Bowen, of the firm Kasowitz, Benson, Torres

& Friedman LLP, hereby appears in the above-captioned action as counsel to petitioner Orly

Genger, and certifies that he is admitted to practice to practice before the Courts of the State of

New York, and further requests that copies of all papers in this action be served on the

undersigned at the address below.

Dated: New York, New York
       February 14, 2017

                                   KASOWITZ, BENSON, TORRES &
                                   FRIEDMAN LLP

                                   _____
                                   Michael P. Bowen
                                   1633 Broadway
                                   New York, NY 10019
                                   (212) 506-1700

                                   *Counsel for Orly Genger*

STATE OF NEW YORK, COUNTY OF                                                          ss:

I, the undersigned, am an attorney admitted to practice in the courts of New York, and

certify that the annexed

**Attorney's Certification**

has been compared by me with the original and found to be a true and complete copy thereof.

say that: I am the attorney of record, or of counsel with the attorney(s) of record, for

**Attorney's Verification by Affirmation**

. I have read the annexed

know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon the following.

The reason I make this affirmation instead of                                    is

I affirm that the foregoing statements are true under penalties of perjury.
Dated:

....................................................................................................

*(Print signer's name below signature)*

STATE OF NEW YORK, COUNTY OF                              ss:

being sworn says: I am

in the action herein; I have read the annexed

**Individual Verification**

know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true.

the                                    of

a corporation, one of the parties to the action; I have read the annexed

**Corporate Verification**

know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true.

My belief, as to those matters therein not stated upon knowledge, is based upon the following:

Sworn to before me on                              , 20

....................................................................................................

*(Print signer's name below signature)*

....................................................................................................

STATE OF NEW YORK, COUNTY OF                       ss:

being sworn says: I am not a party to the action, am over 18 years of age and reside at

On                              , 20   , I served a true copy of the annexed

in the following manner:

**Service by Mail**

by mailing the same in a sealed envelope, with postage prepaid thereon, in a post-office or official depository of the U.S. Postal Service, addressed to the address of the addressee(s) indicated below, which has been designated for service by the addressee(s) or, if no such address has been designated, is the last-known address of the addressee(s):

**Personal Service**

by delivering the same personally to the persons at the address indicated below:

**Service by Facsimile**

by transmitting the same to the attorney by facsimile transmission to the facsimile telephone number designated by the attorney for that purpose. In doing so, I received a signal from the equipment of the attorney served indicating that the transmission was received, and mailed a copy of same to that attorney, in a sealed envelope, with postage prepaid thereon, in a post office or official depository of the U.S. Postal Service, addressed to the address of the addressee(s) as indicated below, which has been designated for service by the addressee(s) or, if no such address has been designated, is the last-known address of the addressee(s):

**Service by Electronic Means**

by transmitting the same to the attorney by electronic means upon the party's written consent. In doing so, I indicated in the subject matter heading that the matter being transmitted electronically is related to a court proceeding:

**Overnight Delivery Service**

by depositing the same with an overnight delivery service in a wrapper properly addressed, the address having been designated by the addressee(s) for that purpose or, if none is designated, to the last-known address of addressee(s). Said delivery was made prior to the latest time designated by the overnight delivery service for overnight delivery. The address and delivery service are indicated below:

Sworn to before me on                              , 20

....................................................................................................

....................................................................................................

*(Print signer's name below signature)*

**Check Applicable Box**

ALL-STATE LEGAL®
07181-BF • 07182-BL • 07183-GY • 07184-WH
800.222.0510  www.aslegal.com

*Index No.*  0017              *Year 20*  08

SURROGATE'S COURT OF THE STATE OF NEW
YORK COUNTY OF NEW YORK

---

In the Matter of the Application of Orly Genger to Remove Dalia Genger as Trustee of The
Orly Genger 1993 Trust Established on December 13, 1993, by

ARIE GENGER

Grantor

---

## NOTICE OF APPEARANCE

---

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP

*Attorney(s) for*
     *Petitioner*

1633 BROADWAY
NEW YORK, NEW YORK 10019
212-506-1700

---

*Pursuant to 22 NYCRR 130-1.1-a, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, (1) the contentions contained in the annexed document are not frivolous and that (2) if the annexed document is an initiating pleading, (i) the matter was not obtained through illegal conduct, or that if it was, the attorney or other persons responsible for the illegal conduct are not participating in the matter or sharing in any fee earned therefrom and that (ii) if the matter involves potential claims for personal injury or wrongful death, the matter was not obtained in violation of 22 NYCRR 1200.41-a.*

*Dated:*  February 8, 2017              Signature ..........................................................

Print Signer's Name................Michael P. Bowen..................................................

---

*Service of a copy of the within*                                        *is hereby admitted.*

*Dated:*
                                                       ........................................................
                                                       *Attorney(s) for*  Petitioner

---

*PLEASE TAKE NOTICE*

☐  *that the within is a (certified) true copy of a*
NOTICE OF   *entered in the office of the clerk of the within-named Court on*              *20*
ENTRY

☐  *that an Order of which the within is a true copy will be presented for settlement to the*
NOTICE OF   *Hon.                                   , one of the judges of the within-named Court,*
SETTLEMENT  *at*
            *on*               *20*       *, at*              *M.*

*Dated:*

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
     *Attorney(s) for*

*To:*                                        1633 BROADWAY
                                             NEW YORK, NEW YORK 10019

*Attorney(s) for*

STATE OF NEW YORK, COUNTY OF                                                    ss:

I, the undersigned, am an attorney admitted to practice in the courts of New York, and

☐ **Attorney's Certification**
certify that the annexed
has been compared by me with the original and found to be a true and complete copy thereof.

☐ **Attorney's Verification by Affirmation**
say that: I am the attorney of record, or of counsel with the attorney(s) of record, for
. I have read the annexed
know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon the following.

The reason I make this affirmation instead of                                    is

I affirm that the foregoing statements are true under penalties of perjury.
Dated:                                                              ...............................................................................
                                                                          *(Print signer's name below signature)*

STATE OF NEW YORK, COUNTY OF                              ss:
                                                    being sworn says: I am

☐ **Individual Verification**
in the action herein; I have read the annexed
know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true.

☐ **Corporate Verification**
the                                              of
a corporation, one of the parties to the action; I have read the annexed
know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true.

My belief, as to those matters therein not stated upon knowledge, is based upon the following:

Sworn to before me on                              , 20            ...............................................................................
                                                                          *(Print signer's name below signature)*

................................................................

STATE OF NEW YORK, COUNTY OF                              ss:
                                                    being sworn says: I am not a party to the action, am over 18 years of age and reside at
On                                              , 20    , I served a true copy of the annexed
                                    in the following manner:

☐ **Service by Mail**
by mailing the same in a sealed envelope, with postage prepaid thereon, in a post-office or official depository of the U.S. Postal Service, addressed to the address of the addressee(s) indicated below, which has been designated for service by the addressee(s) or, if no such address has been designated, is the last-known address of the addressee(s):

☐ **Personal Service**
by delivering the same personally to the persons at the address indicated below:

☐ **Service by Facsimile**
by transmitting the same to the attorney by facsimile transmission to the facsimile telephone number designated by the attorney for that purpose. In doing so, I received a signal from the equipment of the attorney served indicating that the transmission was received, and mailed a copy of same to that attorney, in a sealed envelope, with postage prepaid thereon, in a post office or official depository of the U.S. Postal Service, addressed to the address of the addressee(s) as indicated below, which has been designated for service by the addressee(s) or, if no such address has been designated, is the last-known address of the addressee(s):

☐ **Service by Electronic Means**
by transmitting the same to the attorney by electronic means upon the party's written consent. In doing so, I indicated in the subject matter heading that the matter being transmitted electronically is related to a court proceeding.

☐ **Overnight Delivery Service**
by depositing the same with an overnight delivery service in a wrapper properly addressed, the address having been designated by the addressee(s) for that purpose or, if none is designated, to the last-known address of addressee(s). Said delivery was made prior to the latest time designated by the overnight delivery service for overnight delivery. The address and delivery service are indicated below:

Sworn to before me on                              , 20

................................................................

                                                              ...............................................................................
                                                                          *(Print signer's name below signature)*

SURROGATE'S COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

In the Matter of the Application of Orly Genger to
Remove Dalia Genger as Trustee of The Orly Genger
1993 Trust Established on December 13, 1993, by

ARIE GENGER

Grantor

File No. 0017/2008

**AFFIRMATION OF SERVICE**

---

I am an attorney admitted to practice before the Courts of the State of New York. On

February 14, 2017, on behalf of petitioner Orly Genger, I caused to be served by U.S. First Class

Mail, postage prepaid, a true and correct copy of the Notice of Appearance of Michael P. Bowen

and the Notice of Appearance of Andrew R. Kurland, as counsel to petitioner Orly Genger, on

the parties to this action through their counsel, as follows:

Counsel to Dalia Genger:

    Robert Meister, Esq.
    Pedowitz & Meister, LLP
    570 Lexington Ave., 18th Floor
    New York, New York 10022
        and
    Judith Bachman, Esq.
    254 S. Main Street, Suite 306
    New City, New York 10956

Counsel to Sagi Genger:

    John Dellaportas, Esq.
    Kelley, Drye & Warren, LLP
    101 Park Avenue
    New York, New York 10178

Counsel to Arie Genger:

    Lance Harris, Esq.
    Stein & Harris
    1211 Avenue of the Americas
    40th Floor
    New York, NY 10036

Dated: New York, New York
      February 14, 2017

                                       Andrew R. Kurland

ALL-STATE LEGAL®
07181-BF · 07182-BL · 07183-GY · 07184-WH
800.222.0510  www.aslegal.com

*Index No.*  0017        *Year 20* 08

SURROGATE'S COURT OF THE STATE OF NEW
YORK COUNTY OF NEW YORK

In the Matter of the Application of Orly Genger to Remove Dalia Genger as Trustee of The
Orly Genger 1993 Trust Established on December 13, 1993, by

ARIE GENGER

Grantor

## AFFIRMATION OF SERVICE

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
*Attorney(s) for*
**Petitioner**

1633 BROADWAY
NEW YORK, NEW YORK 10019
212-506-1700

*Pursuant to 22 NYCRR 130-1.1-a, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, (1) the contentions contained in the annexed document are not frivolous and that (2) if the annexed document is an initiating pleading, (i) the matter was not obtained through illegal conduct, or that if it was, the attorney or other persons responsible for the illegal conduct are not participating in the matter or sharing in any fee earned therefrom and that (ii) if the matter involves potential claims for personal injury or wrongful death, the matter was not obtained in violation of 22 NYCRR 1200.41-a.*

*Dated:* February 1, 2017        Signature ............................................

                                Print Signer's Name ............... Michael P. Bowen ...............................

*Service of a copy of the within*                                *is hereby admitted.*

*Dated:*

                                *Attorney(s) for*  **Petitioner**

*PLEASE TAKE NOTICE*

☐ NOTICE OF ENTRY    *that the within is a (certified) true copy of a
entered in the office of the clerk of the within-named Court on*        20

☐ NOTICE OF SETTLEMENT    *that an Order of which the within is a true copy will be presented for settlement to the
Hon.*                      *, one of the judges of the within-named Court,
at*
*on*                20        *, at*                M.

*Dated:*

                    KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
        *Attorney(s) for*

*To:*                                1633 BROADWAY
                                NEW YORK, NEW YORK 10019

*Attorney(s) for*

STATE OF NEW YORK, COUNTY OF                                              ss:

I, the undersigned, am an attorney admitted to practice in the courts of New York, and

☐  certify that the annexed

**Attorney's Certification**
has been compared by me with the original and found to be a true and complete copy thereof.

☐  say that: I am the attorney of record, or of counsel with the attorney(s) of record, for

**Attorney's Verification by Affirmation**
. I have read the annexed

know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon the following.

The reason I make this affirmation instead of                                              is

I affirm that the foregoing statements are true under penalties of perjury.
Dated:

.............................................................................
*(Print signer's name below signature)*

STATE OF NEW YORK, COUNTY OF                                   ss:
being sworn says: I am

☐  in the action herein; I have read the annexed

**Individual Verification**
know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true.

☐  the                                   of

**Corporate Verification**
a corporation, one of the parties to the action; I have read the annexed

know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true.

My belief, as to those matters therein not stated upon knowledge, is based upon the following:

Sworn to before me on                              , 20

.............................................................................
*(Print signer's name below signature)*

.............................................................................

STATE OF NEW YORK, COUNTY OF                              ss:
being sworn says: I am not a party to the action, am over 18 years of

age and reside at

On                              , 20    , I served a true copy of the annexed

in the following manner:

☐  by mailing the same in a sealed envelope, with postage prepaid thereon, in a post-office or official depository of the U.S. Postal Service,

**Service by Mail**
addressed to the address of the addressee(s) indicated below, which has been designated for service by the addressee(s) or, if no such address has been designated, is the last-known address of the addressee(s):

☐  by delivering the same personally to the persons at the address indicated below:

**Personal Service**

☐  by transmitting the same to the attorney by facsimile transmission to the facsimile telephone number designated by the attorney for that

**Service by Facsimile**
purpose. In doing so, I received a signal from the equipment of the attorney served indicating that the transmission was received, and mailed a copy of same to that attorney, in a sealed envelope, with postage prepaid thereon, in a post office or official depository of the U.S. Postal Service, addressed to the address of the addressee(s) as indicated below, which has been designated for service by the addressee(s) or, if no such address has been designated, is the last-known address of the addressee(s):

☐  by transmitting the same to the attorney by electronic means upon the party's written consent. In doing so, I indicated in the subject matter

**Service by Electronic Means**
heading that the matter being transmitted electronically is related to a court proceeding:

☐  by depositing the same with an overnight delivery service in a wrapper properly addressed, the address having been designated by the

**Overnight Delivery Service**
addressee(s) for that purpose or, if none is designated, to the last-known address of addressee(s). Said delivery was made prior to the latest time designated by the overnight delivery service for overnight delivery. The address and delivery service are indicated below:

Sworn to before me on                              , 20

.............................................................................

.............................................................................
*(Print signer's name below signature)*

New York County Surrogate's Court
MISCELLANEOUS DEPT.

FEB 1 5 2017

FILED

Clerk_____

SURROGATE'S COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

In the Matter of the Application of Orly Genger to
Remove Dalia Genger as Trustee of The Orly Genger
1993 Trust Established on December 13, 1993, by

      ARIE GENGER,

                      Grantor

---

File No.: ~~0017/2008~~
2008-0017 / ⚖

**SUBSTITUTION OF COUNSEL**

---

IT IS HEREBY STIPULATED AND AGREED THAT, Kasowitz, Benson, Torres & Friedman LLP ("KBTF") shall be substituted as attorneys of record for petitioner Orly Genger in the above-captioned action in place and stead of Zeichner Ellman & Krause LLP; and it is further

STIPULATED AND AGREED THAT, copies of all future notices and correspondence should be sent to KBTF at the address listed below; and it is further

STIPULATED AND AGREED THAT, this stipulation may be signed in counterparts,

890491

each of which shall be deemed an original, and facsimile signatures shall have the same force and effect as original signatures.

Dated: New York, New York
     January 9, 2017

KASOWITZ, BENSON, TORRES &
   FRIEDMAN LLP

By: _____
Eric D. Herschmann
Michael P. Bowen
Andrew R. Kurland
1633 Broadway
New York, NY 10019
(212) 506-1700

*Continuing Counsel for Orly Genger*

ZEICHNER ELLMAN & KRAUSE LLP

By: _____
Yoav Griver
Bryan Leinbach
1211 Avenue of the Americas
New York, NY 10036
(212) 223-0400

*Outgoing Counsel for Orly Genger*

Orly Genger

By: _____

STATE OF _New York_ ,
COUNTY OF _New York_ .

     On the __27th__ day of January in the year 2017 before me, the undersigned, personally appeared Orly Genger, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that she executed the same in her capacity, and that by her signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____
Notary Public

ANDREW ROGERS KURLAND
NOTARY
NO. 02KU6221752
QUALIFIED IN
KINGS COUNTY
COMM. EXP
05/10/20
PUBLIC
STATE OF NEW YORK

2

SURROGATE'S COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

New York County Surrogate's Court
MISCELLANEOUS DEPT.

FEB 15 2017

FILED

Clerk

In the Matter of the Application of Orly Genger to
Remove Dalia Genger as Trustee of The Orly Genger
1993 Trust Established on December 13, 1993, by

ARIE GENGER,

Grantor

File No.: ~~0017/2008~~
2008 - 0017

**STIPULATION OF
WITHDRAWAL OF COUNSEL**

WHEREAS, currently the law firms of Kasowitz, Benson, Torres & Friedman LLP ("KBTF") and Zeichner Ellman & Krause LLP ("ZEK") represent petitioner Orly Genger ("Orly") in this matter; and

WHEREAS, Orly and ZEK have agreed that ZEK shall no longer represent Orly in this matter; and

WHEREAS, KBTF consents to ZEK's withdrawal in this matter;

IT IS NOW STIPULATED AND AGREED THAT:

1. Pursuant to CPLR § 321, ZEK hereby withdraws as counsel to Orly, and shall no longer represent Orly in this matter.

2. KBTF shall remain as counsel to Orly in this matter.

3. This stipulation may be signed in counterparts, each of which shall be deemed an

890018

original, 

Dated: New York, New York
       January 9, 2017

KASOWITZ, BENSON, TORRES &
      FRIEDMAN LLP

By: _____
Eric D. Herschmann
Michael P. Bowen
Andrew R. Kurland
1633 Broadway
New York, NY 10019
(212) 506-1700

*Continuing Counsel for Orly Genger*

ZEICHNER ELLMAN & KRAUSE LLP

By _____
Yoav Griver
Bryan Leinbach
1211 Avenue of the Americas
New York, NY 10036
(212) 223-0400

*Outgoing Counsel for Orly Genger*

Orly Genger

By: _____

SO ORDERED:

_____
Hon. Nora S. Anderson, Surrogate

2

STATE OF _New York_,
COUNTY OF _New York_.

On the _27th_ day of January in the year 2017 before me, the undersigned, personally appeared Orly Genger, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that she executed the same in her capacity, and that by her signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

Notary Public

3

SURROGATE'S COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

In the Matter of the Application of Orly Genger to
Remove Dalia Genger as Trustee of The Orly Genger
1993 Trust Established on December 13, 1993, by

ARIE GENGER

Grantor

File No. 0017/2008

**AFFIRMATION OF SERVICE**

---

I, Andrew R. Kurland, am an attorney admitted to practice before the Courts of the State

of New York, am not a party to this action. I hereby affirm the following under penalty of

perjury:

On February 14, 2017, on behalf of petitioner Orly Genger, I caused to be served by U.S.

First Class Mail, postage prepaid, a true and correct copy of the (1) Notice of Appearance of

Michael P. Bowen and (2) the Notice of Appearance of Andrew R. Kurland, both as counsel to

petitioner Orly Genger, on the parties to this action through their counsel, as follows:

Counsel to Dalia Genger:

    Robert Meister, Esq.
    Pedowitz & Meister, LLP
    570 Lexington Ave., 18th Floor
    New York, New York 10022

        and

    Judith Bachman, Esq.
    254 S. Main Street, Suite 306
    New City, New York 10956

Counsel to Arie Genger:

    Lance Harris, Esq.
    Stein & Harris
    1211 Avenue of the Americas
    40th Floor
    New York, NY 10036

Counsel to Sagi Genger:

    John Dellaportas, Esq.
    Kelley, Drye & Warren, LLP
    101 Park Avenue
    New York, New York 10178

Dated: New York, New York
      February 16, 2017

                               Andrew R. Kurland

ALL STATE LEGAL®
07184-WH
800.222.0510 www.aslegal.com

*Index No.* 0017          *Year 20* 08

SURROGATE'S COURT OF THE STATE OF NEW
YORK COUNTY OF NEW YORK

In the Matter of the Application of Orly Genger to Remove Dalia Genger as Trustee of The
Orly Genger 1993 Trust Established on December 13, 1993, by

ARIE GENGER

Grantor

## AFFIRMATION OF SERVICE

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
*Attorney(s) for*
*Petitioner*

1633 BROADWAY
NEW YORK, NEW YORK 10019
212-506-1700

*Pursuant to 22 NYCRR 130-1.1-a, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, (1) the contentions contained in the annexed document are not frivolous and that (2) if the annexed document is an initiating pleading, (i) the matter was not obtained through illegal conduct, or that if it was, the attorney or other persons responsible for the illegal conduct are not participating in the matter or sharing in any fee earned therefrom and that (ii) if the matter involves potential claims for personal injury or wrongful death, the matter was not obtained in violation of 22 NYCRR 1200.41-a.*

*Dated:* February 16, 2017          Signature ...........................

Print Signer's Name...............Andrew R. Kurland.......................

*Service of a copy of the within*                                          *is hereby admitted.*

*Dated:*

...........................................................
*Attorney(s) for Petitioner*

*PLEASE TAKE NOTICE*

☐ NOTICE OF ENTRY
*that the within is a (certified) true copy of a*
*entered in the office of the clerk of the within-named Court on*          *20*

☐ NOTICE OF SETTLEMENT
*that an Order of which the within is a true copy will be presented for settlement to the*
*Hon.*                              *, one of the judges of the within-named Court,*
*at*
*on*                    *20*       *, at*              *M.*

*Dated:*

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
*Attorney(s) for*

*To:*                                           1633 BROADWAY
                                               NEW YORK, NEW YORK 10019

*Attorney(s) for*

certify that the annexed
has been compared by me with the original and found to be a true and complete copy thereof.

**Attorney's Certification** ☐

say that: I am the attorney of record, or of counsel with the attorney(s) of record, for
. I have read the annexed
know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon the following.

**Attorney's Verification by Affirmation** ☐

The reason I make this affirmation instead of                is

I affirm that the foregoing statements are true under penalties of perjury.
Dated:

............................................................................................
*(Print signer's name below signature)*

STATE OF NEW YORK, COUNTY OF                        ss:
being sworn says: I am

**Individual Verification** ☐

in the action herein; I have read the annexed
know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true.
the                of

**Corporate Verification** ☐

a corporation, one of the parties to the action; I have read the annexed
know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true.
My belief, as to those matters therein not stated upon knowledge, is based upon the following:

Sworn to before me on                        , 20

............................................................................................
*(Print signer's name below signature)*

..............................................................................

STATE OF NEW YORK, COUNTY OF                        ss:
being sworn says: I am not a party to the action, am over 18 years of age and reside at
On                        , 20    , I served a true copy of the annexed
in the following manner:

**Service by Mail** ☐

by mailing the same in a sealed envelope, with postage prepaid thereon, in a post-office or official depository of the U.S. Postal Service, addressed to the address of the addressee(s) indicated below, which has been designated for service by the addressee(s) or, if no such address has been designated, is the last-known address of the addressee(s):

**Personal Service** ☐

by delivering the same personally to the persons at the address indicated below:

**Service by Facsimile** ☐

by transmitting the same to the attorney by facsimile transmission to the facsimile telephone number designated by the attorney for that purpose. In doing so, I received a signal from the equipment of the attorney served indicating that the transmission was received, and mailed a copy of same to that attorney, in a sealed envelope, with postage prepaid thereon, in a post office or official depository of the U.S. Postal Service, addressed to the address of the addressee(s) as indicated below, which has been designated for service by the addressee(s) or, if no such address has been designated, is the last-known address of the addressee(s):

**Service by Electronic Means** ☐

by transmitting the same to the attorney by electronic means upon the party's written consent. In doing so, I indicated in the subject matter heading that the matter being transmitted electronically is related to a court proceeding:

**Overnight Delivery Service** ☐

by depositing the same with an overnight delivery service in a wrapper properly addressed, the address having been designated by the addressee(s) for that purpose or, if none is designated, to the last-known address of addressee(s). Said delivery was made prior to the latest time designated by the overnight delivery service for overnight delivery. The address and delivery service are indicated below:

Sworn to before me on                        , 20

..............................................................................

............................................................................................
*(Print signer's name below signature)*

**Check Applicable Box** (left margin, rotated)

SURROGATE'S COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

In the Matter of the Application of Orly Genger to
Remove Dalia Genger as Trustee of The Orly Genger
1993 Trust Established on December 13, 1993, by

ARIE GENGER

Grantor

File No. 0017/2008

**NOTICE OF CHANGE OF
FIRM NAME**

TO:     The Clerk of Court and All Parties of Record:

PLEASE TAKE NOTICE THAT Kasowitz, Benson, Torres & Friedman LLP has

changed its name to Kasowitz Benson Torres LLP.  The firm and its lawyers' addresses, e-mail

addresses, phone numbers and fax numbers have not been affected by this change.  Please take

notice of this change and update your records accordingly.

Dated: New York, New York
       April 14, 2017

KASOWITZ BENSON TORRES LLP

_____
Michael P. Bowen
1633 Broadway
New York, NY 10019
(212) 506-1700

*Counsel for Orly Genger*

*Index No.*  0017     *Year 20*  08

## SURROGATE'S COURT OF THE STATE OF NEW YORK
## COUNTY OF NEW YORK

In the Matter of the Application of Orly Genger to Remove Dalia Genger as Trustee of The
Orly Genger 1993 Trust Established on December 13, 1993, by

ARIE GENGER

Grantor

## NOTICE OF CHANGE OF FIRM NAME

KASOWITZ BENSON TORRES LLP

*Attorney(s) for*

*Petitioner*

*Office Address & Tel. No.:*
1633 BROADWAY
NEW YORK, NY 10019
212-506-1700

*Pursuant to 22 NYCRR 130-1.1-a, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, (1) the contentions contained in the annexed document are not frivolous and that (2) if the annexed document is an initiating pleading, (i) the matter was not obtained through illegal conduct, or that if it was, the attorney or other persons responsible for the illegal conduct are not participating in the matter or sharing in any fee earned therefrom and that (ii) if the matter involves potential claims for personal injury or wrongful death, the matter was not obtained in violation of 22 NYCRR.1200.41-a.*

*Dated:* ....April 14, 2017...........          Signature ................................................................................

Print Signer's Name ............... Michael P. Bowen ..............................................

*Service of a copy of the within*                                         *is hereby admitted.*

*Dated:*

..............................................................................
*Attorney(s) for*  Petitioner

*PLEASE TAKE NOTICE*

□ NOTICE OF ENTRY
*that the within is a (certified) true copy of a*
*entered in the office of the clerk of the within-named Court on*                    *20*

□ NOTICE OF SETTLEMENT
*that an Order of which the within is a true copy will be presented for settlement to the*
*Hon.*                          *, one of the judges of the within-named Court,*
*at*
*on*                    *20*      *, at*          *M.*

*Dated:*

KASOWITZ BENSON TORRES LLP

*Attorney(s) for*

*Office Address & Tel. No.:*

*To:*

1633 BROADWAY
NEW YORK, NY 10019
212-506-1700

*Attorney(s) for*

ORIGINAL

**Check Applicable Box**

☐ Attorney's Certification

certify that the annexed
has been compared by me with the original and found to be a true and complete copy thereof.

☐ Attorney's Verification by Affirmation

say that: I am the attorney of record, or of counsel with the attorney(s) of record, for
. I have read the annexed
know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon the following.

The reason I make this affirmation instead of                                        is

I affirm that the foregoing statements are true under penalties of perjury.
Dated:

..........................................................................................
*(Print signer's name below signature)*

STATE OF NEW YORK, COUNTY OF                                        ss:
being sworn says: I am

**Check Applicable Box**

☐ Individual Verification

in the action herein; I have read the annexed
know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true.

☐ Corporate Verification

the                                        of
a corporation, one of the parties to the action; I have read the annexed
know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true.

My belief, as to those matters therein not stated upon knowledge, is based upon the following:

Sworn to before me on                                        , 20

..........................................................................................
*(Print signer's name below signature)*

..........................................................................................

STATE OF NEW YORK, COUNTY OF                                        ss:
being sworn says: I am not a party to the action, am over 18 years of
age and reside at
On                                        , 20   , I served a true copy of the annexed
in the following manner:

**Check Applicable Box**

☐ Service by Mail

by mailing the same in a sealed envelope, with postage prepaid thereon, in a post-office or official depository of the U.S. Postal Service, addressed to the address of the addressee(s) indicated below, which has been designated for service by the addressee(s) or, if no such address has been designated, is the last-known address of the addressee(s):

☐ Personal Service

by delivering the same personally to the persons at the address indicated below:

☐ Service by Facsimile

by transmitting the same to the attorney by facsimile transmission to the facsimile telephone number designated by the attorney for that purpose. In doing so, I received a signal from the equipment of the attorney served indicating that the transmission was received, and mailed a copy of same to that attorney, in a sealed envelope, with postage prepaid thereon, in a post office or official depository of the U.S. Postal Service, addressed to the address of the addressee(s) as indicated below, which has been designated for service by the addressee(s) or, if no such address has been designated, is the last-known address of the addressee(s):

☐ Service by Electronic Means

by transmitting the same to the attorney by electronic means upon the party's written consent. In doing so, I indicated in the subject matter heading that the matter being transmitted electronically is related to a court proceeding:

☐ Overnight Delivery Service

by depositing the same with an overnight delivery service in a wrapper properly addressed, the address having been designated by the addressee(s) for that purpose or, if none is designated, to the last-known address of addressee(s). Said delivery was made prior to the latest time designated by the overnight delivery service for overnight delivery. The address and delivery service are indicated below:

Sworn to before me on                                        , 20

..........................................................................................

..........................................................................................
*(Print signer's name below signature)*

SURROGATE'S COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

In the Matter of the Application of Orly Genger to
Remove Dalia Genger as Trustee of The Orly Genger
1993 Trust Established on December 13, 1993, by

       **ARIE GENGER**

           Grantor

File No. 0017/2008

**AFFIRMATION OF SERVICE**

I am an attorney admitted to practice before the Courts of the State of New York.  On

April 14, 2017, on behalf of petitioner Orly Genger, I caused to be served by U.S. First Class

Mail, postage prepaid, a true and correct copy of the (1) Notice of Change of Firm Name, dated

April 14, 2017 on the parties to this action through their counsel, as follows:

Counsel to Dalia Genger:

      Robert Meister, Esq.
      Pedowitz & Meister, LLP
      570 Lexington Ave., 18th Floor
      New York, New York  10022

          and

      Judith Bachman, Esq.
      254 S. Main Street, Suite 306
      New City, New York 10956

Counsel to Sagi Genger:

      John Dellaportas, Esq.
      Kelley, Drye & Warren, LLP
      101 Park Avenue
      New York, New York  10178

Counsel to Arie Genger:

      Lance Harris, Esq.
      Stein & Harris
      1211 Avenue of the Americas
      40th Floor
      New York, NY 10036

Dated: New York, New York
      April 14, 2017

                            _____
                              Andrew R. Kurland

ALL-STATE LEGAL®

*Index No.*    0017        *Year 20*    08

## SURROGATE'S COURT OF THE STATE OF NEW YORK COUNTY OF NEW YORK

In the Matter of the Application of Orly Genger to Remove Dalia Genger as Trustee of The Orly Genger 1993 Trust Established on December 13, 1993, by

## ARIE GENGER

Grantor

## AFFIRMATION OF SERVICE

### KASOWITZ BENSON TORRES LLP

*Attorney(s) for*

*Petitioner*

*Office Address & Tel. No.:*

1633 BROADWAY
NEW YORK, NY 10019
212-506-1700

*Pursuant to 22 NYCRR 130-1.1-a, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, (1) the contentions contained in the annexed document are not frivolous and that (2) if the annexed document is an initiating pleading, (i) the matter was not obtained through illegal conduct, or that if it was, the attorney or other persons responsible for the illegal conduct are not participating in the matter or sharing in any fee earned therefrom and that (ii) if the matter involves potential claims for personal injury or wrongful death, the matter was not obtained in violation of 22 NYCRR.1200.41-a.*

*Dated:* .....April 14, 2017.......        Signature ...................................................................................................

Print Signer's Name ...................**Andrew R. Kurland**........................................................

*Service of a copy of the within*                                                    *is hereby admitted.*

*Dated:*

*Attorney(s) for*  *Petitioner*

*PLEASE TAKE NOTICE*

☐
NOTICE OF ENTRY

*that the within is a (certified) true copy of a*
*entered in the office of the clerk of the within-named Court on*                    *20*

☐
NOTICE OF SETTLEMENT

*that an Order of which the within is a true copy will be presented for settlement to the Hon.*
*at*                          *, one of the judges of the within-named Court,*
*on*                    *20*        *, at*              *M.*

*Dated:*

### KASOWITZ BENSON TORRES LLP
*Attorney(s) for*

*Office Address & Tel. No.:*

*To:*

1633 BROADWAY
NEW YORK, NY 10019
212-506-1700

*Attorney(s) for*

I, the undersigned, am an attorney admitted to practice

**Attorney's Certification**
[ ] certify that the annexed

has been compared by me with the original and found to be a true and complete copy thereof.

**Attorney's Verification by Affirmation**
[ ] say that: I am the attorney of record, or of counsel with the attorney(s) of record, for

. I have read the annexed

know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon the following.

The reason I make this affirmation instead of                                        is

I affirm that the foregoing statements are true under penalties of perjury.
Dated:

.......................................................................................
*(Print signer's name below signature)*

---

STATE OF NEW YORK, COUNTY OF                            ss:

being sworn says: I am

**Individual Verification**
[ ] in the action herein; I have read the annexed

know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true.

the                    of

**Corporate Verification**
[ ] a corporation, one of the parties to the action; I have read the annexed

know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true.

My belief, as to those matters therein not stated upon knowledge, is based upon the following:

Sworn to before me on                        , 20

.......................................................................................
*(Print signer's name below signature)*

.......................................................................................

---

STATE OF NEW YORK, COUNTY OF                            ss:

being sworn says: I am not a party to the action, am over 18 years of age and reside at

On                            , 20    , I served a true copy of the annexed
in the following manner:

**Service by Mail**
[ ] by mailing the same in a sealed envelope, with postage prepaid thereon, in a post-office or official depository of the U.S. Postal Service, addressed to the address of the addressee(s) indicated below, which has been designated for service by the addressee(s) or, if no such address has been designated, is the last-known address of the addressee(s):

**Personal Service**
[ ] by delivering the same personally to the persons at the address indicated below:

**Service by Facsimile**
[ ] by transmitting the same to the attorney by facsimile transmission to the facsimile telephone number designated by the attorney for that purpose. In doing so, I received a signal from the equipment of the attorney served indicating that the transmission was received, and mailed a copy of same to that attorney, in a sealed envelope, with postage prepaid thereon, in a post office or official depository of the U.S. Postal Service, addressed to the address of the addressee(s) as indicated below, which has been designated for service by the addressee(s) or, if no such address has been designated, is the last-known address of the addressee(s):

**Service by Electronic Means**
[ ] by transmitting the same to the attorney by electronic means upon the party's written consent. In doing so, I indicated in the subject matter heading that the matter being transmitted electronically is related to a court proceeding:

**Overnight Delivery Service**
[ ] by depositing the same with an overnight delivery service in a wrapper properly addressed, the address having been designated by the addressee(s) for that purpose or, if none is designated, to the last-known address of addressee(s). Said delivery was made prior to the latest time designated by the overnight delivery service for overnight delivery. The address and delivery service are indicated below:

Sworn to before me on                        , 20

.......................................................................................

.......................................................................................
*(Print signer's name below signature)*

SURROGATE'S COURT : NEW YORK COUNTY
----------------------------------------X
In the Matter of the Application of
Orly Genger to Remove Dalia Genger
as Trustee of the The Orly
Genger 1993 Trust Established on
December 13, 1993, by

ARIE GENGER,

Grantor.
----------------------------------------X



New York County Surrogate's Court

Date: June 21, 2017

File No. 2008-0017

A N D E R S O N,  S .

    This is a proceeding by Orly Genger, the primary
beneficiary of an irrevocable inter vivos trust established in
1993 by her father, Arie Genger, seeking removal of her mother,
Dalia Genger, as trustee and the appointment of a successor
trustee.   Pending are two motions to dismiss Orly's third
amended petition, one by Dalia and the other by the trustee of
the contingent remainder beneficiary, a trust Arie Genger
established for the benefit of Orly's brother Sagi (the "Sagi
Trust").   For the reasons stated below, the motions are denied.

    The trust at issue (the "Orly Trust") provides for
discretionary income and principal distributions to Orly for
life, with remainder to her descendants, or, if none, to the
Sagi Trust.   The original trustees and a series of successors
served until January 2008, at which time Dalia was designated
trustee. By this time, Dalia and Arie had concluded a bitter
divorce. Orly, who believed her mother "would not protect her
interests ... because of [her] animosity towards Arie, and her
collusion with Sagi" immediately commenced a proceeding in this

court, challenging the validity of her mother's appointment. In the alternative, she sought the appointment of a "special trustee" to investigate alleged "wrongful dealings concerning the assets and income of the trust." In deference to Orly's position, Dalia refrained from acting as trustee during the pendency of the application. However, on December 31, 2008, the court held that Dalia's appointment was valid under the terms of the trust and that Orly had set forth no grounds that would warrant the appointment of a "special trustee." The application was thus denied "without prejudice to renewal if future circumstances warrant[ed] such relief" (*Matter of Genger*, NYLJ, Jan. 9, 2009, at 34, col 2 [Sur Ct, NY County 2009]). Thereafter, Dalia began acting as trustee.

Seven months later, Orly commenced the instant proceeding to remove her mother as trustee and to appoint a successor trustee. Orly also sought to restrain Dalia, during the pendency of the proceeding, from selling or otherwise encumbering the Orly Trust's 19.43% interest in Trans-Resources, Inc. ("TRI"), an allegedly valuable agricultural and industrial chemical manufacturing company founded by Arie. After a hearing, the court memorialized an agreement between the parties in an order dated July 1, 2009, which directed that Dalia give 10-days' notice of any offer to purchase the shares and of any attempt by Dalia or anyone acting on her behalf to sell or otherwise encumber those shares (the "July 1 2009

2

Order").[1]

After Orly amended the petition for a third time to allege additional conduct as a basis for removal, Dalia moved to dismiss for failure to state a claim and for failure to join a necessary party, the Sagi Trust (CPLR 3211[a][7],[10]). The court directed joinder of the Sagi Trust and held the balance of Dalia's motion in abeyance pending the completion of jurisdiction (*see Matter of Genger*, NYLJ 1202666658274 [Sur Ct, NY County 2014]). After Orly served the trustee of the Sagi Trust (the "Sagi Trustee"), he moved to dismiss for lack of personal jurisdiction (CPLR 3211[a][8]), claiming that service of process upon him by registered mail in Israel where he resides was insufficient under the Hague Convention. The court granted the motion (see *Matter of Genger,* NYLJ 1202723666996 [Sur Ct, NY County 2015).

After the trustee was served process in accordance with the Hague Convention, Dalia renewed her motion to dismiss the removal petition and the Sagi Trustee moved to dismiss as well. Both movants seek dismissal on the ground that the petition fails to state a claim (CPLR 3211[a][7]). In addition, the Sagi Trustee argues that the petition should be dismissed because

---

[1]     The July 1, 2009 Order was subsequently reaffirmed by the court on August 18, 2009 and then supplemented by a stipulation dated September 8, 2010, which provided that, in addition, Dalia would give notice of any intention to vote the Orly Trust's TRI shares for any purpose.

3

Orly purportedly 1) attempted to commit a fraud against the court by making a false statement in her petition concerning her proposed successor trustee and 2) is "exploiting" this proceeding to delay Dalia's efforts to recover on behalf of the Orly Trust funds that Orly allegedly has received on the trust's behalf in settlement of various litigations in other courts, but has kept for her personal use. Orly and the guardian ad litem for Orly's unborn issue oppose the motions.

Before turning to the merits of these motions, the court notes that Dalia did not attach to her motion papers a copy of the third amended petition. This is a technical defect which could be viewed as a basis to deny Dalia's motion (*see e.g. Alizio v Perpignano*, 225 AD2d 723 [2d Dept 1996]). This court has noted previously that "filing a motion which requires the court to search its records to obtain a pleading upon which the motion is based is not an advisable litigation practice" (*Matter of Terian*, NYLJ 1202646597731, at *3 [Sur Ct, NY County 2014], *citing Sheedy v* Pataki, 236 AD2d 92 [2d Dept 1997]; Loeb *v Tanenbaum*, 124 AD2d 941 [3d Dept 1986]). However, in this instance, the court will consider the motion, since the pleading was annexed properly to the Sagi Trustee's related motion to dismiss and is therefore easily accessible for review.

Since both movants seek dismissal pursuant to CPLR 3211(a)(7), we address first whether the allegations in the

4

amended petition state sufficient grounds for removal under

SCPA § 711.  On a motion to dismiss for failure to state a

claim, the court must "'accept the facts as alleged in the

[pleading] as true, accord [petitioner] the benefit of every

possible favorable inference, and determine only whether the

facts as alleged fit within any cognizable legal theory'"

(*Braddock v Braddock*, 60 AD3d 84, 86 [1st Dept 2009], *quoting*

*Leon v Martinez*, 84 NY2d 83, 87-88 [1994]).  Respondent on the

motion may submit affidavits, but they "will almost never

warrant dismissal under CPLR 3211 unless they 'establish

conclusively that [petitioner] has no [claim or] cause of

action'" (*Matter of Lawrence*, 11 NY3d 588, 595 [2008], *quoting*

*Rovello v Orofino Realty Co.*, 40 NY2d 633, 635-636 [1976]; *see*

*also Basis Yield Alpha Fund v Goldman Sachs Group, Inc.*, 115

AD3d 128 [1st Dept 2014]).  The issue of "[w]hether a

[petitioner] can ultimately establish [his or her] allegations

is not part of the calculus in determining a motion to dismiss"

(*EBC I, Inc. v Goldman, Sachs & Co.*, 5 NY3d 11, 19 [2005]).

Petitioner seeks removal under subsections 2, 3, 7, 8 of

SCPA § 711. SCPA § 711(2) provides that a fiduciary's letters

may be revoked,

> "[w]here by reason of his having wasted or improperly
> applied the assets of the estate, ... or otherwise
> improvidently managed or injured the property committed
> to his charge, ... or by reason of other misconduct in the
> execution of his office or dishonesty, drunkenness,
> improvidence or want of understanding, he is unfit for
> the execution of his office."

Subsections 711(3) and (7) provide a further ground for removal where a fiduciary has "wilfully refused or without good cause neglected to obey any lawful direction of the court contained in any decree or order or any provision of law relating to discharge of his duty" or "has removed property of the estate without the state without prior approval of the court." Finally, 711(8) provides for removal where a fiduciary "does not possess the qualifications required of a fiduciary by reason of substance abuse, dishonesty, improvidence, want of understanding, or ... is otherwise unfit for the execution of the office."

Here, the conduct alleged (and assumed to be true) in Orly's 31-page pleading details a course of conduct by Dalia after December 31, 2008 (the date the court determined her appointment was proper) that, if true, could be a basis for removal under the above subdivisions of SCPA § 711. Orly alleges in great detail numerous actions by Dalia that have contributed to and/or resulted in the depletion of assets of the Orly Trust or otherwise disadvantaged the Orly Trust in violation of her fiduciary duty. She offers a substantial motive for such conduct as well: a desire to punish Orly, who has maintained a relationship with her father following the divorce, and to benefit Sagi with whom Dalia maintains a close relationship.

Orly alleges that the Orly Trust and the Sagi Trust were

6

established by Arie in 1993 as an estate planning vehicle for Arie and Dalia to pass some of their substantial wealth to their children. Initially, each trust was funded with a $600,000 gift from Arie and each child's 48% interest in D & K LP ("D & K"), a family owned limited partnership which was named for "Dalia and the Kids." Dalia was general partner and owned the remaining 4% of D & K.

At about the same time that the trusts were funded, D & K purchased 240 shares (a 49% interest) in TPR Investment Associates, Inc. ("TPR"), a closely held family corporation, for $10,200,000. The shares were purchased in part with $600,000 from each trust and $50,000 from Dalia. The balance ($8,950,000) was satisfied with a recourse promissory note (the D & K Note") payable over ten years. The D & K Note was secured by a pledge of the 240 TPR shares owned by D & K. Each trust and Dalia assumed liability on the note in proportion to its/her interest in D & K. Thus, at the conclusion of the transaction, each trust had assumed liability for 48% of the D & K Note, but also through D & K obtained an indirect interest in 23.52% of TPR.  Dalia, for her part, had assumed liability for 4% of the D & K Note and obtained an indirect interest in 1.96% of TPR.

At this time, Arie owned the remaining 51% of TPR. TPR also had a majority interest in TRI. D & K initially used dividends from TRI (distributed by TPR) to pay the D & K Note.

7

However, in 1999, TRI stopped paying dividends and so D & K stopped making payments on the note. No effort was made to enforce the D & K Note, however.  According to Orly, everyone involved understood that the D & K Note and the pledge of TPR shares as security were part of an estate plan that would be defeated if the note were enforced by TPR.

In October 2004, when Arie and Dalia divorced, Dalia received as part of the divorce settlement Arie's 51% interest in TPR. In addition, the parties caused TPR's 52.85% interest in TRI to be divided among Arie (13.99%), the Orly Trust (19.43%) and the Sagi Trust (19.43%). The Orly Trust and the Sagi Trust also granted Arie an irrevocable lifetime voting proxy over their TRI shares. As a result, Arie and the trusts in combination had a controlling interest in TRI and TPR no longer had an interest in TRI.

According to Orly, as divorce loomed, Dalia as the general partner of D & K took steps to give Sagi control over the management of D & K. To that end, she and Sagi formed D & K GP LLC ("D & K GP). Dalia then exchanged her general partnership interest in D & K and $1.00 for a 99% membership interest in D & K GP. Sagi purchased a 1% interest in D & K GP for $1.00 and, pursuant to D & K's Limited Liability Agreement, Sagi obtained the power to select a manager of D & K GP, who would be responsible for managing D & K's assets.  Sagi then selected himself to manage D & K GP. Orly claims that the creation of D

8

& K GP shielded Dalia and Sagi from any personal liability stemming from their interests in D & K, including personal liability relating to the D & K Note. In addition, Dalia, as the majority shareholder of TPR, facilitated Sagi's becoming a board member of TPR (along with Dalia) and its Chief Executive Officer. Later (but prior to her becoming trustee) Dalia, in exchange for $5 million, divested herself of her interest in TPR, leaving Sagi squarely in control of TPR and its interest in the D & K Note, while at the same time controlling D & K through D & K GP.

Orly further alleges that, once in control of TPR and D & K, Sagi (with the assistance of Dalia) embarked on a scheme to benefit himself and Dalia at the expense of Arie and Orly, which involved trying to strip the Orly Trust of its indirect interest in TPR and direct interest in TRI. The scheme was first aided by Dalia's insistence as part of the divorce settlement that the original trustees of the Orly Trust and the Sagi Trust be replaced by friends or relatives of Sagi, who would act at her and Sagi's behest. Then, in 2008, one such trustee of the Orly Trust, Sagi's sister-in-law Lea Fang, resigned and appointed Dalia against the wishes of Orly. According to Orly, Dalia in her role as trustee then became an "active and willing participant in Sagi's scheme."

Among the many specific acts as trustee that Orly asserts were part of the scheme and are grounds for removal is Dalia's

9

execution of an agreement as trustee with D & K GP (by Sagi)
and TPR (by Sagi) on February 9, 2009, entitled, "Meeting of
Partners of D & K LP" (the "Agreement"). The Agreement, alleged
to have been signed by Dalia for no consideration, explicitly
"clarified" the authority of D & K GP (as per an earlier
agreement executed by Lea Fang, the prior trustee of the Orly
Trust) to encumber the Orly Trust's TRI shares for the benefit
of D & K in connection with the D & K Note. The Agreement also
provided that Sagi and Dalia would be indemnified for any claim
in connection with the Agreement. According to Orly, the
purpose of the Agreement was to give TPR, which was controlled
by Sagi, the ability to deplete the Orly Trust of its assets.

Orly also alleges that Dalia failed to stop TPR from
foreclosing on the D & K Note (which she asserts was never
intended to be enforced) and from selling at auction on
February 27, 2009, D & K's 240 shares of TPR which secured the
D & K Note. TPR then purchased the shares for $2.2 million in
what Orly alleges was a "bogus sale" because the value of TPR
shares was significantly higher. The result was that D & K's
obligation on the note was reduced far less than it should have
been while D & K's interest in TPR was in effect forfeited to
TPR. This, in turn, not only rendered the Orly Trust's interest
in D & K worthless, since D &K no longer owned TPR shares, but
also left the Orly Trust liable for its proportionate share of
the deficiency (about $4.5 million) and exposed it to the

10

possibility that TPR would seek to foreclose on the Orly
Trust's TRI shares to satisfy the D & K Note as the Agreement
would allow.

Orly alleges that, despite numerous requests for
information about Dalia's administration of the Orly Trust, she
was not informed by Dalia of the foreclosure and the sale of D
& K's TPR shares even though, by this time, there was no issue
that Dalia was acting as trustee and was aware that TPR was
enforcing the D & K Note. According to Orly, when she finally
learned of the foreclosure - after it had been concluded - she
commenced the instant proceeding to remove Dalia and obtained
the July 1 2009 Order. However, Dalia repeatedly violated the
July 1 2009 Order by executing on behalf of the Orly Trust a
series of agreements in 2011 and 2012 that negatively impacted
the trust and its interest in TRI.[2]

One such agreement was a settlement with TPR that Dalia
executed as trustee in October 2011. Pursuant to such
agreement, the Orly Trust transferred its interest in D & K to
TPR and disclaimed any interest it might have in TPR directly
or indirectly (through D & K). TPR, for its part, cancelled the
Orly Trust's share of the deficiency as guarantor of the D & K
Note (about $4.5 million) and the Orly Trust executed a

---

[2]     During the course of this proceeding, Orly, on behalf of the
Orly Trust, commenced lawsuits in New York County Supreme Court
relating to the Orly Trust's TRI shares and D & K's interest in TPR.
Orly alleges that by executing these agreements in 2011 and 2012
Dalia also violated restraints issued in those actions as well.

11

$4,000,000 promissory note in favor of TPR. In addition, TPR relinquished any claim it might have to the Orly Trust's TRI shares. Orly alleges that the settlement agreement was unfavorable for a variety of reasons, including that it unnecessarily saddled the Orly Trust with debt "that it has no hope of paying off" and improperly sought to entrench Dalia as trustee, since her removal as trustee was made an "event of default" under the note.

These allegations and others raise significant issues about whether Dalia's efforts as trustee have been calculated to benefit herself and others at the expense of the Orly Trust in violation of her fiduciary duty and whether she poses an ongoing threat to the assets of the Orly Trust. In other words, Dalia's fitness to serve within the meaning of SCPA § 711 has been squarely placed in issue in the petition. In view of the above, movants' arguments are insufficient to support dismissal for failure to state a claim.

For example, movants rely upon self-serving justifications for Dalia's conduct, when any purported explanation is irrelevant under circumstances where the allegations in the petition are assumed to be true (see *Braddock v Braddock*, 60 AD3d 84, *supra*). Movants also challenge Orly's allegations with matters outside the pleading. However, movants' submissions and arguments in this regard do not conclusively establish that Orly has no claim for removal (see *Basis Yield Alpha Fund*

12

*v Goldman Sachs Group, Inc.*, 115 AD3d 128, *supra*). Moreover, such submissions are more appropriate on a motion for summary judgment rather than on the present motions. Movants do not request that the court convert the motions into ones for summary judgment (CPLR 3211[c] and the court, on its own, declines to do so (*id.*). This proceeding, despite the time that has elapsed since its commencement, is still in its pre-discovery stage and should continue in due course as contemplated under the SCPA and CPLR.

As for the other arguments raised by the Sagi Trustee, none provides a basis for dismissal under CPLR 3211. His argument that Orly committed a "fraud on the court" for which dismissal is warranted is without merit.  There is a sharp factual dispute as to the truth or falsity of Orly's statement that the successor trustee she nominated, Joel Isaacson, "is not acquainted with any members of the Genger family." In any event, the alleged fraud on the court is not, as the trustee argues, a "central aspect of this case." Rather, it is tangential to the main issue before the court, namely Dalia's fitness to serve, and involves one statement in the petition. Under these circumstances, the case relied upon by the Sagi Trustee, *CDR Creances S.A.S. v Cohen* (23 NY3d 307, 323 [2014]), is plainly inapposite. In that case, unlike here, the court found clear and convincing evidence of "numerous instances of perjury, subornation of perjury, witness tampering and

13

falsification of documents by defendants."

Equally unavailing is the Sagi Trustee's argument that dismissal is warranted because "Orly is exploiting this proceeding to delay a determination on [Dalia's] application for the return of $32.3 million that Orly monetized and retained from claims she brought on behalf of the Orly Trust [in Supreme Court, New York County]." Again, there is a sharp factual dispute concerning the accuracy of the Sagi Trustee's allegation. Moreover, this issue bears no relationship to the issue before the court on this motion, namely whether Orly's third amended petition states a claim for Dalia's removal. Significantly, the Sagi Trustee cites no authority to support dismissal under these circumstances (even assuming arguendo they are true), and the court is aware of none.

Moreover, the Sagi Trustee's expressed concern as to delays in this proceeding is difficult to reconcile with his decision to defer a determination of the merits of this proceeding by moving to dismiss the petition based upon the waivable and ultimately curable defense of personal jurisdiction. As noted above, this tactical maneuver not only required a decision from the court, but then Orly's service of process upon the Sagi Trustee under the Hague Convention. The Sagi Trustee then appeared (as he could have done at the

14

outset) and the instant motions were filed.

Based upon the foregoing analysis, the motions to dismiss are denied. This decision constitutes the order of the court.

Dated: June 21 , 2017

_____
S U R R O G A T E

15

SURROGATE'S COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| In the Matter of the Application of Orly Genger to Remove Dalia Genger as Trustee of The Orly Genger 1993 Trust Established on December 13, 1993, by<br><br>ARIE GENGER,<br><br>Grantor. | File No. 2008-0017<br><br>Surrogate Nora S. Anderson<br><br>**<u>NOTICE OF ENTRY</u>** |

PLEASE TAKE NOTICE that attached hereto as Exhibit A is a true and correct copy of

the Order of the Surrogate's Court for the State of New York, County of New York, dated June

21, 2017, which denied the motions to dismiss of Dalia Genger and the Sagi Genger 1993 Trust.

Dated: New York, New York
       July 13, 2017

KASOWITZ BENSON TORRES LLP

By:_____
        Eric D. Herschmann
        Michael P. Bowen
        1633 Broadway
        New York, NY 10019

*Counsel for Orly Genger*

TO: (via Email and First Class Mail)

    John Dellaportas, Esq.
    Kelley Drye & Warren LLP
    101 Park Avenue
    New York, NY 10168

    *Counsel for Sagi Genger and*
    *TPR Investment Associates, Inc.*

Robert Meister, Esq.
Pedowitz & Meister LLP
570 Lexington Avenue, 18th Floor
New York, NY 10022

*Counsel for Dalia Genger*

# EXHIBIT A

SURROGATE'S COURT : NEW YORK COUNTY
----------------------------------------X
In the Matter of the Application of
Orly Genger to Remove Dalia Genger
as Trustee of the The Orly
Genger 1993 Trust Established on
December 13, 1993, by

        ARIE GENGER,

              Grantor.
----------------------------------------X

New York County Surrogate's Court
Date: June 21, 2017

File No. 2008-0017

A N D E R S O N ,   S .

    This is a proceeding by Orly Genger, the primary
beneficiary of an irrevocable inter vivos trust established in
1993 by her father, Arie Genger, seeking removal of her mother,
Dalia Genger, as trustee and the appointment of a successor
trustee.  Pending are two motions to dismiss Orly's third
amended petition, one by Dalia and the other by the trustee of
the contingent remainder beneficiary, a trust Arie Genger
established for the benefit of Orly's brother Sagi (the "Sagi
Trust").  For the reasons stated below, the motions are denied.

    The trust at issue (the "Orly Trust") provides for
discretionary income and principal distributions to Orly for
life, with remainder to her descendants, or, if none, to the
Sagi Trust.  The original trustees and a series of successors
served until January 2008, at which time Dalia was designated
trustee. By this time, Dalia and Arie had concluded a bitter
divorce. Orly, who believed her mother "would not protect her
interests ... because of [her] animosity towards Arie, and her
collusion with Sagi" immediately commenced a proceeding in this

court, challenging the validity of her mother's appointment. In the alternative, she sought the appointment of a "special trustee" to investigate alleged "wrongful dealings concerning the assets and income of the trust." In deference to Orly's position, Dalia refrained from acting as trustee during the pendency of the application. However, on December 31, 2008, the court held that Dalia's appointment was valid under the terms of the trust and that Orly had set forth no grounds that would warrant the appointment of a "special trustee." The application was thus denied "without prejudice to renewal if future circumstances warrant[ed] such relief" (*Matter of Genger*, NYLJ, Jan. 9, 2009, at 34, col 2 [Sur Ct, NY County 2009]). Thereafter, Dalia began acting as trustee.

Seven months later, Orly commenced the instant proceeding to remove her mother as trustee and to appoint a successor trustee. Orly also sought to restrain Dalia, during the pendency of the proceeding, from selling or otherwise encumbering the Orly Trust's 19.43% interest in Trans-Resources, Inc. ("TRI"), an allegedly valuable agricultural and industrial chemical manufacturing company founded by Arie. After a hearing, the court memorialized an agreement between the parties in an order dated July 1, 2009, which directed that Dalia give 10-days' notice of any offer to purchase the shares and of any attempt by Dalia or anyone acting on her behalf to sell or otherwise encumber those shares (the "July 1 2009

2

Order").[1]

After Orly amended the petition for a third time to allege additional conduct as a basis for removal, Dalia moved to dismiss for failure to state a claim and for failure to join a necessary party, the Sagi Trust (CPLR 3211[a][7],[10]). The court directed joinder of the Sagi Trust and held the balance of Dalia's motion in abeyance pending the completion of jurisdiction (*see Matter of Genger*, NYLJ 1202666658274 [Sur Ct, NY County 2014]). After Orly served the trustee of the Sagi Trust (the "Sagi Trustee"), he moved to dismiss for lack of personal jurisdiction (CPLR 3211[a][8]), claiming that service of process upon him by registered mail in Israel where he resides was insufficient under the Hague Convention. The court granted the motion (see *Matter of Genger,* NYLJ 1202723666996 [Sur Ct, NY County 2015).

After the trustee was served process in accordance with the Hague Convention, Dalia renewed her motion to dismiss the removal petition and the Sagi Trustee moved to dismiss as well. Both movants seek dismissal on the ground that the petition fails to state a claim (CPLR 3211[a][7]). In addition, the Sagi Trustee argues that the petition should be dismissed because

---

[1]     The July 1, 2009 Order was subsequently reaffirmed by the court on August 18, 2009 and then supplemented by a stipulation dated September 8, 2010, which provided that, in addition, Dalia would give notice of any intention to vote the Orly Trust's TRI shares for any purpose.

3

Orly purportedly 1) attempted to commit a fraud against the
court by making a false statement in her petition concerning
her proposed successor trustee and 2) is "exploiting" this
proceeding to delay Dalia's efforts to recover on behalf of the
Orly Trust funds that Orly allegedly has received on the
trust's behalf in settlement of various litigations in other
courts, but has kept for her personal use. Orly and the
guardian ad litem for Orly's unborn issue oppose the motions.

Before turning to the merits of these motions, the court
notes that Dalia did not attach to her motion papers a copy of
the third amended petition. This is a technical defect which
could be viewed as a basis to deny Dalia's motion (*see e.g.*
*Alizio v Perpignano*, 225 AD2d 723 [2d Dept 1996]). This court
has noted previously that "filing a motion which requires the
court to search its records to obtain a pleading upon which the
motion is based is not an advisable litigation practice"
(*Matter of Terian*, NYLJ 1202646597731, at *3 [Sur Ct, NY County
2014], *citing Sheedy v* Pataki, 236 AD2d 92 [2d Dept 1997]; Loeb
*v Tanenbaum*, 124 AD2d 941 [3d Dept 1986]). However, in this
instance, the court will consider the motion, since the
pleading was annexed properly to the Sagi Trustee's related
motion to dismiss and is therefore easily accessible for
review.

Since both movants seek dismissal pursuant to CPLR
3211(a)(7), we address first whether the allegations in the

4

amended petition state sufficient grounds for removal under
SCPA § 711.  On a motion to dismiss for failure to state a
claim, the court must "'accept the facts as alleged in the
[pleading] as true, accord [petitioner] the benefit of every
possible favorable inference, and determine only whether the
facts as alleged fit within any cognizable legal theory'"
(*Braddock v Braddock*, 60 AD3d 84, 86 [1ˢᵗ Dept 2009], *quoting
Leon v Martinez*, 84 NY2d 83, 87-88 [1994]).  Respondent on the
motion may submit affidavits, but they "will almost never
warrant dismissal under CPLR 3211 unless they 'establish
conclusively that [petitioner] has no [claim or] cause of
action'" (*Matter of Lawrence*, 11 NY3d 588, 595 [2008], *quoting
Rovello v Orofino Realty Co.*, 40 NY2d 633, 635-636 [1976]; *see
also Basis Yield Alpha Fund v Goldman Sachs Group, Inc.*, 115
AD3d 128 [1ˢᵗ Dept 2014]).  The issue of "[w]hether a
[petitioner] can ultimately establish [his or her] allegations
is not part of the calculus in determining a motion to dismiss"
(*EBC I, Inc. v Goldman, Sachs & Co.*, 5 NY3d 11, 19 [2005]).

Petitioner seeks removal under subsections 2, 3, 7, 8 of
SCPA § 711. SCPA § 711(2) provides that a fiduciary's letters
may be revoked,

> "[w]here by reason of his having wasted or improperly
> applied the assets of the estate, ... or otherwise
> improvidently managed or injured the property committed
> to his charge, ... or by reason of other misconduct in the
> execution of his office or dishonesty, drunkenness,
> improvidence or want of understanding, he is unfit for
> the execution of his office."

Subsections 711(3) and (7) provide a further ground for removal where a fiduciary has "wilfully refused or without good cause neglected to obey any lawful direction of the court contained in any decree or order or any provision of law relating to discharge of his duty" or "has removed property of the estate without the state without prior approval of the court." Finally, 711(8) provides for removal where a fiduciary "does not possess the qualifications required of a fiduciary by reason of substance abuse, dishonesty, improvidence, want of understanding, or ... is otherwise unfit for the execution of the office."

Here, the conduct alleged (and assumed to be true) in Orly's 31-page pleading details a course of conduct by Dalia after December 31, 2008 (the date the court determined her appointment was proper) that, if true, could be a basis for removal under the above subdivisions of SCPA § 711. Orly alleges in great detail numerous actions by Dalia that have contributed to and/or resulted in the depletion of assets of the Orly Trust or otherwise disadvantaged the Orly Trust in violation of her fiduciary duty. She offers a substantial motive for such conduct as well: a desire to punish Orly, who has maintained a relationship with her father following the divorce, and to benefit Sagi with whom Dalia maintains a close relationship.

Orly alleges that the Orly Trust and the Sagi Trust were

6

established by Arie in 1993 as an estate planning vehicle for
Arie and Dalia to pass some of their substantial wealth to
their children. Initially, each trust was funded with a
$600,000 gift from Arie and each child's 48% interest in D & K
LP ("D & K"), a family owned limited partnership which was
named for "Dalia and the Kids." Dalia was general partner and
owned the remaining 4% of D & K.

At about the same time that the trusts were funded, D & K
purchased 240 shares (a 49% interest) in TPR Investment
Associates, Inc. ("TPR"), a closely held family corporation,
for $10,200,000. The shares were purchased in part with
$600,000 from each trust and $50,000 from Dalia. The balance
($8,950,000) was satisfied with a recourse promissory note (the
D & K Note") payable over ten years. The D & K Note was secured
by a pledge of the 240 TPR shares owned by D & K. Each trust
and Dalia assumed liability on the note in proportion to
its/her interest in D & K. Thus, at the conclusion of the
transaction, each trust had assumed liability for 48% of the D
& K Note, but also through D & K obtained an indirect interest
in 23.52% of TPR.  Dalia, for her part, had assumed liability
for 4% of the D & K Note and obtained an indirect interest in
1.96% of TPR.

At this time, Arie owned the remaining 51% of TPR. TPR
also had a majority interest in TRI. D & K initially used
dividends from TRI (distributed by TPR) to pay the D & K Note.

7

However, in 1999, TRI stopped paying dividends and so D & K stopped making payments on the note. No effort was made to enforce the D & K Note, however. According to Orly, everyone involved understood that the D & K Note and the pledge of TPR shares as security were part of an estate plan that would be defeated if the note were enforced by TPR.

In October 2004, when Arie and Dalia divorced, Dalia received as part of the divorce settlement Arie's 51% interest in TPR. In addition, the parties caused TPR's 52.85% interest in TRI to be divided among Arie (13.99%), the Orly Trust (19.43%) and the Sagi Trust (19.43%). The Orly Trust and the Sagi Trust also granted Arie an irrevocable lifetime voting proxy over their TRI shares. As a result, Arie and the trusts in combination had a controlling interest in TRI and TPR no longer had an interest in TRI.

According to Orly, as divorce loomed, Dalia as the general partner of D & K took steps to give Sagi control over the management of D & K. To that end, she and Sagi formed D & K GP LLC ("D & K GP). Dalia then exchanged her general partnership interest in D & K and $1.00 for a 99% membership interest in D & K GP. Sagi purchased a 1% interest in D & K GP for $1.00 and, pursuant to D & K's Limited Liability Agreement, Sagi obtained the power to select a manager of D & K GP, who would be responsible for managing D & K's assets. Sagi then selected himself to manage D & K GP. Orly claims that the creation of D

8

& K GP shielded Dalia and Sagi from any personal liability
stemming from their interests in D & K, including personal
liability relating to the D & K Note. In addition, Dalia, as
the majority shareholder of TPR, facilitated Sagi's becoming a
board member of TPR (along with Dalia) and its Chief Executive
Officer. Later (but prior to her becoming trustee) Dalia, in
exchange for $5 million, divested herself of her interest in
TPR, leaving Sagi squarely in control of TPR and its interest
in the D & K Note, while at the same time controlling D & K
through D & K GP.

Orly further alleges that, once in control of TPR and D &
K, Sagi (with the assistance of Dalia) embarked on a scheme to
benefit himself and Dalia at the expense of Arie and Orly,
which involved trying to strip the Orly Trust of its indirect
interest in TPR and direct interest in TRI. The scheme was
first aided by Dalia's insistence as part of the divorce
settlement that the original trustees of the Orly Trust and the
Sagi Trust be replaced by friends or relatives of Sagi, who
would act at her and Sagi's behest. Then, in 2008, one such
trustee of the Orly Trust, Sagi's sister-in-law Lea Fang,
resigned and appointed Dalia against the wishes of Orly.
According to Orly, Dalia in her role as trustee then became an
"active and willing participant in Sagi's scheme."

Among the many specific acts as trustee that Orly asserts
were part of the scheme and are grounds for removal is Dalia's

9

execution of an agreement as trustee with D & K GP (by Sagi) and TPR (by Sagi) on February 9, 2009, entitled, "Meeting of Partners of D & K LP" (the "Agreement"). The Agreement, alleged to have been signed by Dalia for no consideration, explicitly "clarified" the authority of D & K GP (as per an earlier agreement executed by Lea Fang, the prior trustee of the Orly Trust) to encumber the Orly Trust's TRI shares for the benefit of D & K in connection with the D & K Note. The Agreement also provided that Sagi and Dalia would be indemnified for any claim in connection with the Agreement. According to Orly, the purpose of the Agreement was to give TPR, which was controlled by Sagi, the ability to deplete the Orly Trust of its assets.

Orly also alleges that Dalia failed to stop TPR from foreclosing on the D & K Note (which she asserts was never intended to be enforced) and from selling at auction on February 27, 2009, D & K's 240 shares of TPR which secured the D & K Note. TPR then purchased the shares for $2.2 million in what Orly alleges was a "bogus sale" because the value of TPR shares was significantly higher. The result was that D & K's obligation on the note was reduced far less than it should have been while D & K's interest in TPR was in effect forfeited to TPR. This, in turn, not only rendered the Orly Trust's interest in D & K worthless, since D &K no longer owned TPR shares, but also left the Orly Trust liable for its proportionate share of the deficiency (about $4.5 million) and exposed it to the

10

possibility that TPR would seek to foreclose on the Orly Trust's TRI shares to satisfy the D & K Note as the Agreement would allow.

Orly alleges that, despite numerous requests for information about Dalia's administration of the Orly Trust, she was not informed by Dalia of the foreclosure and the sale of D & K's TPR shares even though, by this time, there was no issue that Dalia was acting as trustee and was aware that TPR was enforcing the D & K Note. According to Orly, when she finally learned of the foreclosure - after it had been concluded - she commenced the instant proceeding to remove Dalia and obtained the July 1 2009 Order. However, Dalia repeatedly violated the July 1 2009 Order by executing on behalf of the Orly Trust a series of agreements in 2011 and 2012 that negatively impacted the trust and its interest in TRI.[2]

One such agreement was a settlement with TPR that Dalia executed as trustee in October 2011. Pursuant to such agreement, the Orly Trust transferred its interest in D & K to TPR and disclaimed any interest it might have in TPR directly or indirectly (through D & K). TPR, for its part, cancelled the Orly Trust's share of the deficiency as guarantor of the D & K Note (about $4.5 million) and the Orly Trust executed a

---

[2]    During the course of this proceeding, Orly, on behalf of the Orly Trust, commenced lawsuits in New York County Supreme Court relating to the Orly Trust's TRI shares and D & K's interest in TPR. Orly alleges that by executing these agreements in 2011 and 2012 Dalia also violated restraints issued in those actions as well.

11

$4,000,000 promissory note in favor of TPR. In addition, TPR relinquished any claim it might have to the Orly Trust's TRI shares. Orly alleges that the settlement agreement was unfavorable for a variety of reasons, including that it unnecessarily saddled the Orly Trust with debt "that it has no hope of paying off" and improperly sought to entrench Dalia as trustee, since her removal as trustee was made an "event of default" under the note.

These allegations and others raise significant issues about whether Dalia's efforts as trustee have been calculated to benefit herself and others at the expense of the Orly Trust in violation of her fiduciary duty and whether she poses an ongoing threat to the assets of the Orly Trust. In other words, Dalia's fitness to serve within the meaning of SCPA § 711 has been squarely placed in issue in the petition. In view of the above, movants' arguments are insufficient to support dismissal for failure to state a claim.

For example, movants rely upon self-serving justifications for Dalia's conduct, when any purported explanation is irrelevant under circumstances where the allegations in the petition are assumed to be true (see *Braddock v Braddock*, 60 AD3d 84, *supra*). Movants also challenge Orly's allegations with matters outside the pleading. However, movants' submissions and arguments in this regard do not conclusively establish that Orly has no claim for removal (see *Basis Yield Alpha Fund*

12

*v Goldman Sachs Group, Inc.*, 115 AD3d 128, *supra*). Moreover, such submissions are more appropriate on a motion for summary judgment rather than on the present motions. Movants do not request that the court convert the motions into ones for summary judgment (CPLR 3211[c] and the court, on its own, declines to do so (*id.*). This proceeding, despite the time that has elapsed since its commencement, is still in its pre-discovery stage and should continue in due course as contemplated under the SCPA and CPLR.

As for the other arguments raised by the Sagi Trustee, none provides a basis for dismissal under CPLR 3211. His argument that Orly committed a "fraud on the court" for which dismissal is warranted is without merit. There is a sharp factual dispute as to the truth or falsity of Orly's statement that the successor trustee she nominated, Joel Isaacson, "is not acquainted with any members of the Genger family." In any event, the alleged fraud on the court is not, as the trustee argues, a "central aspect of this case." Rather, it is tangential to the main issue before the court, namely Dalia's fitness to serve, and involves one statement in the petition. Under these circumstances, the case relied upon by the Sagi Trustee, *CDR Creances S.A.S. v Cohen* (23 NY3d 307, 323 [2014]), is plainly inapposite. In that case, unlike here, the court found clear and convincing evidence of "numerous instances of perjury, subornation of perjury, witness tampering and

13

falsification of documents by defendants."

Equally unavailing is the Sagi Trustee's argument that dismissal is warranted because "Orly is exploiting this proceeding to delay a determination on [Dalia's] application for the return of $32.3 million that Orly monetized and retained from claims she brought on behalf of the Orly Trust [in Supreme Court, New York County]." Again, there is a sharp factual dispute concerning the accuracy of the Sagi Trustee's allegation. Moreover, this issue bears no relationship to the issue before the court on this motion, namely whether Orly's third amended petition states a claim for Dalia's removal. Significantly, the Sagi Trustee cites no authority to support dismissal under these circumstances (even assuming arguendo they are true), and the court is aware of none.

Moreover, the Sagi Trustee's expressed concern as to delays in this proceeding is difficult to reconcile with his decision to defer a determination of the merits of this proceeding by moving to dismiss the petition based upon the waivable and ultimately curable defense of personal jurisdiction. As noted above, this tactical maneuver not only required a decision from the court, but then Orly's service of process upon the Sagi Trustee under the Hague Convention. The Sagi Trustee then appeared (as he could have done at the

14

outset) and the instant motions were filed.

Based upon the foregoing analysis, the motions to dismiss are denied. This decision constitutes the order of the court.

Dated: June 21 , 2017

_____

SURROGATE

SURROGATE'S COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

In the Matter of the Application of Orly Genger to
Remove Dalia Genger as Trustee of The Orly Genger
1993 Trust Established on December 13, 1993, by

ARIE GENGER

Grantor

File No. 0017/2008

**AFFIRMATION OF SERVICE**

I, Andrew R. Kurland, am an attorney admitted to practice before the Courts of the State

of New York, am not a party to this action.  I hereby affirm the following under penalty of

perjury:

On July 13, 2017, on behalf of petitioner Orly Genger, I caused to be served by U.S. First

Class Mail, postage prepaid, a true and correct copy of the (1) Notice of Entry and (2) the Order

of the Surrogates Court for the State of New York, County of New York, dated June 21, 2017

("Exhibit A"), on the parties to this action through their counsel, as follows:

Counsel to Dalia Genger:

      Robert Meister, Esq.
      Pedowitz & Meister, LLP
      570 Lexington Ave., 18th Floor
      New York, New York  10022

Counsel to Sagi Genger:

      John Dellaportas, Esq.
      Kelley, Drye & Warren, LLP
      101 Park Avenue
      New York, New York 10178

Dated: New York, New York
      July 17, 2017

                                                  Andrew R. Kurland

ALL-STATE LEGAL®

*Index No.*   0017                              *Year 20*   08

SURROGATE'S COURT OF THE STATE OF NEW
YORK COUNTY OF NEW YORK

---

In the Matter of the Application of Orly Genger to Remove Dalia Genger as Trustee of The
Orly Genger 1993 Trust Established on December 13, 1993, by

ARIE GENGER

Grantor

---

**NOTICE OF ENTRY
AFFIRMATION OF SERVICE**

---

*Attorney(s) for*

*Petitioner*

*Office Address & Tel. No.:*

---

*Pursuant to 22 NYCRR 130-1.1-a, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, (1) the contentions contained in the annexed document are not frivolous and that (2) if the annexed document is an initiating pleading, (i) the matter was not obtained through illegal conduct, or that if it was, the attorney or other persons responsible for the illegal conduct are not participating in the matter or sharing in any fee earned therefrom and that (ii) if the matter involves potential claims for personal injury or wrongful death, the matter was not obtained in violation of 22 NYCRR.1200.41-a.*

*Dated:* ...July 13, 2017..............        Signature ...............................................................................
                                                              Michael P. Bowen
                                               Print Signer's Name ....................................................................

---

*Service of a copy of the within*                                                    *is hereby admitted.*

*Dated:*

                                      *Attorney(s) for*   *Petitioner*

---

*PLEASE TAKE NOTICE*

☐   *that the within is a (certified) true copy of a*
NOTICE OF   *entered in the office of the clerk of the within-named Court on*        *20*
ENTRY

☐   *that an Order of which the within is a true copy will be presented for settlement to the*
   *Hon.*                  *, one of the judges of the within-named Court,*
NOTICE OF   *at*
SETTLEMENT   *on*          *20*     *, at*        *M.*

*Dated:*

                                      *Attorney(s) for*

                                                          *Office Address & Tel. No.:*

*To:*

*Attorney(s) for*

**Check Applicable Box**

☐ **Attorney's Certification**

certify that the annexed
has been compared by me with the original and found to be a true and complete copy thereof.

say that: I am the attorney of record, or of counsel with the attorney(s) of record, for
. I have read the annexed

☐ **Attorney's Verification by Affirmation**

know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon the following.

The reason I make this affirmation instead of                                   is

I affirm that the foregoing statements are true under penalties of perjury.
Dated:

......................................................................................
*(Print signer's name below signature)*

STATE OF NEW YORK, COUNTY OF                                   ss:
being sworn says: I am

**Check Applicable Box**

☐ **Individual Verification**

in the action herein; I have read the annexed
know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true.

☐ **Corporate Verification**

the                                   of
a corporation, one of the parties to the action; I have read the annexed
know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true.

My belief, as to those matters therein not stated upon knowledge, is based upon the following:

Sworn to before me on                                   , 20

......................................................................................
*(Print signer's name below signature)*

..................................................................................

STATE OF NEW YORK, COUNTY OF                                   ss:
being sworn says: I am not a party to the action, am over 18 years of age and reside at

On                                   , 20    , I served a true copy of the annexed
in the following manner:

**Check Applicable Box**

☐ **Service by Mail**

by mailing the same in a sealed envelope, with postage prepaid thereon, in a post-office or official depository of the U.S. Postal Service, addressed to the address of the addressee(s) indicated below, which has been designated for service by the addressee(s) or, if no such address has been designated, is the last-known address of the addressee(s):

☐ **Personal Service**

by delivering the same personally to the persons at the address indicated below:

☐ **Service by Facsimile**

by transmitting the same to the attorney by facsimile transmission to the facsimile telephone number designated by the attorney for that purpose. In doing so, I received a signal from the equipment of the attorney served indicating that the transmission was received, and mailed a copy of same to that attorney, in a sealed envelope, with postage prepaid thereon, in a post office or official depository of the U.S. Postal Service, addressed to the address of the addressee(s) as indicated below, which has been designated for service by the addressee(s) or, if no such address has been designated, is the last-known address of the addressee(s):

☐ **Service by Electronic Means**

by transmitting the same to the attorney by electronic means upon the party's written consent. In doing so, I indicated in the subject matter heading that the matter being transmitted electronically is related to a court proceeding:

☐ **Overnight Delivery Service**

by depositing the same with an overnight delivery service in a wrapper properly addressed, the address having been designated by the addressee(s) for that purpose or, if none is designated, to the last-known address of addressee(s). Said delivery was made prior to the latest time designated by the overnight delivery service for overnight delivery. The address and delivery service are indicated below:

Sworn to before me on                                   , 20

..................................................................................

......................................................................................
*(Print signer's name below signature)*

STATE OF NEW YORK
SURROGATE'S COURT:  COUNTY OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - x

In the Matter of the Application of
ORLY GENGER, as a person interested, for the
removal of DALIA GENGER as Trustee of the
Orly Genger 1993 Trust pursuant to SCPA §711(11)

- - - - - - - - - - - - - - - - - - - - - - - x

ANSWER OF ~~DALIA~~ GENGER
TO THIRD AMENDED PETITION

File No. 0017/~~2009~~
2008

## ANSWER

Respondent Dalia Genger, by her attorneys, answers the Third Amended Petition (the "Petition") as follows:

1.    Denies.

2.    Admits, except deny knowledge or information as to specific date of appointment.

3.    Refers to the Orly Trust Agreement for the true and correct contents thereof, and otherwise denies the first sentence.  Admit the second and third sentences.

4.    Paragraph 4 states a legal request to which no response is warranted.

5.    Admits that Dalia is Petitioner's mother and the sole Trustee of the Orly Trust, and denies the remaining allegations.

6.    Denies.

7.    Denies.

8.    Denies.

9.    Denies.

10.    Denies.

11.    Denies.

12.    Denies.

13.    Denies.

14.     Admits the first two sentences.  Denies knowledge or information as to the third sentence.

15.     Denies the first four sentences.  Denies knowledge or information as to the fifth sentence.

16.     Admits.

17.     Denies.  Avers that Petitioner has previously admitted that "the Note was always intended to be repaid by the family."

18.     Refers to the referenced Note and Pledge Agreement for the true and correct contents thereof, and otherwise denies the allegations.

19.     Denies knowledge or information.

20.     Admits the first sentence.  Denies the second sentence.

21.     Admits the first sentence.  Denies knowledge or information as to the second sentence.

22.     Refers to the referenced Settlement Agreement for the true and correct contents thereof, and otherwise denies the allegations.

23.     Admits the first four sentences.  Avers that the last sentence states a legal conclusion to which no response is warranted.  Refers to the referenced Agreement, and otherwise denies the allegations.

24.     Refers to the referenced Shareholders Agreement for the true and correct contents thereof, and otherwise denies the allegations.

25.     Denies.

26.     Denies.

27.     Refers to the referenced Resolution for the true and correct contents thereof, and otherwise denies the allegations.

28.     Denies.

29.     Refers to the referenced Memorandum for the true and correct contents thereof, and otherwise denies the allegations.

30.     Refers to the referenced Memorandum for the true and correct contents thereof, and otherwise denies the allegations.

31.     Refers to the referenced Arbitration transcript for the true and correct contents thereof, and otherwise denies the allegations.

32.     Refers to the referenced Arbitration transcript for the true and correct contents thereof, and otherwise denies the allegations.

33.     Refers to the referenced Memorandum for the true and correct contents thereof, and otherwise denies the allegations.

34.     Refers to the referenced Arbitration Award for the true and correct contents thereof, and otherwise denies the allegations.

35.     Denies.

36.     Refers to the referenced Agreement for the true and correct contents thereof, and otherwise denies the allegations.

37.     Refers to the referenced Agreement for the true and correct contents thereof, and otherwise denies the allegations.

38.     Denies.

39.     Denies knowledge or information as to the first sentence.  Denies the remaining allegations.

40.   Denies.

41.   Refers to the referenced Application for the true and correct contents thereof, and otherwise denies the allegations.

42.   Refers to the referenced Court decision for the true and correct contents thereof, and otherwise denies the allegations.

43.   Denies.

44.   Denies.

45.   Denies.

46.   Refers to the referenced Letter for the true and correct contents thereof, and otherwise denies the allegations.

47.   Denies.

48.   Refers to the referenced Agreement for the true and correct contents thereof, and otherwise denies the allegations.

49.   Refers to the referenced Agreement for the true and correct contents thereof, and otherwise denies the allegations.

50.   Denies.

51.   Admits the first sentence.  Denies knowledge or information as to the remaining allegations.

52.   Refers to the referenced Letter for the true and correct contents thereof, and otherwise denies the allegations.

53.   Denies.

54.   Refers to the Court records for the true and correct contents thereof, and otherwise denies the allegations.

55.     Refers to the referenced Court decision for the true and correct contents thereof, and otherwise denies the allegations.

56.     Refers to the referenced Demand for the true and correct contents thereof, and otherwise denies the allegations.

57.     Refers to the referenced Letter for the true and correct contents thereof, and otherwise denies the allegations.

58.     Denies, and refers to Justice Feinman's decision construing the Arbitration Award.

59.     Denies.

60.     Denies.

61.     Denies.

62.     Denies.

63.     Denies.

64.     Denies.

65.     Denies.

66.     Refers to the referenced Complaint for the true and correct contents thereof, and otherwise denies the allegations.

67.     Refers to the referenced Petition for the true and correct contents thereof, and otherwise denies the allegations.

68.     Refers to the referenced Court order for the true and correct contents thereof, and otherwise denies the allegations.

69.     Refers to the referenced Court transcript for the true and correct contents thereof, and otherwise denies the allegations.

70.    Refers to the referenced Court order for the true and correct contents thereof, and otherwise denies the allegations.

71.    Refers to the referenced Petition for the true and correct contents thereof, and otherwise denies the allegations.

72.    Refers to the referenced Court order for the true and correct contents thereof, and otherwise denies the allegations.

73.    Refers to the referenced Court order for the true and correct contents thereof, and otherwise denies the allegations.

74.    Denies.

75.    Denies.

76.    Denies.

77.    Denies.

78.    Denies.

79.    Refers to the referenced Promissory Note for the true and correct contents thereof, and otherwise denies the allegations.

80.    Denies.

81.    Refers to the referenced Promissory Note for the true and correct contents thereof, and otherwise denies the allegations.

82.    Refers to the referenced Promissory Note for the true and correct contents thereof, and otherwise denies the allegations.

83.    Refers to the referenced Forbearance Agreement for the true and correct contents thereof, and otherwise denies the allegations.

84.    Denies.

-6-

85.    Admits that the parties endeavored to settle the referenced New York TPR Action, and otherwise denies the allegations.

86.    Denies.

87.    Refers to the referenced Settlement Agreement for the true and correct contents thereof, and otherwise denies the allegations.

88.    Refers to the referenced Settlement Agreement for the true and correct contents thereof, and otherwise denies the allegations.

89.    Refers to the referenced Settlement Agreement for the true and correct contents thereof, and otherwise denies the allegations.

90.    Denies.

91.    Denies.

92.    Denies.

93.    Denies.

94.    Denies.

95.    Denies.

96.    Denies that Mr. Isaacson is not acquainted with any members of the Genger family, and denied knowledge or information as the balance of the allegations.

## AFFIRMATIVE DEFENSES

1.    The claims are barred by Petitioner's unclean hands and culpable conduct.

2.    The claims are time-barred.

3.    The claims are barred by findings made by other courts, and by the doctrines of

*res judicata*, collateral estoppel, and judicial estoppel.

4.    The claims are barred by illegality and public policy.

5.    The claims are barred by the statute of frauds and parol evidence rule.

Dated: New City, New York
July 28, 2018

LAW OFFICES OF
JUDITH LISA BACHMAN, ESQ.

By: _____
        Judith Lisa Bachman, Esq.
254 S. Main Street
Suite 406
New City, New York 10017
(845) 639-3210
*Counsel to Respondent Dalia Genger*

## VERIFICATION

STATE OF NEW YORK      )
                       ss.:
COUNTY OF ROCKLAND  )

Pursuant to CPLR 3020(d)(3) and SCPA § 303, JUDITH L. BACHMAN, being duly

sworn, deposes and says:

1. I am counsel to Respondent Dalia Genger in this matter.

2. This verification is made by me and not by Respondent Dalia Genger because such

   Respondent is located outside the County where my office is located.

3. I have read this Answer of Dalia Genegr to Third Amended Petition and, upon

   information and belief, believe the contents thereof to be true.

_____
JUDITH L. BACHMAN

Sworn to before me this
__ day of July, 2017

_____
Notary Public

YANIRIS CASTILLO
NOTARY PUBLIC-STATE OF NEW YORK
No. 01CA6248212
Qualified in Rockland County
My Commission Expires 09-19-2019

STATE OF NEW YORK
SURROGATE'S COURT:  COUNTY OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - x
In the Matter of the Application of                          AFFIRMATION OF
ORLY GENGER, as a person interested, for the                 SERVICE
removal of DALIA GENGER as Trustee of the
Orly Genger 1993 Trust pursuant to SCPA §711(11)             File No. 0017/2009
- - - - - - - - - - - - - - - - - - - - - - - - x

     JOHN DELLAPORTAS, an attorney and counselor at law admitted to practice in the Courts of the State of New York, hereby affirms the following statements to be true under the penalties of perjury pursuant to CPLR 2106.  I am over the eighteen years old and not a party to this action.  On July 28, 2017, I caused to be served a copy of the attached Answer of Respondent Dalia Genger upon the following counsel of Petitioner Orly Genger:

     Andrew R. Kurland
     Kasowitz Benson Torres LLP
     1633 Broadway
     New York, New York 10019

by placing the documents in a sealed envelope with postage thereon fully pre-paid and then depositing the envelope in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York.

                                          _____
                                            JOHN DELLAPORTAS

STATE OF NEW YORK
SURROGATE'S COURT: COUNTY OF NEW YORK
File No.: 0017/2009

In the Matter of the Application of
ORLY GENGER, as a person interested, for the
removal of DALIA GENGER as Trustee of the
Orly Genger 1993 Trust pursuant to SCPA §711(11)

ANSWER OF SAGI TRUST TO THIRD
AMENDED PETITION

KELLEY DRYE & WARREN LLP
101 PARK AVENUE
NEW YORK, NEW YORK 10178

(212) 808-7800

4850-8707-8988v.1

STATE OF NEW YORK
SURROGATE'S COURT: COUNTY OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - x

In the Matter of the Application of                  ANSWER OF SAGI TRUST
ORLY GENGER, as a person interested, for the          TO THIRD AMENDED PETITION
removal of DALIA GENGER as Trustee of the
Orly Genger 1993 Trust pursuant to SCPA §711(11)      File No. 0017/2009

- - - - - - - - - - - - - - - - - - - - - - - - - x

## ANSWER

Respondent Sagi Genger 1993 Trust (the "Sagi Trust"), by its attorneys, answers the

Third Amended Petition (the "Petition") as follows:

1.      Denies.

2.      Admits, except deny knowledge or information as to specific date of appointment.

3.      Refers to the Orly Trust Agreement for the true and correct contents thereof, and

otherwise denies the first sentence.  Admit the second and third sentences.

4.      Paragraph 4 states a legal request to which no response is warranted.

5.      Admits that Dalia is Petitioner's mother and the sole Trustee of the Orly Trust,

and denies the remaining allegations.

6.      Denies.

7.      Denies.

8.      Denies.

9.      Denies.

10.     Denies.

11.     Denies.

12.     Denies.

13.     Denies.

14.    Admits the first two sentences.  Denies knowledge or information as to the third sentence.

15.    Denies the first four sentences.  Denies knowledge or information as to the fifth sentence.

16.    Admits.

17.    Denies.  Avers that Petitioner has previously admitted that "the Note was always intended to be repaid by the family."

18.    Refers to the referenced Note and Pledge Agreement for the true and correct contents thereof, and otherwise denies the allegations.

19.    Denies knowledge or information.

20.    Admits the first sentence.  Denies the second sentence.

21.    Admits the first sentence.  Denies knowledge or information as to the second sentence.

22.    Refers to the referenced Settlement Agreement for the true and correct contents thereof, and otherwise denies the allegations.

23.    Admits the first four sentences.  Avers that the last sentence states a legal conclusion to which no response is warranted.  Refers to the referenced Agreement, and otherwise denies the allegations.

24.    Refers to the referenced Shareholders Agreement for the true and correct contents thereof, and otherwise denies the allegations.

25.    Denies.

26.    Denies.

27.   Refers to the referenced Resolution for the true and correct contents thereof, and otherwise denies the allegations.

28.   Denies.

29.   Refers to the referenced Memorandum for the true and correct contents thereof, and otherwise denies the allegations.

30.   Refers to the referenced Memorandum for the true and correct contents thereof, and otherwise denies the allegations.

31.   Refers to the referenced Arbitration transcript for the true and correct contents thereof, and otherwise denies the allegations.

32.   Refers to the referenced Arbitration transcript for the true and correct contents thereof, and otherwise denies the allegations.

33.   Refers to the referenced Memorandum for the true and correct contents thereof, and otherwise denies the allegations.

34.   Refers to the referenced Arbitration Award for the true and correct contents thereof, and otherwise denies the allegations.

35.   Denies.

36.   Refers to the referenced Agreement for the true and correct contents thereof, and otherwise denies the allegations.

37.   Refers to the referenced Agreement for the true and correct contents thereof, and otherwise denies the allegations.

38.   Denies.

39.   Denies knowledge or information as to the first sentence.  Denies the remaining allegations.

40.     Denies.

41.     Refers to the referenced Application for the true and correct contents thereof, and otherwise denies the allegations.

42.     Refers to the referenced Court decision for the true and correct contents thereof, and otherwise denies the allegations.

43.     Denies.

44.     Denies.

45.     Denies.

46.     Refers to the referenced Letter for the true and correct contents thereof, and otherwise denies the allegations.

47.     Denies.

48.     Refers to the referenced Agreement for the true and correct contents thereof, and otherwise denies the allegations.

49.     Refers to the referenced Agreement for the true and correct contents thereof, and otherwise denies the allegations.

50.     Denies.

51.     Admits the first sentence.  Denies knowledge or information as to the remaining allegations.

52.     Refers to the referenced Letter for the true and correct contents thereof, and otherwise denies the allegations.

53.     Denies.

54.     Refers to the Court records for the true and correct contents thereof, and otherwise denies the allegations.

55.    Refers to the referenced Court decision for the true and correct contents thereof, and otherwise denies the allegations.

56.    Refers to the referenced Demand for the true and correct contents thereof, and otherwise denies the allegations.

57.    Refers to the referenced Letter for the true and correct contents thereof, and otherwise denies the allegations.

58.    Denies, and refers to Justice Feinman's decision construing the Arbitration Award.

59.    Denies.

60.    Denies.

61.    Denies.

62.    Denies.

63.    Denies.

64.    Denies.

65.    Denies.

66.    Refers to the referenced Complaint for the true and correct contents thereof, and otherwise denies the allegations.

67.    Refers to the referenced Petition for the true and correct contents thereof, and otherwise denies the allegations.

68.    Refers to the referenced Court order for the true and correct contents thereof, and otherwise denies the allegations.

69.    Refers to the referenced Court transcript for the true and correct contents thereof, and otherwise denies the allegations.

70.    Refers to the referenced Court order for the true and correct contents thereof, and otherwise denies the allegations.

71.    Refers to the referenced Petition for the true and correct contents thereof, and otherwise denies the allegations.

72.    Refers to the referenced Court order for the true and correct contents thereof, and otherwise denies the allegations.

73.    Refers to the referenced Court order for the true and correct contents thereof, and otherwise denies the allegations.

74.    Denies.

75.    Denies.

76.    Denies.

77.    Denies.

78.    Denies.

79.    Refers to the referenced Promissory Note for the true and correct contents thereof, and otherwise denies the allegations.

80.    Denies.

81.    Refers to the referenced Promissory Note for the true and correct contents thereof, and otherwise denies the allegations.

82.    Refers to the referenced Promissory Note for the true and correct contents thereof, and otherwise denies the allegations.

83.    Refers to the referenced Forbearance Agreement for the true and correct contents thereof, and otherwise denies the allegations.

84.    Denies.

85.    Admits that the parties endeavored to settle the referenced New York TPR Action, and otherwise denies the allegations.

86.    Denies.

87.    Refers to the referenced Settlement Agreement for the true and correct contents thereof, and otherwise denies the allegations.

88.    Refers to the referenced Settlement Agreement for the true and correct contents thereof, and otherwise denies the allegations.

89.    Refers to the referenced Settlement Agreement for the true and correct contents thereof, and otherwise denies the allegations.

90.    Denies.

91.    Denies.

92.    Denies.

93.    Denies.

94.    Denies.

95.    Denies.

96.    Denies that Mr. Isaacson is not acquainted with any members of the Genger family, and denied knowledge or information as the balance of the allegations.

## AFFIRMATIVE DEFENSES

1.      The claims are barred by Petitioner's unclean hands and culpable conduct.

2.      The claims are time-barred.

3.      The claims are barred by findings made by other courts, and by the doctrines of

*res judicata*, collateral estoppel, and judicial estoppel.

4.      The claims are barred by illegality and public policy.

5.      The claims are barred by the statute of frauds and parol evidence rule.

Dated: New City, New York
        July 28, 2018

                        KELLEY DRYE & WARREN LLP


                        By: _____
                                John Dellaportas, Esq.
                        101 Park Avenue
                        New York, New York 10017
                        (845) 808-7800
                        *Counsel to Respondent Sagi Trust*

## VERIFICATION

STATE OF NEW YORK    )
                                  ss.:
COUNTY OF NEW CITY    )

Pursuant to CPLR 3020(d)(3) and SCPA § 303, JOHN DELLAPORTAS, being duly sworn, deposes and says:

1.     I am counsel to Respondent Sagi Genger 1993 Trust in this matter.

2.     I have read this Answer of Sagi Trust to Third Amended Petition and, upon information and belief, believe the contents thereof to be true.

_____
JOHN DELLAPORTAS

Sworn to before me this
28th day of July, 2017

_____
Notary Public

**COLLEEN M. CONROY**
**Notary Public, State of New York**
No. 01CO5051453
Qualified in Queens County
Commission Expires November 6, 2017

STATE OF NEW YORK
SURROGATE'S COURT: COUNTY OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - x

In the Matter of the Application of       AFFIRMATION OF
ORLY GENGER, as a person interested, for the    SERVICE
removal of DALIA GENGER as Trustee of the
Orly Genger 1993 Trust pursuant to SCPA §711(11)    File No. 0017/2009

- - - - - - - - - - - - - - - - - - - - - - - - x

JOHN DELLAPORTAS, an attorney and counselor at law admitted to practice in the

Courts of the State of New York, hereby affirms the following statements to be true under the

penalties of perjury pursuant to CPLR 2106. I am over the eighteen years old and not a party

to this action. On July 28, 2017, I caused to be served a copy of the attached Answer of

Respondent Sagi Trust upon the following counsel of Petitioner Orly Genger:

> Andrew R. Kurland
> Kasowitz Benson Torres LLP
> 1633 Broadway
> New York, New York 10019

by placing the documents in a sealed envelope with postage thereon fully pre-paid and then

depositing the envelope in an official depository under the exclusive care and custody of the

United States Postal Service within the State of New York.

_____
JOHN DELLAPORTAS

STATE OF NEW YORK
SURROGATE'S COURT: COUNTY OF NEW YORK
File No.: 0017/2009

In the Matter of the Application of
ORLY GENGER, as a person interested, for the
removal of DALIA GENGER as Trustee of the
Orly Genger 1993 Trust pursuant to SCPA §711(11)

ANSWER OF SAGI TRUST TO THIRD
AMENDED PETITION

KELLEY DRYE & WARREN LLP
101 PARK AVENUE
NEW YORK, NEW YORK 10178

(212) 808-7800

4850-8707-8988v.1

STATE OF NEW YORK
SURROGATE'S COURT: COUNTY OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - x
In the Matter of the Application of                              AMENDED ANSWER OF
ORLY GENGER, as a person interested, for the                    DALIA GENGER TO
removal of DALIA GENGER as Trustee of the                       THIRD AMENDED PETITION
Orly Genger 1993 Trust pursuant to SCPA §711(11)                AND CROSS-PETTION
                                                                File No. 0017/~~2009~~
- - - - - - - - - - - - - - - - - - - - - - - - x                        *2008*

## AMENDED ANSWER

Respondent Dalia Genger, by her attorneys, answers the Third Amended Petition (the

"Petition") as follows:

    1.      Denies.

    2.      Admits, except deny knowledge or information as to specific date of appointment.

    3.      Refers to the Orly Trust Agreement for the true and correct contents thereof, and

otherwise denies the first sentence.  Admit the second and third sentences.

    4.      Paragraph 4 states a legal request to which no response is warranted.

    5.      Admits that Dalia is Petitioner's mother and the sole Trustee of the Orly Trust,

and denies the remaining allegations.

    6.      Denies.

    7.      Denies.

    8.      Denies.

    9.      Denies.

    10.    Denies.

    11.    Denies.

    12.    Denies.

    13.    Denies.

New York County Surrogate's Court
MISCELLANEOUS DEPT.

AUG 2 2 2017

FILED

Clerk_____

14.   Admits the first two sentences.  Denies knowledge or information as to the third sentence.

15.   Denies the first four sentences.  Denies knowledge or information as to the fifth sentence.

16.   Admits.

17.   Denies.  Avers that Petitioner has previously admitted that "the Note was always intended to be repaid by the family."

18.   Refers to the referenced Note and Pledge Agreement for the true and correct contents thereof, and otherwise denies the allegations.

19.   Denies knowledge or information.

20.   Admits the first sentence.  Denies the second sentence.

21.   Admits the first sentence.  Denies knowledge or information as to the second sentence.

22.   Refers to the referenced Settlement Agreement for the true and correct contents thereof, and otherwise denies the allegations.

23.   Admits the first four sentences.  Avers that the last sentence states a legal conclusion to which no response is warranted.  Refers to the referenced Agreement, and otherwise denies the allegations.

24.   Refers to the referenced Shareholders Agreement for the true and correct contents thereof, and otherwise denies the allegations.

25.   Denies.

26.   Denies.

27.     Refers to the referenced Resolution for the true and correct contents thereof, and otherwise denies the allegations.

28.     Denies.

29.     Refers to the referenced Memorandum for the true and correct contents thereof, and otherwise denies the allegations.

30.     Refers to the referenced Memorandum for the true and correct contents thereof, and otherwise denies the allegations.

31.     Refers to the referenced Arbitration transcript for the true and correct contents thereof, and otherwise denies the allegations.

32.     Refers to the referenced Arbitration transcript for the true and correct contents thereof, and otherwise denies the allegations.

33.     Refers to the referenced Memorandum for the true and correct contents thereof, and otherwise denies the allegations.

34.     Refers to the referenced Arbitration Award for the true and correct contents thereof, and otherwise denies the allegations.

35.     Denies.

36.     Refers to the referenced Agreement for the true and correct contents thereof, and otherwise denies the allegations.

37.     Refers to the referenced Agreement for the true and correct contents thereof, and otherwise denies the allegations.

38.     Denies.

39.     Denies knowledge or information as to the first sentence.  Denies the remaining allegations.

40.   Denies.

41.   Refers to the referenced Application for the true and correct contents thereof, and otherwise denies the allegations.

42.   Refers to the referenced Court decision for the true and correct contents thereof, and otherwise denies the allegations.

43.   Denies.

44.   Denies.

45.   Denies.

46.   Refers to the referenced Letter for the true and correct contents thereof, and otherwise denies the allegations.

47.   Denies.

48.   Refers to the referenced Agreement for the true and correct contents thereof, and otherwise denies the allegations.

49.   Refers to the referenced Agreement for the true and correct contents thereof, and otherwise denies the allegations.

50.   Denies.

51.   Admits the first sentence.  Denies knowledge or information as to the remaining allegations.

52.   Refers to the referenced Letter for the true and correct contents thereof, and otherwise denies the allegations.

53.   Denies.

54.   Refers to the Court records for the true and correct contents thereof, and otherwise denies the allegations.

55.     Refers to the referenced Court decision for the true and correct contents thereof, and otherwise denies the allegations.

56.     Refers to the referenced Demand for the true and correct contents thereof, and otherwise denies the allegations.

57.     Refers to the referenced Letter for the true and correct contents thereof, and otherwise denies the allegations.

58.     Denies, and refers to Justice Feinman's decision construing the Arbitration Award.

59.     Denies.

60.     Denies.

61.     Denies.

62.     Denies.

63.     Denies.

64.     Denies.

65.     Denies.

66.     Refers to the referenced Complaint for the true and correct contents thereof, and otherwise denies the allegations.

67.     Refers to the referenced Petition for the true and correct contents thereof, and otherwise denies the allegations.

68.     Refers to the referenced Court order for the true and correct contents thereof, and otherwise denies the allegations.

69.     Refers to the referenced Court transcript for the true and correct contents thereof, and otherwise denies the allegations.

70. Refers to the referenced Court order for the true and correct contents thereof, and otherwise denies the allegations.

71. Refers to the referenced Petition for the true and correct contents thereof, and otherwise denies the allegations.

72. Refers to the referenced Court order for the true and correct contents thereof, and otherwise denies the allegations.

73. Refers to the referenced Court order for the true and correct contents thereof, and otherwise denies the allegations.

74. Denies.

75. Denies.

76. Denies.

77. Denies.

78. Denies.

79. Refers to the referenced Promissory Note for the true and correct contents thereof, and otherwise denies the allegations.

80. Denies.

81. Refers to the referenced Promissory Note for the true and correct contents thereof, and otherwise denies the allegations.

82. Refers to the referenced Promissory Note for the true and correct contents thereof, and otherwise denies the allegations.

83. Refers to the referenced Forbearance Agreement for the true and correct contents thereof, and otherwise denies the allegations.

84. Denies.

85.    Admits that the parties endeavored to settle the referenced New York TPR Action, and otherwise denies the allegations.

86.    Denies.

87.    Refers to the referenced Settlement Agreement for the true and correct contents thereof, and otherwise denies the allegations.

88.    Refers to the referenced Settlement Agreement for the true and correct contents thereof, and otherwise denies the allegations.

89.    Refers to the referenced Settlement Agreement for the true and correct contents thereof, and otherwise denies the allegations.

90.    Denies.

91.    Denies.

92.    Denies.

93.    Denies.

94.    Denies.

95.    Denies.

96.    Denies that Mr. Isaacson is not acquainted with any members of the Genger family, and denied knowledge or information as the balance of the allegations.

## AFFIRMATIVE DEFENSES

1.     The claims are barred by Petitioner's unclean hands and culpable conduct.

2.     The claims are time-barred.

3.     The claims are barred by findings made by other courts, and by the doctrines of

*res judicata*, collateral estoppel, and judicial estoppel.

4.     The claims are barred by illegality and public policy.

5.     The claims are barred by the statute of frauds and parol evidence rule.

## **CROSS-PETITION**

It is respectfully alleged:

### **The Parties**

1.   Respondent/Cross-Petitioner Dalia Genger ("Dalia"), resides and is domiciled at 200 E.

65th Street, in the City of New York, County of New York and State of New York.

2.   Dalia the Trustee of the Orly Genger 1993  Trust (the "Orly Trust").

3.   Petitioner/Cross-Respondent Orly Genger ("Orly") is the only non-contingent beneficiary

of the Orly Trust.

### **Jurisdiction and Venue**

4.   This Court has subject matter jurisdiction pursuant to the Surrogate's Court Procedure

Act, inter alia, SCPA 103(50), SCPA 207(1), and SCPA 209(6).

5.   Venue in this County is proper pursuant to, inter alia, SCPA 207(1).

### **The Orly Trust**

6.   On or around December 13, 1993, Arie Genger ("Arie") settled the Orly Trust pursuant to

a written Trust Agreement executed by Arie, as Grantor, and the two prior Trustees,

Lawrence M. Small and Sash A. Spencer (the "Trust Agreement").

7.  Pursuant to Article ELEVENTH, Section C of the Trust Agreement, all trust funds are to
    be held in the name of the Orly Trust, and no Orly Trust assets are to be used for the
    benefit of Orly's creditors (the "Trust Agreement Obligations").

**Orly Trust Derivative Litigation**

8.  In July 2010, Orly instituted a derivative action in the Supreme Court, New York County
    entitled <u>Arie Genger, et al. v. Sagi Genger, et al.</u>, Index No. 651089/2010, by which she
    brought claims "on behalf of the Orly Trust as the beneficiary of the Orly Trust" (the
    "Orly Trust Derivative Litigation"). The Complaint sought to assert claims for the Orly
    Trust's ownership in shares of stock in a company called Trans-Resources, Inc. ("TRI").
    Orly later amended her pleading to assert claims against, <u>inter alia,</u> the purchasers of
    those TRI shares, Glenclova Investment Company, TR Investors, LLC, New TR Equity I,
    LLC, and New TR Equity II, and TRI (collectively, the "Trump Group Entities").

9.  On January 2, 2013, in the Orly Trust Derivative Litigation, Justice Jaffe of the Supreme
    Court, New York County adopted Orly's position that she "has legal standing to represent
    the Orly Trust" and "may act on behalf of the Orly Trust unless and until the Surrogate's
    Court rules otherwise in an appropriate action there."

10. Earlier on in the same Orly Trust Derivative Litigation, Orly moved to restrain Dalia from
    pursuing what Orly characterized as a "duplicative" action as Trustee of the Orly Trust
    before the Delaware Chancery Court, by which Dalia was seeking a declaration of obtain
    ownership of the same TRI shares. According to Orly: "In the instant action ..., I seek,
    among other things, the return of those [same] TRI Shares to the Orly Trust." Also
    according to Orly, Dalia's "contention that the Orly Trust is not a party to this action ...

is meritless. Orly is prosecuting this action on behalf of the Orly Trust." The Supreme Court, New York County, agreed, restraining Dalia from pursuing the action in the Delaware Chancery Court by which the Orly Trust had sought the TRI shares.

11. As a derivative plaintiff for the Orly Trust, having prevented the "duplicative litigation" brought by Dalia on behalf of the Orly Trust, Orly became the de facto trustee of the Orly Trust and owed fiduciary duties to the Orly Trust.

### Discontinuance With Prejudice of
### The Orly Trust Claims

12. In June 2013, Orly disclosed that she had "entered into a confidential settlement agreement to resolve all issues among the stipulating parties," which included the Trump Group Entities. However, the settlement terms were left undisclosed. Dalia sought production of the settlement agreement, but Orly refused to produce it, claiming the document was too "confidential." When it was proposed that the document be produced under "Attorney's Eye's Only" limitation, Orly refused that proposal as well. Instead, Orly submitted the Settlement Agreement to Justice Jaffe, unsolicited, for in camera inspection.

13. By letter dated June 28, 2013, counsel to the Trump Group Entities wrote to the Court on behalf of all settling parties "including ... Orly Genger" confirming that: "A material term of the agreement among the settling parties was the dismissal of *all* claims presently pending against one another, in whatever capacity they were brought. [If the settlement stipulation was drafted so as to] have the effect of *not* dismissing Orly Genger's derivative claims against the Trump Group [Entities], contrary to the agreement of the settling parties. Excluding such claims from the claims that are to be dismissed is not

what the Trump Group [Entities] bargained and paid for in the settlement . . ."

14. Neither Orly nor any of the other settling parties disagreed with counsel's statements regarding the scope of the settlement. Accordingly, on July 1, 2013, Justice Jaffe signed the requested Stipulation and Order of Discontinuance with Prejudice.

### The Trump Group Entities Settlement Agreement

15. Months later, as part of a parallel proceeding, the United States District Court directed Orly to produce her settlement agreement with the Trump Group Entities (the "Trump Group Entities Settlement Agreement").   The document revealed that Orly had settled her claims against the Trump Group Entities both "in her individual capacity and in her capacity as beneficiary of the Orly Genger 1993 Trust" – the latter being the very capacity by which the Supreme Court permitted Orly to assert derivative claims.  According to its signatories, the purpose of the agreement was "to resolve all issues, disputes and disagreements between [Orly and the other Settling Parties], including but not limited to the issue of ownership of all [TRI] shares," most significantly those TRI shares claimed by the Orly Trust.

16. In exchange, the Trump Group Entities agreed to pay $32.3 million to the so-called "AG Group," consisting of Orly, her father Arie, and Arnold and David Broser (collectively, "the Brosers").  Upon information and belief, the Brosers are creditors of Orly personally, to whom Orly owes many millions of dollars. The payments were broken up into: (a) an immediate payment of $17.3 million and (b) two follow-up payments of $7.5 million. According to the federal court, which reviewed the document, "Orly monetized her beneficial interest in the Orly Trust['s] [TRI] shares for $32.3 million ...."

17. The Trump Group Entities have since reaffirmed that the federal court construed the

Trump Group Entities Settlement Agreement correctly:

[Any suggestion] that the confidential settlement agreement *might* only dismiss Orly's individual claims against the Trump Group [Entities], but not resolve the Orly Trust's claims against the Trump Group [Entities] and the TPR Group . . . is counterfactual.  This Court has already held that certain of Orly's claims in this action, including the remaining claims, are derivative in nature, and may be maintained by Orly on behalf of the Orly Genger 1993 Trust. ...  In settling the claims among them, the Trump Group [Entities], Trans-Resources, Orly and Arie agreed to the dismissal of all claims presently pending against one another.  This agreement is memorialized in the Second Amended Stipulation of Discontinuance.

18. Evidencing this intent, in Section 6(a) of the Trump Group Entities Settlement Agreement, Orly settled and released all of her claims in the Trump Group Entities Settlement in both her derivative and individual capacities. (Orly releasing the Trumps "in all capacities.")  In Section 8(a) thereof, Orly further agreed to "cause" the Orly Trust to do the same, which she later did, advising the Delaware Chancery Court that she favored dismissal of Petitioner's action on behalf of the Orly Trust.  The case was dismissed.

### The Settlement Proceeds

19. Under applicable law, the proceeds of a settlement obtained in a derivative lawsuit belong to the direct plaintiff (in this case, the Orly Trust), not the derivative plaintiff (in this case, Orly personally).  Nonetheless, to date, none of the aforementioned $32.3 million (the "Settlement Proceeds") has been remitted to the Orly Trust, nor have any of the settling parties indicated an intention to do so in the future.

20. At a hearing before Justice Jaffe on March 25, 2015, counsel to the Trump Group Entities confirmed that $17.3 million of the Settlement Proceeds has already been paid, but that $15 million remains to be paid, less possible "set-offs" and subject to possible

acceleration or extension of those payment dates.

21. In a recent brief, Orly has alleged that, to date, she has not personally received any of the Settlement Proceeds. If true, this means $17.3 million of the Settlement Proceeds has been paid to other members of the "AG Group," i.e., the Brosers and Arie (the "Initial Payment"). Orly has not disclosed the intended recipients of the remaining $15 million.

22. Consistent with her fiduciary duty to the Orly Trust and the express terms of the Trust Agreement Obligations, Orly was required to ensure that the Trump Group Entities Settlement proceeds were paid to the Orly Trust. However, Orly failed to comply with these duties and obligations. Orly breached her fiduciary duty to the Orly Trust and the express terms of the Trust Agreement Obligations.

## Cross-Petitioner's Substitution Motion

23. In order to protect the rights of the Orly Trust, Dalia moved in the Supreme Court, New York County, for an order permitting her to substitute for Orly as plaintiff in the Orly Trust Derivative Litigation and compelling the settling parties to deposit the Settlement Proceeds into Court. Orly vigorously opposed Dalia's motion, on the ground, inter alia, that she is seeking to remove Dalia as Trustee of the Orly Trust. By Interim Order dated May 7, 2015, Justice Jaffe neither granted nor denied the motion, but rather held it in abeyance pending this Court's determination of Orly's Petition.

24. At the March 25, 2015 hearing on Dalia's motion, Justice Jaffe suggested it might already be too late to deposit the Initial Payment into Court, as the $17.3 million apparently has already been paid out to non-parties. ("it sounds like that ship has sailed"). Accordingly, Dalia brings this Cross- Petition seeking, inter alia: retention of Dalia as the only non-contingent Trustee of the Orly Trust; monetary damages for misappropriation of Orly

-13-

Trust assets; and turnover of the Settlement Proceeds for the Orly Trust, to the extent such funds are recoverable.

## Count I: Breach of Fiduciary Duty

25. The allegations contained in paragraphs 1 through 24 hereinbefore are realleged as if fully set forth herein.

26. Because the Orly Trust Derivative Litigation was brought on behalf of the Orly Trust, the Settlement Proceeds therefrom belong to the Orly Trust.

27. Orly owed a fiduciary duty to the Orly Trust.

28. Consistent with her fiduciary duty to the Orly Trust, Orly was required to ensure that the Settlement Proceeds were paid to the Orly Trust.

29. Orly did not so do.   Instead, she entered into the Trump Group Entities Settlement Agreement, which provided for the Settlement Proceeds to be paid to parties other than the Orly Trust, and she authorized payment of the Settlement Proceeds to such other parties.

30. Orly's actions constitute a breach of fiduciary duty.

31. The Orly Trust has been injured by Orly's breach of her fiduciary duty to the Orly Trust in the amount of $32.3 million, plus statutory interest.

## Count II: Breach of Loyalty

32. The allegations contained in paragraphs 1 through 31 hereinbefore are realleged as if fully set forth herein.

33. Because the Orly Trust Derivative Litigation was brought on behalf of the Orly Trust, the Settlement Proceeds therefrom belong to the Orly Trust.

34. Orly owed a duty of loyalty to the Orly Trust.

35. Consistent with her duty of loyalty to the Orly Trust, Orly was required to ensure that the Settlement Proceeds were paid to the Orly Trust.

36. Orly did not so do. Instead, she entered into the Trump Group Entities Settlement Agreement, which provided for the Settlement Proceeds to be paid to parties other than the Orly Trust, and she authorized payment of the Settlement Proceeds to such other parties.

37. Orly's actions constitute a breach of her duty of loyalty.

38. The Orly Trust has been injured by Orly's breach of her duty of loyalty to the Orly Trust in the amount of $32.3 million, plus statutory interest.

### Count III: Turnover

39. The allegations contained in paragraphs 1 through 38 hereinbefore are realleged as if fully set forth herein.

40. Pursuant to the Trust Agreement Obligations, all trust funds were to be held in the name of the Orly Trust, and no Orly Trust assets were to be used for the benefit of Orly's creditors.

41. Because the Orly Trust Derivative Litigation was brought on behalf of the Orly Trust, the Settlement Proceeds therefrom belong to the Orly Trust.

42. Orly was required to ensure that the Settlement Proceeds were paid to the Orly Trust.

43. The Settlement Proceeds should be delivered to the Orly Trust.

44. Orly should be compelled to turn over to the Orly Trust all Settlement Proceeds in her possession, custody or control.

### Count IV: Accounting

45. The allegations contained in paragraphs 1 through 44 hereinbefore are realleged as if fully set forth herein.

46. Orly has never provided an accounting of the Settlement Proceeds, which are an asset of the Orly Trust.

47. As a matter of law and equity, Orly should provide an accounting of the Settlement Proceeds.

### Count V: Unjust Enrichment

48. The allegations contained in paragraphs 1 through 47 hereinbefore are realleged as if fully set forth herein.

49. Pursuant to the Trust Agreement Obligations, all trust funds were to be held in the name of the Orly Trust, and no Orly Trust assets were to be used for the benefit of Orly's creditors.

50. Because the Orly Trust Derivative Litigation was brought on behalf of the Orly Trust, the Settlement Proceeds therefrom belong to the Orly Trust.

51. Orly was required to ensure that the Settlement Proceeds were paid to the Orly Trust.

52. Orly's creditors received the Settlement Proceeds instead of the Orly Trust.

53. Orly received a benefit from the Settlement Proceeds which belong to the Orly Trust.

54. Orly received such benefit from the Settlement Proceeds at the expense of the Orly Trust.

55. Under principles of equity and good conscience, Orly must make restitution to the Orly Trust in the amount of $32.3 million, plus statutory interest.

### Count VI: Self-Dealing

56. The allegations contained in paragraphs 1 through 55 hereinbefore are realleged as if fully

set forth herein.

57. Because the Orly Trust Derivative Litigation was brought on behalf of the Orly Trust, the Settlement Proceeds therefrom belong to the Orly Trust.

58. Orly was required to ensure that the Settlement Proceeds were paid to the Orly Trust.

59. Orly did not so do. Instead, she entered into the Trump Group Entities Settlement Agreement, which provided for the Settlement Proceeds to be paid to parties other than the Orly Trust, and she authorized payment of the Settlement Proceeds to such other parties.

60. Orly's actions constitute self-dealing.

61. The Orly Trust has been injured by Orly's self-dealing in the amount of $32.3 million, plus statutory interest.

### Count VII: Successor Trustee

62. The allegations contained in paragraphs 1 through 61 hereinbefore are realleged as if fully set forth herein.

63. Upon information and belief, Orly is seeking to have Dalia removed as Trustee and a new Trustee appointed who will not seek to recover the Settlement Proceeds on behalf of the Orly Trust.

64. Orly should not be permitted to have Dalia removed as Trustee and a new Trustee appointed who will not seek to recover the Settlement Proceeds on behalf of the Orly Trust.

65. Pursuant to Article SEVENTH of the Trust Agreement, an outgoing Trustee has the power to name a successor Trustee.

66. If this Court removes Dalia as trustee of the Orly Trust, Dalia should be permitted to

exercise her power to name a successor Trustee.

## Count VII: Successor Trustee

67. The allegations contained in paragraphs 1 through 66 hereinbefore are realleged as if fully set forth herein.

68. Upon information and belief, Orly is seeking to have Dalia removed as Trustee and a new Trustee appointed who will not seek to recover the Settlement Proceeds on behalf of the Orly Trust.

69. Orly should not be permitted to have Dalia removed as Trustee and a new Trustee appointed who will not seek to recover the Settlement Proceeds on behalf of the Orly Trust.

70. Pursuant to Article SEVENTH of the Trust Agreement, an outgoing Trustee has the power to name a successor Trustee.

71. If this Court removes Dalia as trustee of the Orly Trust, Dalia should be permitted to exercise her power to name a successor Trustee.

72. If Dalia is not permitted to exercise her power to name a successor Trustee, this Court should name an objective third party Trustee choosen from an independent list.

## Interested Parties

73. The names and addresses of all persons, other than the Petitioner, interested in the obtaining a determination of the issues presented in this Petition, and all other persons interested in this proceeding who are required to be cited upon this application or concerning whom this Court is required to have information, are:

   (a)    The following who are of full age and sound mind or are corporations or associations:

ORLY GENGER
780 Greenwich Street, Apt. 4P
New York, New York 10014

Interest: Beneficiary and Petitioner, Cross-Respondent

SAGI GENGER 1993 TRUST
C/O John Dellaportas
Kelley Drye & Warren
101 Park Avenue
New York, New York

Interest: Contingent Remainderman

(b)    The following who are persons under disability:
Infants: None
Others under a disability: None

(c)    The following persons who are confined in prison: None
(d)    The following persons whose names or whereabouts are unknown: None

74. There are no persons, corporations or associations other than those mentioned who are interested in this proceeding.

75. No previous application for this or similar relief has been made to this or any other court except:

    a.   Motion Seq. 42 (for payment into Court) in the Orly Trust Derivative Litigation, entitled <u>Arie Genger, et al. v. Sagi Genger, et al.</u>, Index No. 651089/2010 in New York Supreme Court, New York County.  Motion Seq. 42 was held in abeyance by the Supreme Court pending a determination by this Court.

    b.   Petition before this Court filed June 14, 2016, citation not yet issued.

WHEREFORE, Petitioner requests the following relief:

a.       declaratory judgment that Dalia is, and will remain, the only non-contingent Trustee of the Orly Trust;

b.      damages in in the amount of $32.3 million, plus statutory interest;

c.      imposition of a constructive trust on the Settlement Proceeds;

d.      an order directing the delivery of the Settlement Proceeds to Dalia as Trustee of the Orly Trust;

e.      an accounting of the Settlement Proceeds;

f.      if Dalia is removed as Trusee of the Orly Trust, then authorizing Dalia to name the successor Trustee;

g.      if Dalia is removed as Trusee of the Orly Trust, then having the Court name a third party successor Trustee from an independent list;  and

h.      such other relief as to the Court seems just and necessary.

Dated: New City, New York
        August 12, 2017

_____
            Judith Lisa Bachman, Esq.
            254 S. Main Street
            Suite 306
            New City, New York 10017
            (845) 639-3210
            *Counsel to Respondent Dalia Genger*

WHEREFORE, your Respondent prays that the foregoing relief be granted and such other and further relief as the Court shall deem just and proper.

Dated: New York, New York
       August 12, 2017

                                    _Dalia Genger_____
                                    DALIA GENGER

STATE OF NEW YORK
SURROGATE'S COURT: COUNTY OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - x

In the Matter of the Application of
ORLY GENGER, as a person interested, for the
removal of DALIA GENGER as Trustee of the
Orly Genger 1993 Trust pursuant to SCPA §711(11)

AFFIDAVIT OF SERVICE
File No. 0017/2009

- - - - - - - - - - - - - - - - - - - - - - - - x

I, Judith Bachman, Esq., of 254 S. Main Street, Suite 306, New City, New York 10956, being duly sworn, state that I am over the age of eighteen years and that on August 14, 2017, I caused to be deposited a copy of the Amended Answer and Cross-Peition of Respondent, Dalia Genger, herein, in a post office box regularly maintained by the U.S. Postal Service in the County of Rockland, State of New York, addressed to:

> ORLY GENGER
> 780 Greenwich Street, Apt. 4P
> New York, New York 10014
>
> SAGI GENGER 1993 TRUST
> C/O John Dellaportas
> Kelley Drye & Warren
> 101 Park Avenue
> New York, New York
>
> Kasowitz, Benson, Torres & Freidman LLP
> 1633 Broadway
> New York, NY 10019

The envelopes was deposited postage paid by regular first class mail. No mailing was returned as undeliverable.

Judith Bachman, Esq.

Sworn to before me this

21st day of August, 2017

Notary Public

JOANNE REDDEN HOROWITZ
Notary Public, State of New York
No. 02HO5034709
Qualified in Rockland County
Commission Expires March 11, 2019

New York County Surrogate's Court
MISCELLANEOUS DEPT.

SEP 6 2017

Clerk

SURROGATE'S COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

In the matter of the Application of ORLY
GENGER, as a person interested, for the removal
of DALIA GENGER, as Trustee of the Orly
Genger 1993 Trust pursuant to SCPA § 711(11).

File No.:   2008-0017

Surrogate Nora S. Anderson

## NOTICE OF MOTION TO DISMISS CROSS-PETITION

PLEASE TAKE NOTICE, that upon the Affirmation of Michael Paul Bowen, dated

September 8, 2017, and all exhibits attached thereto, the accompanying Memorandum of Law,

and all prior pleadings and proceedings heretofore had herein, petitioner Orly Genger will move

this court, sitting at 31 Chambers Street, New York, New York  10007, on October 3, 2017, or as

soon thereafter as counsel can be heard, for an Order pursuant to SCPA § 102 and CPLR

3211(a)(1), (5) and (7) dismissing Dalia Genger's Cross-Petition.

PLEASE TAKE FURTHER NOTICE that, pursuant to CPLR 2214(b), answering

affidavits shall be served at least seven days before the return date of this motion, and reply

affidavits shall be served at least one day before the return date of this motion.

Dated:   New York, New York
September 8, 2017

KASOWITZ BENSON TORRES LLP

By: _____
Eric D. Herschmann
Michael Paul Bowen
Andrew R. Kurland
1633 Broadway
New York, New York 10019
(212) 506-1700

*Attorneys for Petitioner*

To:

Judith Bachman, Esq.
254 S. Main Street
Suite 306
New City, NY 10956

*Counsel to Respondent/Cross-Petitioner Dalia Genger*

John Dellaportas, Esq.
Kelley Drye & Warren LLP
101 Park Avenue
New York, NY 10017

*Counsel to Respondent Sagi Genger*

SURROGATE'S COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

In the matter of the Application of ORLY
GENGER, as a person interested, for the removal
of DALIA GENGER, as Trustee of the Orly
Genger 1993 Trust pursuant to SCPA § 711(11).

File No.:   2008-0017

Surrogate Nora S. Anderson

## **AFFIRMATION OF SERVICE**

I am an attorney admitted to practice before the Courts of the State of New York.  On

September 8, 2017, on behalf of petitioner Orly Genger, I served by U.S. First Class Mail,

postage prepaid, a true and correct copy of Orly Genger's Notice of Motion to Dismiss the

Cross-Petition of Dalia Genger, the Memorandum of Law in Support of Petitioner's Motion to

Dismiss Dalia Genger's Cross-Petition, and the Affirmation of Michael Paul Bowen and exhibits

thereto, dated September 8, 2017, on the parties to this action through their counsel, as follows:


Counsel to Respondent/Cross-Petitioner Dalia Genger:

> Judith Bachman, Esq.
> 254 S. Main Street, Suite 306
> New City, New York 10956

Counsel to Respondent Sagi Genger:

> John Dellaportas, Esq.
> Kelley, Drye & Warren, LLP
> 101 Park Avenue
> New York, New York  10017


Dated: New York, New York
       September 8, 2017

_____
Andrew R. Kurland

ORIGINAL

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

----------------------------------------------------------------

In the matter of the Application of ORLY GENGER,
as person interested, for the removal of DALIA
GENGER, as Trustee of Orly Genger 1993 Trust
pursuant to SCPA § 711(11),

File No.: 2008-0017 [          ]

Surrogate Nora S. Anderson

----------------------------------------------------------------

## NOTICE OF MOTION AND AFFIRMATION

KASOWITZ BENSON TORRES LLP

1633 BROADWAY

NEW YORK, NEW YORK 10019

(212) 506-1700

ATTORNEYS FOR ORLY GENGER

SURROGATE'S COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| In the matter of the Application of ORLY GENGER, as a person interested, for the removal of DALIA GENGER, as Trustee of the Orly Genger 1993 Trust pursuant to SCPA § 711(11). | File No.: 2008-0017<br><br>Surrogate Nora S. Anderson |

## MEMORANDUM OF LAW IN SUPPORT OF PETITIONER'S MOTION TO DISMISS DALIA GENGER'S CROSS-PETITION

Petitioner Orly Genger ("Orly") submits this memorandum in support of her motion, pursuant to SCPA § 102 and CPLR 3211(a)(1), (5) and (7), to dismiss the cross-petition of Dalia Genger ("Dalia").[1]

### PRELIMINARY STATEMENT

After nine years of pointless and wasteful procedural wrangling by respondents Dalia (Orly's mother) and Sagi (Orly's brother) – designed to forestall Dalia's removal as trustee – Dalia has now filed a frivolous "cross-petition" against Orly, the very beneficiary whose interests Dalia has a fiduciary duty to protect. The absurdity of a trustee suing her own beneficiary makes clear that this is nothing more than the latest in a long line of improper, bad faith procedural tactics to delay her inevitable removal.

This removal action implicates two identical 1993 family trusts created by the Genger family, one for Orly (the Orly Trust) and the other for her brother Sagi (the Sagi Trust). In her capacity as the trustee for the Orly Trust, Dalia breached her fiduciary duties and conspired with Sagi, in a clear conflict of interest, to deplete the Orly Trust of all of its assets. During Dalia's tenure as trustee, Sagi received millions from the family assets in these trusts while the Orly

---

[1]    Accompanying this memorandum of law is the Affirmation of Michael Paul Bowen, dated September 8, 2017, with exhibits ("Bowen Affirm."). A copy of Dalia's cross-petition is Exhibit A to that affirmation. All citations to ¶ ___ are citations to the cross-petition.

Trust was rendered penniless and encumbered with millions of dollars of debt for legal fees based on Dalia's sham maneuverings with Sagi. Orly has never received a penny from her trust while Sagi has received tens of millions of dollars from his trust even though the trusts were created on the same day with equal division of family assets. In this context, Dalia's claim that this cross-petition is supposedly in good faith and in the best interests of Orly and her trust would be laughable were it not so self-evidently pernicious and legally meritless. This type of protection no one needs, especially not a daughter estranged from her own mother who has for years acted in bad faith and with conflicted interests to favor her son at the expense of her own daughter's financial well-being and in violation of her fiduciary and legal duties as trustee.

Dalia should not be permitted to continue to draw out this action for her removal – and to subvert the Surrogate's Court, the law and her legal duties – through such an obviously frivolous cross-petition. The pleading is facially deficient and otherwise barred as *res judicata*. It should be summarily – and immediately – dismissed with prejudice.

## RELEVANT FACTS

### A.    Background and Procedural Posture

Orly is the beneficiary of the Orly Genger 1993 Trust (the "Orly Trust"). Orly's daughter, born earlier this year, is also a beneficiary of the Orly Trust. The respondent and purported cross-petitioner, Dalia, has been the sole trustee of the Orly Trust since January 2008, when the prior trustee appointed her over Orly's objection. Orly and Dalia have been estranged for more than a decade. Dalia did not attend her daughter's wedding last year. Nor has Dalia met Orly's newborn child, Dalia's granddaughter.

The root of that estrangement is no mystery. Supposedly in her role as trustee, Dalia has repeatedly sued Orly at the bidding of her son, Sagi. After years of litigation, and despite Dalia's siding with him against Orly, Sagi has now been adjudicated after trial and on summary

2

judgment in two separate legal actions to have committed fraud against, and to have breached his fiduciary duties to, Orly, which determinations were upheld on appeal. *Orly Genger v. Sagi Genger*, Index No. 100697/08, 2016 WL 551444 (Sup. Ct. N.Y. Cnty. Feb. 10, 2016), *aff'd* 144 A.D.3d 581 (1st Dep't 2016); *Orly Genger v. Dalia Genger et al.*, Index No. 109749/09, 2016 WL 1407903 (Sup. Ct. N.Y. Cnty. April 8, 2016), *aff'd* 147 A.D.3d 443 (1st Dep't 2017).

Because of Dalia's role in perpetrating Sagi's now proven fraudulent schemes against Orly, she has been embroiled in litigation against her own daughter, and the very beneficiary to whom she owes fiduciary duties, for almost a full decade. Her conduct in that litigation – and her siding with Sagi in his now proven unlawful scheme against his own sister – has demonstrated beyond cavil her unfitness to continue as trustee of the Orly Trust. Indeed, every court that has had occasion to address this issue has held that she has a clear conflict of interest and is unfit to serve as trustee. *See, e.g.*, *Orly Genger v. Dalia Genger*, 120 A.D.3d 1102, 1104 (1st Dep't 2014) (by entering into certain so-called settlement agreements "on behalf of the Orly Trust, of which she was sole trustee, Dalia had a conflict of interest"); *Orly Genger v. Dalia Genger*, Index No. 109749/09, July 3, 2014 Decision and Order at 3-4 (Sup. Ct. N.Y. Cnty. July 3, 2014) ("Dalia, as trustee of the Orly Trust, has often sided with her son Sagi in these actions . . . . Dalia may no longer be able to serve as trustee, having failed to disclose the conflict of interest [found by the First Department] to her principal, Orly. And, as noted by the First Department, Orly has petitioned the Surrogate's Court to remove Dalia as trustee").

The only thing holding up Dalia's removal is finalizing this removal proceeding for an adjudication on the merits – exactly what Dalia is trying now, once again, to forestall.

Over eight years ago, shortly after Dalia became trustee of the Orly Trust, Orly petitioned this Court to remove her. That petition was dismissed as premature by Surrogate Roth, who

3

concluded that Dalia had not yet acted against Orly's interests at the time. After that decision,

Dalia's malfeasance began in earnest. Among other bad acts and conflicts of interest, Dalia

assisted Sagi in selling the Orly Trust's principal asset (viz., shares of Trans-Resources, Inc. or

"TRI") held by a Genger family company, TPR Investment Associates, Inc. ("TPR"). That sale

enriched Sagi's trust, the Sagi Genger 1993 Trust (the "Sagi Trust") at the expense of the Orly

Trust, precipitating years of litigation that remains ongoing to this day. *See generally Orly*

*Genger v. Dalia Genger, et al.*, Index No. 109749/09 (Sup. Ct. N.Y. Cnty. 2009). Dalia also

betrayed Orly by participating in a sham auction of shares of TPR, the sole remaining (although

depleted) asset of the Orly Trust. *See id.*, 2016 WL 1407903, at *2 (Sup. Ct. N.Y. Cnty. April 8,

2016); *aff'd* 147 A.D.3d 443 (1st Dep't 2017). She then also participated in a scheme with Sagi

to encumber the Orly Trust with significant debt. *See Orly Genger v. Dalia Genger*, 120 A.D.3d

at 1104.

As a result of these unlawful schemes (in which Dalia has been directly implicated) the

Sagi Trust was enriched in an amount in excess of $44 million, at least, while the Orly Trust was

stripped of all of its assets and rendered valueless. To this day, Orly has never received a dime

from the Orly Trust, while Sagi and Dalia each have millions of dollars secured in accounts in

offshore tax-havens. *See Orly Genger v. Dalia Genger, et al.*, Index No. 109749/09, Sept. 12,

2016 Decision and Order on Attachment (Bowen Affirm. Ex. B).

Dalia again acted against Orly's interests by assisting Sagi in suing Orly in federal court

in 2014. In that action, Dalia falsely claimed to be impoverished. Based on that false claim,

Sagi sued Orly, invoking a writing that he created. He claimed that document obligated Orly to

reimburse half of his need-based payments to Dalia, payments he and Dalia swore were made

supposedly because she needed the money to live. That lawsuit ended in a judgment against

4

Orly totaling over $300,000. *Sagi Genger v. Orly Genger*, 76 F. Supp. 3d 488 (S.D.N.Y. 2015)

*aff'd as modified*, 663 Fed. Appx. 44 (2d Cir. Sept. 29, 2016).

After Sagi obtained that judgment, discovery in the ongoing state actions revealed that

Dalia had at the time, and still has, millions of dollars in her offshore accounts controlled by

Sagi.  The entire federal action was based on a lie – Dalia's lie – and her failure to discharge her

duty of loyalty and trust to Orly.

On June 22, 2009, Orly renewed her petition before this Court to remove Dalia as trustee.

Dalia and Sagi engaged in years of procedural objections, effectively stalling the adjudication of

this petition for Dalia's removal.  Dalia moved to dismiss Orly's renewed petition for failure to

join what she claimed to be a necessary party, the Sagi Trust.  After the Court directed the

joinder of the Sagi Trust, Orly served its trustee – David Parnes, Sagi's best friend – with process

by registered mail in Israel, but Parnes (at Sagi's direction) moved to dismiss for lack of personal

jurisdiction, arguing insufficient service of process under the Hague Convention.  This motion

was granted in 2015.  Orly then served Parnes with process in a manner acceptable to this Court

under the Hague Convention, costing additional time and expense.

Following this, both respondents filed new motions to dismiss for failure to state a claim.

Finally, at the end of June 2017, this Court denied these motions in their entirety, allowing this

action to proceed finally on the merits, eight years after it was originally commenced by Orly. *In

the Matter of the Application of Orly Genger to Remove Dalia Genger as Trustee of the Orly

Genger 1993 Trust Established on December 13, 1993 by Arie Genger, Grantor*, File No. 2008-

0017, June 21, 2017 Decision (Anderson, S.).

Dalia continues to coordinate with Sagi against Orly.  At the end of July, they filed

essentially identical answers to Orly's petition, which answers were drafted by Sagi's counsel,

John Dellaportas. In fact, Dellaportas even signed Dalia's answer, signing the name of Dalia's

counsel, Judith Bachman, and indicating as much with his initials (see excerpt below and the

Answer attached at Bowen Affirm. Ex. C).

Dated: New City, New York
July 28, 2018

> LAW OFFICES OF
> JUDITH LISA BACHMAN, ESQ.
>
> By: _____ Ʉ Bɑʜ /ɪᴅ _____
>         Judith Lisa Bachman, Esq.
> 254 S. Main Street
> Suite 406
> New City, New York 10017
> (845) 639-3210
> *Counsel to Respondent Dalia Genger*

In a telling typographical error, the signature block has the zip code of Dellaportas' Manhattan

office (10017), not the correct zip code for Bachman's office in New City in upstate New York

(10956).

On August 12, 2017, Dalia filed an amended answer, including her cross-petition. This

time, the pleading bears the purported signature of Bachman, although the signature block still

has the same typographical zip code error and includes a different suite number (306 instead of

406). *See* Bowen Affirm. Ex. A (excerpt below):

6

Dated: New City, New York
      August 12, 2017

                                        Judith Lisa Bachman, Esq.
                                        254 S. Main Street
                                        Suite 306
                                        New City, New York 10017
                                        (845) 639-3210
                                        *Counsel to Respondent Dalia Genger*

This signature, moreover, does not appear to be Bachman's. It does not compare with Bachman's signature that appears alongside her notary stamp on the Verification for this document. *Id.* (excerpt below):

Sworn to before me this
1~~2th~~ day of August, 2017

Notary Public

                                                Judith Bachman
                                   Notary Public, State of New York
                                   No. 02-BA6048319
                                   Qualified in Rockland County
                                   Commission Expires Sept. 25, 2~~00~~ 2018

Judith Lisa Bachman, Esq.
254 S. Main Street
Suite 406
New City, New York 10017
(845) 639-3210
*Counsel to Respondent Dalia Genger*

These inconsistencies and typos – not to mention the different signatures – reveal that even to this day, in opposing her removal despite the consensus of the courts against her, Dalia is still doing the bidding of Sagi. In doing so, she is acting contrary to her fiduciary duties and continually demonstrating her disqualifying conflicts of interests.

**B.  The Cross-Petition's Fact Allegations and Related Undisputed Facts**

In suing Orly, the trust's own beneficiary, Dalia, the trustee, has once again violated her fiduciary duties, this time instituting a facially and legally meritless purported cross-petition. The cross-petition purports to state seven causes of action, each in a separate count:  Breach of Fiduciary Duty, Breach of Loyalty, Turnover, Accounting, Unjust Enrichment, Self-Dealing and something she calls "Successor Trustee."  (In yet another typographical error, this last count, the seventh, is repeated twice.)

The fact allegations in the cross-petition, taken as true for purposes of this motion, are as follows:

According to the cross-petition, Orly instituted an action in 2010 in the Supreme Court of New York both in her individual capacity as beneficiary and also derivatively on behalf of the Orly Trust (the "2010 New York action").  That action was brought against the purchasers of the TRI shares (the "Trump Group").  In that proceeding, the court ruled that Orly had legal standing to represent the Orly Trust.  ¶¶ 8-10.

In June 2013, Orly was party to a settlement of the 2010 New York action with the Trump Group (the "Trump/AG Settlement Agreement").  ¶ 12.  The Court thereafter entered an agreed-to Stipulation and Order of Discontinuance with Prejudice of that action.  ¶ 14.

According to Dalia (and Sagi), under the Trump/AG Settlement Agreement, the Trump Group agreed to pay $32.3 million to the AG Group, which included, not just Orly, but also her father and Arnold and David Broser, who are creditors (according to the cross-petition) to Orly personally and to whom (Dalia and Sagi allege) Orly owes "many millions of dollars."  ¶¶ 15-16.

The cross-petition alleges that this settlement agreement settled both Orly's personal claims against the Trump Group as well as any claims the Orly Trust had.  ¶¶ 17-18.  Moreover,

8

Dalia alleges that $17.3 million of the settlement payment has been paid, but none of that money was given to the Orly Trust. The remaining payment of approximately $15 million has not yet been paid under the terms of the settlement agreement. ¶¶ 20-21.

As Dalia admits in the cross-petition, she intervened in the 2010 New York action (in August 2014). She moved to have the Orly Trust, controlled by her, substituted as the plaintiff in that action. By the court's interim order, that motion was held in abeyance pending the outcome of this Surrogate's action. ¶¶ 23-24.

What Dalia leaves out of her cross-petition, but what is a matter of undisputed fact, is as follows:

On behalf of the Orly Trust, Dalia sued the Trump Group in Delaware in 2011. *Dalia Genger, as Trustee of the Orly Genger 1993 Trust v. TR Investors, LLC, et al.*, Case No. 6906 (Del. Ch. Ct. Oct. 4, 2011) (Strine, Ch.). In August 2013, Dalia voluntarily and unconditionally dismissed all claims of the Orly Trust with prejudice. Bowen Affirm. Ex. D, at ¶ 4 ("The claims brought on behalf of the Orly Genger 1993 Trust by the Trustee of the Orly Trust against the Trump Group are dismissed with prejudice"). A year after she dismissed the Orly Trust claims in the Delaware action, Dalia sought to intervene in the 2010 New York action. While her motion to intervene was pending, the parties in that action entered into the Stipulation and Order of Discontinuance with Prejudice. At the time that order was entered – and consistent with her own settlement of the Orly Trust claims against the Trump Group in Delaware – Dalia raised no objection.

Later, Dalia appealed that discontinuance order to the Appellate Division, arguing that she should be permitted to pursue her claim that the $32 million the Trump Group had paid under the settlement in that action belongs to the Orly Trust. The Appellate Division disagreed.

9

It upheld the Order, ruling that Dalia had failed to object and was forever foreclosed from raising the issues she tried to raise below in that action (and that she is trying to raise again here):

> Defendant Dalia Genger, as Trustee for the Orly Genger 1993 Trust (Orly Trust), failed to articulate any objection to the court's entry of the November 25, 2014 order dismissing plaintiff Orly Trust's breach of fiduciary duty and unjust enrichment claims against certain defendants, and her claim is not properly before this Court. . . In any case, that order did not dismiss any claims; rather, it recognized that all claims had previously been dismissed or discontinued by prior court orders, dismissed the complaint, and severed other viable third party claims, cross claims, and counterclaims unrelated to the Orly Trust.

*Genger v. Genger*, 144 A.D.3d 581, 581 (1st Dep't 2016). *See also* Bowen Affirm. Ex. E (Dalia's appellate brief).[2]

Furthermore, the Trump/AG Settlement Agreement referenced in the cross-petition refutes Dalia's claim that the settlement payment belongs to the Orly Trust. That written document expressly notes that the claims related to Orly that are being settled are *only* claims brought by her in her personal capacity and *not* as a representative of the Orly Trust. Bowen Affirm. Ex. F at 6. Moreover, references in that document to the Orly Trust were struck-through (and initialed) to emphasize that the settlement did not involve or relate to the trust at all. *Id.*[3]

## ARGUMENT

On this motion to dismiss pursuant to CPLR 3211(a)(7), any well-pleaded allegations in the cross-petition are to be taken as true. *See Kupersmith v. Winged Foot Golf Club, Inc.*, 38 A.D.3d 847, 848 (2d Dep't 2007). "However, allegations consisting of bare legal conclusions, as well as factual claims inherently incredible or flatly contradicted by documentary evidence are

---

[2]   Facts that are indisputable and a matter of record may properly be considered in support of a motion to dismiss pursuant to CPLR 3211. *See Acquista v. New York Life Ins. Co.*, 285 A.D.2d 73, 76 (1st Dep't 2001). "A court may consider evidentiary material submitted by a [movant] in support of a motion to dismiss a complaint pursuant to CPLR 3211(a)(7)." *Basile v. Wiggs*, 98 A.D.3d 640, 641 (2d Dep't 2012).

[3]   Underlying agreements and documents referenced in a petition/complaint may properly be considered on a motion to dismiss. CPLR 3211(a)(1).

not entitled to such consideration." *Lovisa Constr. Co. v. Metro. Transp. Auth.*, 198 A.D.2d 333, 333 (2d Dep't 1993). *See also Braddock v. Braddock*, 60 A.D.3d 84, 86 (1st Dep't 2009); *Leon v. Martinez*, 84 N.Y.2d 83, 87-88 (1994).

Dismissal pursuant to CPLR 3211(a)(1) is warranted "if the documentary evidence submitted conclusively establishes a defense to the asserted claims as a matter of law." *Morgenthrow & Latham v. Bank of N.Y. Co.*, 305 A.D.2d 74, 78 (1st Dep't 2003). Where legal conclusions and factual allegations are refuted by documentary evidence, they are not to be presumed as true or accorded every favorable inference upon a motion to dismiss and the question presented is not whether the allegations have stated a cause of action, but rather, whether the party has a cause of action. *Id.* Dalia's cross-petition is dependent on the correct construction of the Trump/AG Settlement Agreement, which, by its plain language, refutes Dalia's operative claims. As such, it constitutes "documentary evidence" under CPLR 3211(a)(1), as the contents of this fully executed agreement are "essentially undeniable." *Fontanetta v. John Doe 1*, 73 A.D.3d 78, 85 (2d Dep't 2010); *see also 150 Broadway N.Y. Assoc., L.P. v Bodner*, 14 A.D.3d 1, 5 (1st Dep't 2004).

Claims are properly dismissed as barred by *res judicata* under CPLR 3211(a)(5) when the claim was decided or could have been decided in a prior proceeding in which there was a "full and fair opportunity" to contest the issue. *In re Hunter*, 4 N.Y.3d 260, 269 (1st Dep't 2005). In determining whether collateral estoppel bars relitigation, "[t]he party to be precluded from relitigating the issue bears the burden of demonstrating the absence of a full and fair opportunity to contest the prior determination." *Buechel v. Bain*, 97 N.Y.2d 295, 304 (2001); *Pahmer v. Touche Ross and Co.*, 271 A.D.2d 371, 372 (1st Dep't 2000).

11

## I.    The Cross-Petition Fails to State a Claim For Breach of Fiduciary Duty and Loyalty

Count I (breach of fiduciary duty) and Count II (breach of loyalty) have no legal basis. As a matter of law, the beneficiary of a trust does not owe that trust any fiduciary duty or duty of loyalty. To the contrary, those duties are owed by the trustee – here, Dalia – not the beneficiary (Orly). *See, e.g.*, *Mercury Bay Boating Club Inc. v. San Diego Yacht Club*, 76 N.Y.2d 256, 270 (1990) ("We have described a fiduciary's duty as requiring not honesty alone, but the punctilio of an honor the most sensitive. This strict standard is the usual and appropriate measure of a trustee's fiduciary obligations because the trustee must administer the trust for the benefit of the beneficiaries and . . . owes the beneficiary an undivided duty of loyalty"). For that reason, these counts fail to state a claim as a matter of law and must be dismissed.

To the extent these causes of action depend on imputing such duties to Orly as an alleged "*de facto* trustee" (*see* ¶ 11) for purposes of the derivative claims in the New York action, there is no valid fact basis for making that claim because Orly never compromised any trust claims in that action (as is demonstrated below).

## II.    The Equitable Claims Are Precluded by Documentary Evidence and Res Judicata

The next four counts all sound in equity: to wit, Turnover (Count III), Accounting (Count IV), Unjust Enrichment (Count V), and Self-Dealing (Count VI). Each of these claims is based on and presupposes that the Trump/AG Settlement Agreement settled claims that belong to the Orly Trust. Thus, for example, an element of each one of these claims is that Orly was acting on behalf of and/or took for herself an asset belonging to the Orly Trust. *See, e.g.*, *Mandarin Trading Ltd. v. Wildenstein*, 16 N.Y.3d 173, 182 (2011) (unjust enrichment requires a showing that defendant was enriched by taking an asset that rightfully belonged to plaintiff); SCPA § 2103 (petition for turnover may be made with respect to assets which belong to the trust

estate); *Trepuk v. Frank*, 104 A.D.2d 780, 780-81 (1st Dep't 1984) (an accounting is an equitable

action where plaintiff is entitled to obtain an account of assets which were misappropriated);

*Baum v. Lamborn*, 203 A.D. 86, 87 (1st Dep't 1922) (same).

But that is demonstrably not the case here. The settlement agreement itself expressly

notes that no trust claims are subject to the settlement. *See* Bowen Affirm. Ex. F at 6.

In addition, these claims are barred by the doctrine of *res judicata*. Dalia has twice raised

the issue of what claims the Orly Trust had against the Trump Group, once in the Delaware

action that Dalia settled with prejudice, and the second time in the 2010 New York action noted

above. In the 2010 New York action, the First Department expressly rejected Dalia's attempt to

assert the same claim she is making in this cross-petition: that the $32.3 million settlement

payment belongs to the Orly Trust. *Cf.* Bowen Affirm. Ex. G at 1 (Dalia's substitution motion:

"Dalia respectfully requests an order pursuant to CPLR 2701 directing the settlement fund from

the Trump Group be paid into court since . . . some or all of the settlement proceeds with the

Trump Group belong to . . . the Orly Trust"), *with* Bowen Affirm. Ex. A (Dalia cross-petition,

¶ 19: "none of the aforementioned $32.3 million (the 'Settlement Proceeds') has been remitted

to the Orly Trust"). *See Genger*, 144 A.D.3d at 581.

Under the doctrine of *res judicata*, any claim that was brought or could have been

brought in a prior concluded legal action is barred in the interest of finality. *In re Hunter*, 4

N.Y.3d at 269. Here, Dalia has the burden to show that she did not have a "full and fair

opportunity" to litigate her claim that the $32.3 million in settlement proceeds belongs to the

Orly Trust. *See Pahmer*, 271 A.D.2d at 372 ("Plaintiffs, in seeking to avoid the bar of res

judicata, have failed to satisfy their burden of establishing that they were not afforded a full and

fair opportunity to litigate their claims in the prior action.").

Dalia cannot meet that burden here.  She made this same argument to the First Department which, in denying her appeal, specifically ruled that "all [Orly Trust] claims had previously been dismissed or discontinued by prior court orders." *Genger*, 144 A.D.3d at 581. Having been previously "dismissed or discontinued," these claims are precluded.

## III.   The Made-Up Successor Trustee Count is Not Cognizable

The cross-petition includes a cause of action, styled "Successor Trustee."  There is no such claim at law or equity.

At best, this is a question of remedy in the event *Orly's* petition (*not* the cross-petition) is granted.  Once Dalia is judicially removed, the question of appointing the successor ensues.  In her cross-petition, Dalia cites "article SEVENTH" of the trust instrument in support of this supposed "cause of action."  ¶¶ 65, 70.  But the terms of the trust plainly provide that only a current, validly serving trustee has the ability to appoint his or her successor; nothing in the agreement allows an *ousted* trustee to do so.  In any event, the law is clear that, upon judicial removal, it is for the Court to designate a successor trustee.  *See* SCPA § 1502.

Furthermore, what Dalia seeks is absurd.  No court, especially a Surrogate sitting in equity, would permit a trustee to select her successor even though that trustee has been adjudicated to have so fundamentally betrayed her trust and duties as to warrant removal.

Because Count VII is, in fact and law, no cause of action cognizable under our laws, it too must be dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, this Court should dismiss Dalia's cross-petition in its entirety,

with prejudice, and award Orly such other and further relief as it deems just and proper.

Dated:    New York, New York
          September 8, 2017

KASOWITZ BENSON TORRES LLP

By: _____
    Eric D. Herschmann
    Michael Paul Bowen
    Andrew R. Kurland
    1633 Broadway
    New York, New York 10019
    (212) 506-1700

*Attorneys for Petitioner Orly Genger*

ORIGINAL

SURROGATE'S COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

--------------------------------------------------------------- :

In the matter of the Application of ORLY
GENGER, as a person interested, for the removal
of DALIA GENGER, as Trustee of the Orly
Genger 1993 Trust pursuant to SCPA § 711(11).

--------------------------------------------------------------- :

:   File No.: 2008-0017
:
:   Surrogate Nora S. Anderson
:
:
:
:

New York County Surrogate's Court
MISCELLANEOUS DEPT.

SEP 6 2017

FILED

Clerk

## MEMORANDUM OF LAW IN SUPPORT OF PETITIONER'S MOTION TO DISMISS DALIA GENGER'S CROSS-PETITION

KASOWITZ BENSON TORRES LLP

1633 BROADWAY

NEW YORK, NEW YORK 10019

(212) 506-1700

ATTORNEYS FOR ORLY GENGER

SURROGATE'S COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

In the matter of the Application of ORLY
GENGER, as a person interested, for the removal of
DALIA GENGER, as Trustee of the Orly Genger
1993 Trust pursuant to SCPA § 711(11).

File No.:    2008-0017

Surrogate Nora S. Anderson

---

## AFFIRMATION OF MICHAEL PAUL BOWEN

MICHAEL PAUL BOWEN, duly admitted to practice law before the courts of the State of New York, affirms the following to be true under penalties of perjury pursuant to CPLR 2106:

1.    I am counsel of record to petitioner Orly Genger ("Genger").  I submit this affirmation in support of Orly's motion to dismiss the cross-petition of respondent Dalia Genger.

2.    Attached hereto as <u>Exhibit A</u> is a true and correct copy of the Amended Answer of Dalia Genger to Third Amended Petition and Cross-Petition, dated August 12, 2017.

3.    Attached hereto as <u>Exhibit B</u> is a true and correct copy of the Decision and Order on attachment, dated September 12, 2016, from the action *Orly Genger v. Dalia Genger, et al.*, New York County Supreme Court, Index No. 109719/09 [Dkt. No. 1395].

4.    Attached hereto as <u>Exhibit C</u> is a true and correct copy of the Answer of Dalia Genger to Third Amended Petition, dated July 28, 2017.

5.    Attached hereto as <u>Exhibit D</u> is a true and correct copy of the Stipulation and Proposed Order of Dismissal in the action *Dalia Genger, as Trustee of the Orly Genger 1993 Trust v. TR Investors, LLC, et al.*, Delaware Chancery Court, C.A. No. 6906-CS, ordered by Chancellor Strine on August 30, 2013.

6.    Attached hereto as <u>Exhibit E</u> is a true and correct copy of the First Department appellate Brief for Defendant-Appellant Dalia Genger, dated December 15, 2014, from the action *Arie Genger et al. v. Sagi Genger et al.*, Index No. 651089/10.

7.    Attached hereto as <u>Exhibit F</u> is a true and correct copy of the Settlement Agreement and Release entered in as of June 16, 2013 amongst, among others, Orly Genger and members of the so-called "Trump Group."

8.    Attached hereto as <u>Exhibit G</u> is a true and correct copy of Dalia Genger's Memorandum of Law in Support of Trustee Dalia Genger's Motion to Substitute for Plaintiff Orly Genger on her Derivative Claims Against the Trump Group and for an Order Directing Settlement Proceeds to be Paid Into Court, dated August 11, 2014, from the action *Arie Genger et al. v. Sagi Genger et al.*, New York County Index No. 651089/10 [Dkt. No. 1108].

Dated:    New York, New York
          September 8, 2017

Michael Paul Bowen

STATE OF NEW YORK
SURROGATE'S COURT: COUNTY OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - x
In the Matter of the Application of                          AMENDED ANSWER OF
ORLY GENGER, as a person interested, for the                DALIA GENGER TO
removal of DALIA GENGER as Trustee of the                   THIRD AMENDED PETITION
Orly Genger 1993 Trust pursuant to SCPA §711(11)            AND CROSS-PETTION
                                                            File No. 0017/2009

- - - - - - - - - - - - - - - - - - - - - - - - x

<u>AMENDED ANSWER</u>

Respondent Dalia Genger, by her attorneys, answers the Third Amended Petition (the "Petition") as follows:

1.   Denies.

2.   Admits, except deny knowledge or information as to specific date of appointment.

3.   Refers to the Orly Trust Agreement for the true and correct contents thereof, and otherwise denies the first sentence.  Admit the second and third sentences.

4.   Paragraph 4 states a legal request to which no response is warranted.

5.   Admits that Dalia is Petitioner's mother and the sole Trustee of the Orly Trust, and denies the remaining allegations.

6.   Denies.

7.   Denies.

8.   Denies.

9.   Denies.

10.  Denies.

11.  Denies.

12.  Denies.

13.  Denies.

14.    Admits the first two sentences.  Denies knowledge or information as to the third sentence.

15.    Denies the first four sentences.  Denies knowledge or information as to the fifth sentence.

16.    Admits.

17.    Denies.  Avers that Petitioner has previously admitted that "the Note was always intended to be repaid by the family."

18.    Refers to the referenced Note and Pledge Agreement for the true and correct contents thereof, and otherwise denies the allegations.

19.    Denies knowledge or information.

20.    Admits the first sentence.  Denies the second sentence.

21.    Admits the first sentence.  Denies knowledge or information as to the second sentence.

22.    Refers to the referenced Settlement Agreement for the true and correct contents thereof, and otherwise denies the allegations.

23.    Admits the first four sentences.  Avers that the last sentence states a legal conclusion to which no response is warranted.  Refers to the referenced Agreement, and otherwise denies the allegations.

24.    Refers to the referenced Shareholders Agreement for the true and correct contents thereof, and otherwise denies the allegations.

25.    Denies.

26.    Denies.

27.     Refers to the referenced Resolution for the true and correct contents thereof, and otherwise denies the allegations.

28.     Denies.

29.     Refers to the referenced Memorandum for the true and correct contents thereof, and otherwise denies the allegations.

30.     Refers to the referenced Memorandum for the true and correct contents thereof, and otherwise denies the allegations.

31.     Refers to the referenced Arbitration transcript for the true and correct contents thereof, and otherwise denies the allegations.

32.     Refers to the referenced Arbitration transcript for the true and correct contents thereof, and otherwise denies the allegations.

33.     Refers to the referenced Memorandum for the true and correct contents thereof, and otherwise denies the allegations.

34.     Refers to the referenced Arbitration Award for the true and correct contents thereof, and otherwise denies the allegations.

35.     Denies.

36.     Refers to the referenced Agreement for the true and correct contents thereof, and otherwise denies the allegations.

37.     Refers to the referenced Agreement for the true and correct contents thereof, and otherwise denies the allegations.

38.     Denies.

39.     Denies knowledge or information as to the first sentence.  Denies the remaining allegations.

-3-

40.     Denies.

41.     Refers to the referenced Application for the true and correct contents thereof, and otherwise denies the allegations.

42.     Refers to the referenced Court decision for the true and correct contents thereof, and otherwise denies the allegations.

43.     Denies.

44.     Denies.

45.     Denies.

46.     Refers to the referenced Letter for the true and correct contents thereof, and otherwise denies the allegations.

47.     Denies.

48.     Refers to the referenced Agreement for the true and correct contents thereof, and otherwise denies the allegations.

49.     Refers to the referenced Agreement for the true and correct contents thereof, and otherwise denies the allegations.

50.     Denies.

51.     Admits the first sentence.  Denies knowledge or information as to the remaining allegations.

52.     Refers to the referenced Letter for the true and correct contents thereof, and otherwise denies the allegations.

53.     Denies.

54.     Refers to the Court records for the true and correct contents thereof, and otherwise denies the allegations.

-4-

55.    Refers to the referenced Court decision for the true and correct contents thereof,
and otherwise denies the allegations.

56.    Refers to the referenced Demand for the true and correct contents thereof, and
otherwise denies the allegations.

57.    Refers to the referenced Letter for the true and correct contents thereof, and
otherwise denies the allegations.

58.    Denies, and refers to Justice Feinman's decision construing the Arbitration
Award.

59.    Denies.

60.    Denies.

61.    Denies.

62.    Denies.

63.    Denies.

64.    Denies.

65.    Denies.

66.    Refers to the referenced Complaint for the true and correct contents thereof, and
otherwise denies the allegations.

67.    Refers to the referenced Petition for the true and correct contents thereof, and
otherwise denies the allegations.

68.    Refers to the referenced Court order for the true and correct contents thereof, and
otherwise denies the allegations.

69.    Refers to the referenced Court transcript for the true and correct contents thereof,
and otherwise denies the allegations.

70. Refers to the referenced Court order for the true and correct contents thereof, and otherwise denies the allegations.

71. Refers to the referenced Petition for the true and correct contents thereof, and otherwise denies the allegations.

72. Refers to the referenced Court order for the true and correct contents thereof, and otherwise denies the allegations.

73. Refers to the referenced Court order for the true and correct contents thereof, and otherwise denies the allegations.

74. Denies.

75. Denies.

76. Denies.

77. Denies.

78. Denies.

79. Refers to the referenced Promissory Note for the true and correct contents thereof, and otherwise denies the allegations.

80. Denies.

81. Refers to the referenced Promissory Note for the true and correct contents thereof, and otherwise denies the allegations.

82. Refers to the referenced Promissory Note for the true and correct contents thereof, and otherwise denies the allegations.

83. Refers to the referenced Forbearance Agreement for the true and correct contents thereof, and otherwise denies the allegations.

84. Denies.

-6-

AFFIRMATIVE DEFENSES

1.      The claims are barred by Petitioner's unclean hands and culpable conduct.

2.      The claims are time-barred.

3.      The claims are barred by findings made by other courts, and by the doctrines of *res judicata*, collateral estoppel, and judicial estoppel.

4.      The claims are barred by illegality and public policy.

5.      The claims are barred by the statute of frauds and parol evidence rule.

## CROSS-PETITION

It is respectfully alleged:

### The Parties

1.      Respondent/Cross-Petitioner Dalia Genger ("Dalia"), resides and is domiciled at 200 E. 65th Street, in the City of New York, County of New York and State of New York.

2.      Dalia the Trustee of the Orly Genger 1993 Trust (the "Orly Trust").

3.      Petitioner/Cross-Respondent Orly Genger ("Orly") is the only non-contingent beneficiary of the Orly Trust.

### Jurisdiction and Venue

4.      This Court has subject matter jurisdiction pursuant to the Surrogate's Court Procedure Act, inter alia, SCPA 103(50), SCPA 207(1), and SCPA 209(6).

5.      Venue in this County is proper pursuant to, inter alia, SCPA 207(1).

### The Orly Trust

6.      On or around December 13, 1993, Arie Genger ("Arie") settled the Orly Trust pursuant to a written Trust Agreement executed by Arie, as Grantor, and the two prior Trustees,

-8-

Lawrence M. Small and Sash A. Spencer (the "Trust Agreement").

7.  Pursuant to Article ELEVENTH, Section C of the Trust Agreement, all trust funds are to
    be held in the name of the Orly Trust, and no Orly Trust assets are to be used for the
    benefit of Orly's creditors (the "Trust Agreement Obligations").

## Orly Trust Derivative Litigation

8.  In July 2010, Orly instituted a derivative action in the Supreme Court, New York County
    entitled Arie Genger, et al. v. Sagi Genger, et al., Index No. 651089/2010, by which she
    brought claims "on behalf of the Orly Trust as the beneficiary of the Orly Trust" (the
    "Orly Trust Derivative Litigation"). The Complaint sought to assert claims for the Orly
    Trust's ownership in shares of stock in a company called Trans-Resources, Inc. ("TRI").
    Orly later amended her pleading to assert claims against, inter alia, the purchasers of
    those TRI shares, Glenclova Investment Company, TR Investors, LLC, New TR Equity I,
    LLC, and New TR Equity II, and TRI (collectively, the "Trump Group Entities").

9.  On January 2, 2013, in the Orly Trust Derivative Litigation, Justice Jaffe of the Supreme
    Court, New York County adopted Orly's position that she "has legal standing to represent
    the Orly Trust" and "may act on behalf of the Orly Trust unless and until the Surrogate's
    Court rules otherwise in an appropriate action there."

10. Earlier on in the same Orly Trust Derivative Litigation, Orly moved to restrain Dalia from
    pursuing what Orly characterized as a "duplicative" action as Trustee of the Orly Trust
    before the Delaware Chancery Court, by which Dalia was seeking a declaration of obtain
    ownership of the same TRI shares. According to Orly: "In the instant action ..., I seek,
    among other things, the return of those [same] TRI Shares to the Orly Trust." Also
    according to Orly, Dalia's "contention that the Orly Trust is not a party to this action ...

-9-

is meritless. Orly is prosecuting this action on behalf of the Orly Trust." The Supreme
Court, New York County, agreed, restraining Dalia from pursuing the action in the
Delaware Chancery Court by which the Orly Trust had sought the TRI shares.

11. As a derivative plaintiff for the Orly Trust, having prevented the "duplicative litigation"
brought by Dalia on behalf of the Orly Trust, Orly became the de facto trustee of the Orly
Trust and owed fiduciary duties to the Orly Trust.

### Discontinuance With Prejudice of
### The Orly Trust Claims

12. In June 2013, Orly disclosed that she had "entered into a confidential settlement
agreement to resolve all issues among the stipulating parties," which included the Trump
Group Entities. However, the settlement terms were left undisclosed. Dalia sought
production of the settlement agreement, but Orly refused to produce it, claiming the
document was too "confidential." When it was proposed that the document be produced
under "Attorney's Eye's Only" limitation, Orly refused that proposal as well. Instead,
Orly submitted the Settlement Agreement to Justice Jaffe, unsolicited, for in camera
inspection.

13. By letter dated June 28, 2013, counsel to the Trump Group Entities wrote to the Court on
behalf of all settling parties "including ... Orly Genger" confirming that: "A material
term of the agreement among the settling parties was the dismissal of **all** claims presently
pending against one another, in whatever capacity they were brought. [If the settlement
stipulation was drafted so as to] have the effect of **not** dismissing Orly Genger's
derivative claims against the Trump Group [Entities], contrary to the agreement of the
settling parties. Excluding such claims from the claims that are to be dismissed is not

what the Trump Group [Entities] bargained and paid for in the settlement . . ."

14. Neither Orly nor any of the other settling parties disagreed with counsel's statements regarding the scope of the settlement. Accordingly, on July 1, 2013, Justice Jaffe signed the requested Stipulation and Order of Discontinuance with Prejudice.

### The Trump Group Entities Settlement Agreement

15. Months later, as part of a parallel proceeding, the United States District Court directed Orly to produce her settlement agreement with the Trump Group Entities (the "Trump Group Entities Settlement Agreement"). The document revealed that Orly had settled her claims against the Trump Group Entities both "in her individual capacity and in her capacity as beneficiary of the Orly Genger 1993 Trust" – the latter being the very capacity by which the Supreme Court permitted Orly to assert derivative claims. According to its signatories, the purpose of the agreement was "to resolve all issues, disputes and disagreements between [Orly and the other Settling Parties], including but not limited to the issue of ownership of all [TRI] shares," most significantly those TRI shares claimed by the Orly Trust.

16. In exchange, the Trump Group Entities agreed to pay $32.3 million to the so-called "AG Group," consisting of Orly, her father Arie, and Arnold and David Broser (collectively, "the Brosers"). Upon information and belief, the Brosers are creditors of Orly personally, to whom Orly owes many millions of dollars. The payments were broken up into: (a) an immediate payment of $17.3 million and (b) two follow-up payments of $7.5 million. According to the federal court, which reviewed the document, "Orly monetized her beneficial interest in the Orly Trust['s] [TRI] shares for $32.3 million ...."

17. The Trump Group Entities have since reaffirmed that the federal court construed the

-11-

Trump Group Entities Settlement Agreement correctly:

> [Any suggestion] that the confidential settlement agreement *might* only dismiss Orly's individual claims against the Trump Group [Entities], but not resolve the Orly Trust's claims against the Trump Group [Entities] and the TPR Group . . . is counterfactual. This Court has already held that certain of Orly's claims in this action, including the remaining claims, are derivative in nature, and may be maintained by Orly on behalf of the Orly Genger 1993 Trust. ... In settling the claims among them, the Trump Group [Entities], Trans-Resources, Orly and Arie agreed to the dismissal of all claims presently pending against one another. This agreement is memorialized in the Second Amended Stipulation of Discontinuance.

18. Evidencing this intent, in Section 6(a) of the Trump Group Entities Settlement Agreement, Orly settled and released all of her claims in the Trump Group Entities Settlement in both her derivative and individual capacities. (Orly releasing the Trumps "in all capacities.") In Section 8(a) thereof, Orly further agreed to "cause" the Orly Trust to do the same, which she later did, advising the Delaware Chancery Court that she favored dismissal of Petitioner's action on behalf of the Orly Trust. The case was dismissed.

### The Settlement Proceeds

19. Under applicable law, the proceeds of a settlement obtained in a derivative lawsuit belong to the direct plaintiff (in this case, the Orly Trust), not the derivative plaintiff (in this case, Orly personally). Nonetheless, to date, none of the aforementioned $32.3 million (the "Settlement Proceeds") has been remitted to the Orly Trust, nor have any of the settling parties indicated an intention to do so in the future.

20. At a hearing before Justice Jaffe on March 25, 2015, counsel to the Trump Group Entities confirmed that $17.3 million of the Settlement Proceeds has already been paid, but that $15 million remains to be paid, less possible "set-offs" and subject to possible

-12-