IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In the Matter of the Application of ORLY GENGER to Remove Dalia Genger as Trustee of the Orly Genger 1993 Trust Established on Dec. 13, 1993 by Arie Genger, grantor. | Case No. 19-cv-9319-AKH<br><br>Hon. Alvin K. Hellerstein |
| Orly Genger, beneficiary of The Orly Genger 1993 Trust,<br>      Petitioner,<br>v.<br>Dalia Genger, as trustee of The Orly Genger 1993 Trust, and The Sagi Genger 1993 Trust,<br>      Respondents. | |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO TRANSFER

Ron Satija, the Chapter 7 Trustee ("Bankruptcy Trustee") for the bankruptcy estate of petitioner Orly Genger ("Orly"), by and through his undersigned counsel, on behalf of the petitioner, hereby files this Memorandum of Law in Support of Motion to Transfer, pursuant to 28 U.S.C. § 1412, in order to transfer this proceeding to the U.S. District Court for the Western District of Texas, where the related bankruptcy proceeding is pending, and respectfully states as follows:

### INTRODUCTION

Orly's bankruptcy case is currently pending in the Western District of Texas, and Ron Satija is the court-appointed Bankruptcy Trustee in that proceeding. On behalf of Orly, the Bankruptcy Trustee removed this case from the New York County Surrogate's Court to this Court on October 8, 2019, pursuant to Rule 9027 of the Federal Rules of Bankruptcy Procedure. The parties to this case – Orly, Dalia Genger ("Dalia"), and Sagi Genger (through a trust for his

benefit that is controlled by him) ("Sagi"), are all represented in and actively litigating the bankruptcy case in Texas; Orly is the debtor in the bankruptcy, and Dalia and Sagi, who are aligned with each other and share counsel in various actions, are challenging the "contested matters" in the bankruptcy. They also have each issued subpoenas out of the bankruptcy demanding documents and/or deposition testimony in connection with the bankruptcy.

Last week, in a separate proceeding filed in this jurisdiction to quash one of the bankruptcy subpoenas issued by Sagi, Sagi filed a letter agreeing that that proceeding should be transferred to the Western District of Texas so that the bankruptcy court can make consistent and coordinated rulings. *See* Letter from Sagi counsel, dated October 11, 2019, filed in *In re Orly Genger*, Case No. 19-mc-00459-JPO, Doc. No. 5 (S.D.N.Y.).

This case involves the same parties and similar issues that are being considered by the bankruptcy court in Texas, including in connection with claims that Sagi is making in the bankruptcy case. In particular, this case concerns Orly's claims against Dalia for, among other things, breach of fiduciary duty with respect to Dalia's role as trustee of a trust set up in 1993 for Orly's benefit. In light of the bankruptcy, Orly's claims in this action are the property of the bankruptcy estate, and the cross-claims asserted by Dalia against Orly affect property of the bankruptcy estate. The relief which Orly seeks against Dalia in this action also directly relates to other matters that will necessarily be considered by the bankruptcy court as it rules upon objections to claims that Dalia and Sagi are asserting against the bankruptcy estate.

For all these reasons, this matter is a "core proceeding" in the bankruptcy. Therefore, in the interest of justice, judicial economy, and the parties hereto, the Bankruptcy Trustee respectfully requests the transfer of this case to the Western District of Texas, where an order of reference to the Bankruptcy Court may be obtained.

## FACTUAL BACKGROUND

Orly commenced this proceeding against Dalia in the New York County Surrogate's Court more than ten years ago.  In the action, Orly seeks, *inter alia*, the removal of Dalia Genger as trustee of the trust known as the Orly Genger 1993 Trust (the "OG Trust").  Orly is the beneficiary of that trust.  Orly also seeks the appointment of a successor trustee who is not conflicted with Orly, as well as damages from Dalia as a result of Dalia's breaches of fiduciary duty during her tenure as trustee of the OG Trust.[1]

After approximately a decade of procedural wrangling by both Dalia and Sagi, including multiple rounds of motions to dismiss, the Surrogate's Court denied the motions to dismiss, allowing the claims against Dalia to proceed.  In yet another attempt to further derail adjudication of the merits of the claims against her, Dalia filed frivolous cross-claims against Orly after her motion to dismiss was denied.  Orly's motion to dismiss those cross-claims has been *sub judice* before the Surrogate's court since 2017.

Orly is a resident of Texas.  On July 12, 2019, Orly filed a voluntary petition for bankruptcy pursuant to Chapter 7 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Western District of Texas, Austin Division, under Case No. 19-10926-TMD.  Now that Orly has filed for bankruptcy protection, Orly's claims against Dalia belong to Orly's bankruptcy estate.  On this basis, the Bankruptcy Trustee removed the Surrogate's Court action to this Court on October 8, 2019, so that it can be transferred to be heard in the same District as the bankruptcy case.

---

[1] As of June 2019, Dalia claims to have appointed Michael Oldner, an individual unknown to Orly who is apparently located in Arkansas, to serve as the "successor trustee" of the OG Trust.  This appointment was made during the pendency of the removal proceedings against Dalia and is accordingly invalid.  Therefore, the relief Orly seeks in the Surrogate's Court with respect to the removal of Dalia as trustee applies with equal force to the purported successor trustee.

3

# ARGUMENT

**I.    Standards of Law**

Transfer of venue of an action that concerns matters "core" to issues being considered in a pending bankruptcy case is accomplished pursuant to 28 U.S.C. § 1412. *In re Westinghouse Elec. Co. LLC*, No. 18-CV-3942-VSB, 2019 WL 1349500, at *5 (S.D.N.Y. Mar. 25, 2019). This statute permits a district court to transfer a case under Title 11 "to a district court for another district, in the interest of justice or for the convenience of the parties." 28 U.S.C. § 1412. "On a motion to transfer venue pursuant to 28 U.S.C. § 1412, 'the district in which the underlying bankruptcy case is pending is presumed to be the appropriate district for hearing and determination of a proceeding in bankruptcy.'" *Old Ladder Litigation Co., LLC v. Investcorp Bank B.S.C.*, 2008 WL 11400737, at *2 (S.D.N.Y. Oct. 8, 2008) (quoting *Gulf States Exploration Co. v. Manville Forest Prods. Corp.*, 896 F.2d 1384, 1391 (2d Cir. 1990)).

Courts in this District consider six factors in determining whether such transfer is in the interest of justice: 1) whether transfer would promote the economic and efficient administration of the bankruptcy estate; 2) whether the interests of judicial economy would be served by the transfer; 3) whether the parties would be able to receive a fair trial in each of the possible venues; 4) whether either forum has an interest in having the controversy decided within its borders; 5) whether the enforceability of any judgment would be affected by the transfer; and 6) whether the plaintiff's original choice of forum should be disturbed. *In re Westinghouse*, 2019 WL 1349500, at *5-6.

The factors considered by courts when considering a motion to transfer brought pursuant to 28 U.S.C. § 1404 can also be relevant considerations. *Id.* ("In determining whether to grant a motion for transfer under § 1412, courts consider substantially the same factors as for a motion

4

to transfer under 28 U.S.C. § 1404(a).") (citation omitted).  These factors include: (1) the convenience of the witnesses; (2) the convenience of the parties; (3) the location of relevant documents and the relative ease of access to sources of proof; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded the plaintiff's choice of forum; and (9) trial efficiency and the interests of justice.  *Id.* at *5.

## II.    Transfer of this Action Is In The Interest of Justice

Transfer to the Western District of Texas is warranted in the interest of justice, when the six relevant factors are considered.  As set forth below, five of the six factors weigh in favor of transfer, and one is neutral.

### 1.    Transfer will Promote the Efficient Administration of the Bankruptcy Estate

This proceeding concerns the removal of Dalia as trustee of the OG Trust, and recovery of damages from Dalia.  It is a "core proceeding" pursuant to 28 U.S.C. § 157(b)(2), because, among other things, the damages which Orly intends to collect from Dalia through this action are property of the bankruptcy estate, and Dalia purports to have claims against the bankruptcy estate, which are subject to challenge by the bankruptcy trustee, the debtor Orly, and other interested parties.  Dalia is also pursuing (frivolous) cross-claims against Orly, which affect the bankruptcy estate.  *See* 28 U.S.C. §§ 157(b)(2)(A), (B), (C), (E), (O).  The bankruptcy court should be permitted to adjudicate all matters so related to the bankruptcy, and transfer of this action to the Western District of Texas will facilitate this, and enable to the bankruptcy action to proceed in the most efficient manner possible.  *See Old Ladder Litigation Co.*, 2008 WL 11400737, at *2 (transferring litigation to District of Delaware, where bankruptcy proceeding was pending, because it would be "most economical and efficient" for the bankruptcy estate to

address the overlapping issues in one location before one judge). Therefore, this factor weighs in favor of transfer to the Western District of Texas.

  **2.  The Interests of Judicial Economy will be Served by the Transfer**

As articulated above, as a result of the claim Dalia is apparently intending to assert in the bankruptcy proceeding and the cross-claims Dalia is asserting against Orly (and accordingly the bankruptcy estate) herein, the bankruptcy court will be required to consider the allegations of Dalia's wrongdoing, as pled in this action, while the court considers objections to any such claims by Dalia. Additionally, the affirmative claims the bankruptcy estate has against Dalia as alleged in this action – including related to steps Dalia has taken that could adversely affect the bankruptcy estate, such as by asserting cross-claims against Orly – will need to be considered by the bankruptcy court in all cases. Therefore, it would be redundant if the merits of this action were simultaneously heard in this jurisdiction. Judicial economy considerations accordingly support transfer to the Western District of Texas.

  **3.  The Parties Will Receive a Fair Trial in Either Venue**

This factor does not change the calculus of whether the action should be transferred. Nothing suggests that either the Southern District of New York or the Western District of Texas is biased for or against any party.

  **4.  The Western District of Texas has an Interest in Deciding this Matter**

The bankruptcy is pending in the Western District of Texas, and there is a strong presumption that related cases should be transferred to the forum of the bankruptcy proceeding. *See Old Ladder Litigation*, 2008 WL 11400737, at \*4. Because Orly lives in Texas, that State has an interest in protecting her interests. Accordingly, even though Dalia lives in New York

(and Sagi apparently lives in Connecticut and/or Florida), this factor weighs in favor of transferring the case.

**5.     Any Judgment Orly Obtains in Texas is Enforceable in New York**

A judgment obtained in Texas against Dalia would be enforceable in New York, and therefore this factor does not weigh against transfer. In fact, it would likely be more efficient for the bankruptcy court to be the court that issues a judgment against Dalia, because any such judgment would permit the bankruptcy court to distribute any recovery efficiently to creditors of the bankruptcy estate, and/or to reject any claims Dalia may assert against the bankruptcy estate.

**6.     The Original Choice of Forum does not Militate Against Transfer**

Orly commenced this action more than a decade ago in the New York Surrogate's Court because the OG Trust is organized under New York law. Whether or not Orly might have had the ability to pursue relief in a different court at the outset, the Surrogate's Court has by all accounts been an inferior forum that has caused great harm to Orly because it has been unable to reach the merits of Orly's claims against Dalia in more than a decade. It is in the best interests of Orly and now the bankruptcy Estate (as well as that of Orly's creditors and Dalia herself) that the merits be addressed expeditiously. The transfer sought will enable adjudication on the merits in a timely fashion, whereas the Surrogate's Court has been unable to resolve this matter for years and no schedule for reaching the merits has even been set in that court. For these reasons, Orly's initial forum choice is of no consequence. Accordingly, this factor weighs in support of transfer to the bankruptcy court.

**III.    Transfer of this Action is Convenient for the Parties**

28 U.S.C. § 1412 also permits transfer if it is convenient for the parties. Orly lives in Texas, and therefore it would be more convenient for her for the action to proceed there. Though

7

Dalia lives in New York, she has appeared in the bankruptcy proceeding, has Texas counsel, and is actively litigating in Texas in connection with the bankruptcy. For instance, she has issued a multitude of subpoenas in the bankruptcy proceeding, through which she has demanded production of a litany of documents in connection with her response to contested matters in the bankruptcy.

It is unclear what role Sagi has in this matter considering Orly has not asserted any claims against him in this case and his motion to dismiss Orly's claims against Dalia was denied, but it is undisputed that he is aligned with Dalia, is also actively litigating in the bankruptcy in Texas. Like Dalia, he is opposing the contested matters in the bankruptcy, and separately has issued at least nine subpoenas out of the bankruptcy proceeding in Texas demanding documents and depositions. Sagi also recently consented to transfer to Texas another action filed in this jurisdiction – a motion to quash a subpoena he issued out of the bankruptcy case – because he acknowledged that such a transfer would expedite the matter and allow the bankruptcy judge to make consistent rulings. *See* Letter from Sagi Genger counsel, dated October 11, 2019, filed in *In re Orly Genger*, Case No. 19-mc-00459-JPO, Doc. No. 5 (S.D.N.Y.).

Therefore, not only is transfer to the Western District of Texas in the interest of justice, it is also in the interest of the parties.

**IV.    Application of Section 1404(a) factors Confirm Transfer is Appropriate**

Transfer to the Western District of Texas is also warranted when the factors relevant to transfer pursuant to 28 U.S.C. § 1404(a) are considered. *In re Westinghouse*, 2019 WL 1349500, at *5.[2]

---

[2] This motion is not brought pursuant to 28 U.S.C. § 1404, because there would have been no basis for Orly to have commenced this proceeding against Dalia in Texas when she initially filed it more than a decade ago.

8

*First*, both the parties and all of the relevant witnesses to this action, including Dalia and Sagi, are already participating in the Texas bankruptcy. Moreover, Orly lives in Texas. *Second*, there are no operative facts, documents, or other sources of proof that are more accessible in New York compared to any other location. In fact, much if not all of the relevant information concerning the claims in this action will necessarily have to be presented to the bankruptcy court in Texas. *Third*, Dalia, who has millions of dollars, has the ability to litigate in Texas (as evidenced by her active participation in the bankruptcy proceeding already). *Fourth*, Texas courts regularly apply the law of other states, including New York. *Fifth*, as articulated above, though Orly commenced this action in New York Surrogate's Court, that proceeding has been delayed for over a decade, during which time that court has not decided the claims on the merits or even issued a court-ordered case-management schedule to reach the merits. *Finally*, for the reasons set forth in Sections II and III above, the interests of justice and matters of efficiency weigh in favor of transfer.

## CONCLUSION

For the foregoing reasons, the Bankruptcy Trustee respectfully requests this matter be transferred to the Western District of Texas.

Dated: New York, New York
      October 14, 2019

                                    KASOWITZ BENSON TORRES LLP

                                    /s/ Michael Paul Bowen
                                    By: Michael Paul Bowen (mbowen@kasowitz.com)
                                    Andrew R. Kurland (akurland@kasowitz.com)
                                    1633 Broadway
                                    New York, NY 10019
                                    Tel. (212) 506-1700
                                    Fax (212) 506-1800

                                    *Attorneys for Ron Satija, Bankruptcy Trustee*