UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In the Matter of the Application of ORLY GENGER to Remove Dalia Genger as Trustee of the Orly Genger 1993 Trust Established on Dec.13, 1993 by Arie Genger, grantor. | Case No. 19-cv-9319 (AKH) |
| Orly Genger, beneficiary of The Orly Genger 1993 Trust, | N.Y. Cty. Surrogate's Court File No.: 2008-0017 |
| Petitioner, | |
| - against - | |
| Dalia Genger, as trustee of The Orly Genger 1993 Trust, and The Sagi Genger 1993 Trust, | |
| Respondents. | |

### RESPONDENT ORLY GENGER 1993 TRUST'S
### MEMORANDUM OF LAW IN SUPPORT OF MOTION TO REMAND

POLLOCK COHEN LLP
60 Broad St., 24th Fl.
New York, NY  10004
(212) 337-5361
*Attorneys for Michael Oldner,*
*Trustee of the Orly Genger 1993 Trust*

**Table of Contents**

**INTRODUCTION** ........................................................................................................... 1

**FACTUAL BACKGROUND** ........................................................................................ 3

    I.       The Underlying Litigation ................................................................................... 3

          A.       The Surrogate Court Proceedings ............................................................... 4

    II.      The Bankruptcy Proceedings ............................................................................... 5

          A.       Orly Genger's Chapter 7 Bankruptcy ......................................................... 5

          B.       The Instant Removal Petitions and Related Case ...................................... 6

          C.       The Texas Bankruptcy Court's November 5th Hearing ............................ 6

**LEGAL STANDARDS** ................................................................................................ 7

**ARGUMENT** ............................................................................................................... 7

    I.       The removing party lacks standing to maintain this action. .................................. 8

    II.      Mandatory abstention principles require the remand of these petitions. ............... 9

          A.      The Trustee's remand motion is timely. ..................................................... 10

          B.      The removed petitions are state law claims. ............................................. 10

          C.      The removed petitions are not "core" bankruptcy claims. ........................ 10

          D.      The remaining factors weigh in favor of remand. .................................... 11

    III.     Discretionary abstention principles weigh in favor of remand. ............................ 13

**CONCLUSION** .......................................................................................................... 15

# Table of Authorities

**Cases**

*Colish v. United States (In re Colish)*,
 289 B.R. 523 (Bankr. E.D.N.Y. 2002) ............................................................................... 15

*Fairfield Sentry Ltd. Litig.*,
 458 B.R. 665 (S.D.N.Y. 2011) ...................................................................................... 9, 10

*Fox v. Board of Trustees*,
 42 F.3d 135 (2d Cir. 1994) ................................................................................................. 8

*Gen. Motors LLC Ignition Switch Litig.*,
 No. 14 MD 2543 (JMF), 2017 WL 5195234 (S.D.N.Y. Nov. 9, 2017) ............................ 11

*Genger v. Genger*,
 2018 U.S. Dist. LEXIS 126958 (S.D.N.Y. July 27, 2018) ................................................. 3

*Genger v. Genger*,
 771 Fed. Appx. 99 (2d. Cir. 2019) ...................................................................................... 3

*Genger v. TR Inv'rs, LLC*,
 26 A.3d 180 (Del. 2011) ..................................................................................................... 3

*Genger*,
 2010 NYLJ LEXIS 2670 (Surrogate's Ct., N.Y. Cty. Nov. 18, 2010) ................................ 3

*In re Boisseau*,
 2017 U.S. Dist. LEXIS 11964 (N.D.N.Y. Jan. 30, 2017) ................................................. 14

*Lefkowitz v. Bank of New York*,
 528 F.3d 102 (2d Cir. 2007) ............................................................................................. 14

*Marshall v. Marshall*,
 547 U.S. 293 (2006) ......................................................................................................... 14

*Muhammed v. City of N.Y. Dep't of Corrections*,
 126 F.3d 119 (2d Cir. 1997) ............................................................................................... 8

*Multibank, Inc. v. Access Glob. Capital LLC*,
 594 B.R. 618 (Bankr. S.D.N.Y. 2018) .......................................................................... 9, 12

*Parmalat Capital Fin. Ltd. v. Bank of Am. Corp.*,
 639 F.3d 572 (2d Cir. 2011) ....................................................................................... 11, 12

*Phillips v. Citibank, N.A.*,
 252 F. Supp. 3d 289 (S.D.N.Y. 2017) .............................................................................. 14

*Post Inv'rs LLC v. Gribble*,
 No. 12 Civ. 4479 (ALC) (AJP), 2012 WL 4466619 (S.D.N.Y. Sept. 27, 2012) ......... 10, 13

*Regan v. Ross*,
   691 F.2d 81(2d Cir. 1982) ............................................................................................... 15

*Residential Capital, LLC*,
   527 B.R. 865 (S.D.N.Y. 2014) ....................................................................................... 11

*Somlyo v. J. Lu-Rob Enters., Inc.*,
   932 F.2d 1043 (2d Cir. 1991) ..................................................................................... 7, 12

*Spokeo, Inc. v. Robins*,
   136 S. Ct. 1540 (2016) ..................................................................................................... 7

*Traina v. Sewell (In re Sewell)*,
   180 F.3d 707 (5th Cir. 1999) .......................................................................................... 15

*United Food & Commercial Workers Union, Local 919 v. Centermark Props.*,
   30 F.3d 298 (2d Cir. 1994) ............................................................................................... 7

*Wilson v. Republic Iron & Steel Co.*,
   257 U.S. 92 (1921) ............................................................................................................ 7

**Statutes**

11 U.S.C. § 321 ....................................................................................................................... 1, 8

11 U.S.C. § 541 ......................................................................................................................... 15

28 U.S.C. § 157 ......................................................................................................................... 11

28 U.S.C. § 1334 ................................................................................................................. passim

28 U.S.C. § 1452 ....................................................................................................................... 13

N.Y. Surrogate's Court Procedure Act § 207 ............................................................................ 14

N.Y. Surrogate's Court Procedure Act § 209 ............................................................................ 14

**Treatises**

15 Moore's Fed. Practice – Civil § 101.31 .................................................................................. 7

15 Moore's Fed. Practice – Civil § 101.90 .................................................................................. 8

15 Moore's Fed. Practice – Civil § 101.94 .................................................................................. 8

16 Moore's Fed. Practice – Civil § 107.05 .................................................................................. 7

16 Moore's Fed. Practice – Civil § 107.06 ...................................................................... 7, 12, 13

- iii -

4

## INTRODUCTION

Last month, Ron Satija, the then-serving Chapter 7 Trustee for the Debtor, Ms. Orly Genger, removed two petitions from New York State Surrogate's Court into the above-captioned case—(1) a petition to remove Dalia Genger, as Trustee of The Orly Genger 1993 Trust, of which Ms. Orly Genger is the sole beneficiary; and (2) a petition to compel an accounting of such Trust, pursuant to New York Surrogate's Court Procedure Act 2205. *See* Notice of Removal, (ECF No. 1; Oct. 8, 2019). Based on the Chapter 7 bankruptcy filing of Ms. Orly Genger in the Western District of Texas in July 2019, Mr. Satija asserted that removal jurisdiction is proper under 28 U.S.C. § 1334.

But for several reasons, Mr. Satija's removal of these petitions is improper, and an Order from this Court remanding this action back to state court is appropriate.[1]

***First***, the removing party in this instance—Ron Satija, the former Chapter 7 Trustee for Orly Genger—lacks standing, much less the authority, to maintain this removal action.

As determined by a hearing before the Western District of Texas Bankruptcy Court on November 5, 2019, Orly Genger's Chapter 7 bankruptcy proceeding is being transferred to the Southern District of New York. *See In re Orly Genger*, Bankr. Pet. No. 19-10926, Dkt. Rept. (Bankr. W.D. Tex.) (transferring various motions and applications to the Southern District of New York, as of Nov. 5, 2019). And, because Mr. Satija neither resides nor maintains an office within the Southern District, Mr. Satija can no longer serve as Ms. Genger's Chapter 7 Trustee. *See* 11 U.S.C. § 321(a)(1) (identifying the qualifications for a Chapter 7 trustee).[2]

---

[1] Michael Oldner, in his capacity as the Trustee of Respondent The Orly Genger 1993 Trust, moves to remand the two instant petitions back to New York State Surrogate's Court.

[2] As a further result of this ruling, Mr. Satija's counsel has indicated that the motion to transfer the petitions in this action (ECF No. 3), as well as the related case, *Genger v. Genger et al.*, Case No. 19-cv-9365 (AKH) (S.D.N.Y.) (ECF No. 6), will be withdrawn.

Thus, because the removing party, Mr. Satija, now lacks the authority and standing to maintain this action—and, because it is the removing party's burden to demonstrate federal jurisdiction over the removed petitions, at each stage of the litigation—the pending removal petition is moot. Accordingly, this Court should abstain from exercising its jurisdiction here, *see* 28 U.S.C. § 1334(c)(1), and simply remand these petitions back to state court.

***Second***, even if Mr. Satija's lack of authority or standing could be ignored (which it cannot), the mandatory abstention doctrine—i.e., 28 U.S.C. § 1334(c)(2)—applies here and prevents this Court from exercising its authority over the removed petitions. As detailed below, (1) the underlying state court action is based on state law claims; (2) the claims are not "core" bankruptcy proceedings, much less "related to" core bankruptcy proceedings; (3) no other basis for federal jurisdiction exists, but for the purported bankruptcy claim; and (4) the matter can be adjudicated in a timely manner in New York state court—a venue where the underlying action and related petitions have been vigorously litigated for over 10 years.

***Third***, equitable grounds exist for this Court to abstain from hearing the removed petitions back to state court. *See* 28 U.S.C. § 1334(c)(1).

To begin, the underlying petitions have already been addressed or have been submitted to the New York State Surrogate's Court for a merits determination. And as to Orly Genger's petition to remove Dalia Genger as Trustee of The Orly Genger 1993 Trust, on June 13, 2019, Dalia Genger appointed Michael Older as the "successor trustee" of the Trust. Thus, Orly Genger's underlying complaint to remove Dalia Genger as Trustee has been resolved. And as to Orly Genger's request for an accounting, Dalia Genger has already provided such an accounting and sought to have the New York State Surrogate's Court formally settle the matter. Such petition is currently being considered by the Surrogate's Court.

Accordingly, given the federal courts' interest in comity with state courts and respect for New York State law, *see* 28 U.S.C. § 1334(c)(1), this Court should exercise its discretion and remand such petitions back to state court. This is particularly true where a state court—as the case is here—has assumed jurisdiction over a trust and the debtor has participated actively in the Surrogate's Court proceeding. Indeed, Ms. Genger initiated such petitions in state court, well before the filing of her Chapter 7 bankruptcy.

In sum, the two removed petitions belong in New York State Surrogate's Court. Orly Genger's continued attempts to forum shop her claims should be rejected. And, this Court should grant the Trustee's motion and remand these proceedings back to state court.

**FACTUAL BACKGROUND**

**I.      The Underlying Litigation**

The roots of Orly Genger's petitions stem from a 2004 divorce between her parents, Arie and Dalia Genger. As part of that divorce, Dalia agreed to convey her marital rights of Trans-Resources, Inc. ("TRI")[3] to two separate trusts (The Sagi Genger 1993 Trust and The Orly Genger 1993 Trust), benefitting her and Arie's children, Sagi and Orly Genger.

The Orly Genger 1993 Trust has been the subject of much litigation. *See, e.g.*, *Arie Genger and Orly Genger v. Sagi Genger et al.*, Case No. 651089/2010 (N.Y. Cty. Sup.) (initiated July 26, 2010 by Arie and Orly Genger, with over 1,500 filings, the most recent being Oct. 31, 2019); *In re Genger*, 2010 NYLJ LEXIS 2670 (Surrogate's Ct., N.Y. Cty. Nov. 18, 2010); *Genger v. Genger*, 2018 U.S. Dist. LEXIS 126958, *1–9 (S.D.N.Y. July 27, 2018) (recounting certain aspects of prior litigation), *aff'd Genger v. Genger*, 771 Fed. Appx. 99, 99 (2d. Cir. 2019).

---

[3] TRI is a holding company having as its principal asset a fertilizer business with manufacturing facilities in Israel. *See Genger v. TR Inv'rs, LLC*, 26 A.3d 180, 183 (Del. 2011).

- 3 -

### A.     The Surrogate Court Proceedings

Relevant here, in 2008, the Debtor Orly Genger applied to the New York State Surrogate's Court to, among other things, (1) remove her mother Dalia from serving as Trustee and (2) appoint a successor trustee or "special trustee" to investigate Dalia's purported wrongdoing as trustee. *See In re the Orly Genger 1993 Trust*, No. 0017/2008 (Sur. Ct. N.Y. Cty.).

The two instant removed petitions were both drawn from this Surrogate's Court action. *See* Notice of Removal, dated Oct. 8, 2019 (ECF No. 1).

#### 1.     The "Removal" Petition

In 2009, the state court considering Orly Genger's petition to remove her mother Dalia Genger as Trustee, rejected such claims entirely. *See Decision*, entered Jan. 2, 2009 ("Trustee Affirmation Ruling"), *In re the Orly Genger 1993 Trust*, No. 0017/2008 (Sur. Ct. N.Y. Cty. 2009) (attached hereto as Exhibit A, Decl. of Christopher Leung In Supp. Of Mot. To Remand). In doing so, the state court's decision traced the history of the Trustee appointments, found Dalia Genger to be duly appointed and acting as Trustee, and that the Debtor Orly Genger's request to remove Dalia as Trust Trustee was based on "[w]hat appears to a material misstatement" and otherwise vague and speculative allegations. In sum, the court denied Orly's requests.

Despite this decision, however, Orly Genger continued to petition the Surrogate's Court for Dalia Genger's removal. Currently pending is Orly Genger's *third* amended petition for removal. *See* 3d Am. Verified Pet. for Removal of Dalia Genger as Trustee (the "Removal Petition," dated Oct. 17, 2012; *see* ECF No. 1-25).

In June 2019, Dalia Genger, facing serious health issues, appointed Michael Oldner as successor trustee to The Orly Genger 1993 Trust. Mr. Oldner is a retired bond trader who lives in Arkansas. He is a disinterested professional, unrelated to the Genger family.

And, notwithstanding Mr. Satija's unsupported footnote argument asserting that such appointment is invalid, *see* Notice of Removal, at 2 n.1 (ECF No. 1), Orly Genger has not formally challenged Mr. Oldner's appointment or qualifications to serve as Trustee. Thus, Orly Genger's underlying complaint to remove Dalia Genger as Trustee has been resolved.

### 2. The "Accounting" Petition

The second basis for Mr. Satija's removal petition is Orly Genger's Petition for a Compulsory Accounting and Related Relief Pursuant to Surrogate's Court Procedure Act 2205 (the "Accounting Petition," dated Oct. 10, 2012; ECF No. 1-23).

In May 2013, Dalia Genger provided an accounting and sought to have the New York Surrogate's Court judicially settle the matter. *See* Pet. for Judicial Settlement of Account, dated May 9, 2013 (ECF No. 1-61). That submission is currently being considered by the New York State Surrogate's Court.

## II. The Bankruptcy Proceedings

### A. Orly Genger's Chapter 7 Bankruptcy

In July 2019, Orly Genger filed for Chapter 7 bankruptcy protection in the Western District of Texas. *See In re Orly Genger*, Bankr. Pet. No. 19-10926, (Bankr. W.D. Tex.) (the "Bankruptcy Case"). Ron Satija was appointed interim Chapter 7 Trustee. Mr. Satija then engaged the law firm Kasowitz Benson Torres LLP to represent the Chapter 7 Trustee's interests, notwithstanding the Kasowitz law firm's many (competing and conflicting) interests.[4]

---

[4] The Kasowitz law firm, in addition to representing (i) the former interim Chapter 7 Trustee, Ron Satija, also represents (ii) itself as a creditor of the Bankruptcy Estate, *see* Bankr. Case, ECF No. 20, at PDF page 20 ($1,457,751 owed to Kasowitz law firm); (iii) the Debtor Orly Genger, *see, e.g., Dalia Genger v. Sagi Genger v. Orly Genger*, No. 17-cv-8181 (VSB) (DCF), ECF No. 224 ("On behalf of non-party Kasowitz Benson Torres LLP (KBT) and our client Orly Genger…."); and (iv) Orly Genger's father, Arie Genger, *see Arie Genger et al v. Sagi Genger et al*, Sup. Ct., N.Y. Cty., No. 651089/2010, who is also a creditor of the Bankruptcy Estate, *see* Bankr. Case, ECF No. 20,

(continued…)

- 5 -

### B. The Instant Removal Petitions and Related Case

On October 8, 2019, the then-Chapter 7 Trustee (by Kasowitz) filed a Notice of Removal in this Court, *see* ECF No. 1, based upon the two above-described petitions pending in the New York State Surrogate's Court.

On October 9, 2019, the Kasowitz firm (representing the same, then-Chapter 7 Trustee) next filed a separate Notice of Removal for a third petition, which is the genesis for this Court's related case, *Genger v. Genger*, Case No. 1:19-cv-9365 (AKH) (S.D.N.Y.).[5]

### C. The Texas Bankruptcy Court's November 5th Hearing

On November 5, 2019, the Texas bankruptcy court held a hearing involving the Chapter 7 interim trustee, Orly Genger, the Kasowitz law firm, and various creditors to the Orly Genger estate. Following the presentation of evidence and argument from the interested parties, the Texas court ordered the transfer of Orly Genger's bankruptcy proceedings to the Southern District of New York. Included with such transfer was a pending motion to dismiss, brought by creditor Sagi Genger, arguing that Orly Genger's entire bankruptcy proceeding was a sham, commenced for an improper purpose, and merely a litigation tactic designed to avoid the conclusion of the more than decade of Genger family litigation.

---

at PDF page 35 ($5,451,389 owed to Arie Genger). Given these many potential conflicts of interest, interested parties to the Texas Bankruptcy Case objected to the Chapter 7 Trustee's application to employ the Kasowitz law firm. *See* Bankruptcy Case, ECF Nos. 104, 125.

[5] That third "Turnover Petition" was also drawn from the same Surrogate's Court action. That petition, however, was filed by Dalia Genger in her capacity as Trustee against the parties to a 2013 Settlement Agreement. *See* Amended Petition for Turnover of Trust Property and Other Relief, dated Apr. 12, 2018 (*Genger v. Genger*, Case No. 1:19-cv-9365 (AKH) (S.D.N.Y.); ECF No. 1-29) (seeking the turnover of settlement proceeds that were rightfully owned by the Trust).

The Trustee of the Orly Genger Trust, Michael Oldner, will address that impropriety of that removal action through a separate motion to remand, to be filed in that related case proceeding. Suffice it to say that, Dalia Genger's Turnover Petition is addressed solely to Trust assets and matters—not the Debtor Orly Genger's estate.

**LEGAL STANDARDS**

For years, federal courts have construed the removal statutes to effectuate their congressional purpose generally, which is to restrict removal jurisdiction. *See* 16 Moore's Fed. Practice – Civil § 107.05. And, because the effect of removal is to deprive a state court of jurisdiction over a case properly before it, removal raises federalism concerns that mandate "strict construction." *Id*. Accordingly, a strong presumption exists against removal jurisdiction, and "all doubts are generally resolved in favor of remand." *Id*. § 107.06 (citing cases); *see also Somlyo v. J. Lu-Rob Enters., Inc.*, 932 F.2d 1043, 1045–46 (2d Cir. 1991) ("In light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts construe the removal statute narrowly, resolving any doubts against removability.").

The removing party furthermore bears the burden of establishing federal jurisdiction. *See Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921); *United Food & Commercial Workers Union, Local 919 v. Centermark Props.*, 30 F.3d 298, 301 (2d Cir. 1994) (same). Similarly, the party invoking such federal jurisdiction bears the burden of establishing the elements of standing, which is an "indispensable part of the case." 15 Moore's Fed. Practice – Civil § 101.31; *see also Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (party seeking federal jurisdiction has the burden to establish standing). And, where jurisdiction is lacking, dismissal is mandatory. *United Food*, 30 F.3d at 301.

**ARGUMENT**

The Orly Genger Trust Trustee's instant motion to remand is based on three grounds: (1) the mootness doctrine—i.e., a lack of standing by Mr. Satija to maintain this action; (2) mandatory abstention principles, pursuant to 28 U.S.C. § 1334(c)(2); and (3) discretionary abstention principles, pursuant to 28 U.S.C. § 1334(c)(1).

- 7 -

**I.        The removing party lacks standing to maintain this action.**

Here, because the Texas court transferred the Chapter 7 bankruptcy proceedings to the Southern District of New York, Mr. Satija now lacks the requisite standing to maintain this action. This is because a Chapter 7 Trustee must reside, or maintain an office in, the judicial district where the Chapter 7 proceeding is pending. *See* 11 U.S.C. § 321(a)(1). Because Mr. Satija neither resides nor maintains an office within the Southern District, he now lacks the authority and standing to maintain this removal action. In other words, Mr. Satija's removal action has been rendered moot, and dismissal for lack of jurisdiction is appropriate. *See* 15 Moore's Fed. Practice – Civil § 101.90 (noting that if a party "has, in essence, been divesting of standing," a case may be dismissed for lack of jurisdiction under the mootness doctrine) (citing cases).

As Moore's Federal Practice further explains, "the requisite personal interest that must exist in the outcome of the litigation at the time the action is commenced must continue throughout the pendency of the action. … Once a plaintiff is divested of standing by virtue of the absence of a personal stake in the controversy, the necessary adversity of interests between the parties, demanded by Article III, is lacking." *See* 15 Moore's Fed. Practice – Civil § 101.94[1] (noting further that a change in the plaintiff's status "will generally affect the justiciability of litigation," citing by way of example, challenges to school policies, which must be raised by currently affected students; challenges to prison conditions, which must be raised by those presently in confinement; challenges to state residency requirements, etc.). *See, e.g., Fox v. Board of Trustees*, 42 F.3d 135, 140 (2d Cir. 1994) (holding that declaratory and injunctive claims mooted by graduation); *Muhammed v. City of N.Y. Dep't of Corrections*, 126 F.3d 119, 123 (2d Cir. 1997) (holding that Muslim plaintiff's release from jail mooted his request for separate religious services for Nation of Islam inmates and hiring of Nation of Islam ministers).

- 8 -

Thus, given Mr. Satija's lack of authority and standing to proceed as Orly Genger's Chapter 7 Trustee, the instant removal petition is moot. And, this Court should appropriately remand the petitions at issue back to state court for lack of jurisdiction.

## II. Mandatory abstention principles require the remand of these petitions.

Principles of mandatory abstention, furthermore, weigh in favor of granting the Trustee's remand motion. Such principles are based on Subsection 1334(c)(2), which provides the following:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court ***shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction***.

28 U.S.C. § 1334(c)(2) (emphasis added). Courts have interpreted this mandate to mean that abstention is required where (1) the motion to abstain was timely filed, (2) the action is based on state-law claims, (3) the action is non-core, (4) the sole basis for federal jurisdiction is 28 U.S.C. § 1334, (5) an action is commenced in state court, and (6) the action can be timely adjudicated in state court. *See In re Fairfield Sentry Ltd. Litig.*, 458 B.R. 665, 689 (S.D.N.Y. 2011). And notably, "[i]t is the Debtors' burden to show that mandatory abstention is not applicable, including the burden of proving that a matter could not be timely adjudicated in the state court." *Multibank, Inc. v. Access Glob. Capital LLC*, 594 B.R. 618, 629 (Bankr. S.D.N.Y. 2018) (collecting cases).

Here, even if Mr. Satija continued to possess the necessary standing to maintain this removal petition (which he does not), Mr. Satija has still failed to carry his burden in establishing

- 9 -

that mandatory abstention does not apply. Indeed, a careful review of each factor weighs in favor of remand.

### A. The Trustee's remand motion is timely.

To begin, the Orly Genger Trust Trustee's motion to remand is timely. The instant motion was filed within 30 days of the Notice of Removal, and before any transfer to the bankruptcy court.

### B. The removed petitions are state law claims.

The removed petitions are, furthermore, state law claims originally brought and vigorously litigated in New York State Surrogate's Court by Orly Genger. For example, the petition to remove Dalia Genger as Trustee expressly relies on New York Surrogate Court Procedure Act Section 711—not federal law. Similarly, Orly Genger's demand for an accounting does not raise questions of federal law. *See* Third Petition ¶ 225.

### C. The removed petitions are not "core" bankruptcy claims.

Neither petition at issue is a "core" bankruptcy claim.

> Core claims are those proceedings "arising under title 11" and proceedings that "arise in" cases under title 11. Cases "arise under" title 11 when the cause of action or substantive right claimed is created by the Bankruptcy Code. Cases "arise in" a title 11 proceeding if they are not based on any right expressly created by title 11, but nevertheless, would have no existence outside of the bankruptcy.

*In re Fairfield*, 458 B.R. at 674 (internal quotation and citations omitted).[6]

---

[6] "A core proceeding is generally defined as a matter which would have no existence outside of the bankruptcy case." *Post Inv'rs LLC v. Gribble*, No. 12 Civ. 4479 (ALC) (AJP), 2012 WL 4466619, at *4 (S.D.N.Y. Sept. 27, 2012). "Proceedings 'arise under' the Bankruptcy Code where they clearly invoke substantive rights created by federal bankruptcy law." *In re Gen. Motors*
(continued…)

- 10 -

Here, none of the substantive rights or claims being contested in the New York Surrogate's Court arise under Title 11. Similarly, each removed petition pre-existed Orly Genger's bankruptcy, and thus do not "arise in" a title 11 proceeding. In short, no "core" proceeding exists. And, the bankruptcy court's authority, *see* 28 U.S.C. § 157, is not triggered.

### D. The remaining factors weigh in favor of remand.

The remaining factors for this Court's consideration also weigh heavily in favor of remanding the petitions at issue. Here, the only asserted basis for federal jurisdiction is bankruptcy removal jurisdiction, 28 U.S.C. § 1334. *See* Notice of Removal (ECF No. 1). The petitions at issue were removed from a pending action in the New York State Surrogate's Court.

And as to timing, the Removal Notice does not even attempt to address why the two petitions cannot be timely adjudicated in state court. As explained by the Second Circuit, four factors are considered when evaluating Subsection 1334(c)(2) timeliness:

> (1) the backlog of the state court's calendar relative to the federal court's calendar; (2) the complexity of the issues presented and the respective expertise of each forum; (3) the status of the … bankruptcy proceeding to which the state law claims are related; and (4) whether the state court proceeding would prolong the administration or liquidation of the estate.

*Parmalat Capital Fin. Ltd. v. Bank of Am. Corp.*, 639 F.3d 572, 580 (2d Cir. 2011). Stated differently, a timelines determination "ordinarily requires a comparison of the dockets in the different courts

---

*LLC Ignition Switch Litig.*, No. 14 MD 2543 (JMF), 2017 WL 5195234, at *2 (S.D.N.Y. Nov. 9, 2017) (internal quotation and citation omitted); *see also In re Residential Capital, LLC*, 527 B.R. 865, 870 (S.D.N.Y. 2014) (holding "claims [that] are based on pre-bankruptcy agreements entered into under state contract law, … indisputably would exist outside the context of the bankruptcy," and therefore do not "'arise in' a case under title 11").

- 11 -

and of factors that might indicate that a decision is required more quickly than the state court will be able to provide." *Multibank*, 594 B.R. at 629.

Here, Mr. Satija fails to carry his burden. No individualized showing has been presented, concerning the dockets of the New York State Surrogate's Court, this Court, or its adjunct Bankruptcy Court. No such comparison is suggested that one venue might more quickly decide an issue than the state court. In fact, the Surrogate's Court has disposed of multiple claims asserted by the parties and has developed an intimate familiarity with the parties and their disputes. In contrast, the recently transferred bankruptcy is only just beginning, and may not survive, depending upon the new bankruptcy court's decision on the pending motion to dismiss. And even if such proceeding were to survive, additional delays would likely ensue as the Southern District's Bankruptcy Court and a new Chapter 7 trustee familiarize themselves with the case, claims, and morass of prior litigation in other courts.

In such instances, the Second Circuit has noted that "when the facts in a case are especially complex, the forum with greater familiarity with the record may likewise be expected to adjudicate the matter more quickly." *Parmalat*, 639 F.3d at 580–81. There may be no better example than this one of a controversy for which familiarity with the record, and the specific domestic laws to be applied, is expected to aid adjudication. This interfamily dispute has been waging for more than a decade—mostly in the New York courts (plus certain litigation in Delaware that was resolved long ago). As a result, a careful consideration of the timeliness factor weighs in favor of remanding the two petitions back to Surrogate's Court. *See also* 16 Moore's Fed. Practice – Civil § 107.06 (noting a strong presumption against removal jurisdiction, and that "all doubts are generally resolved in favor of remand); *see, e.g.*, *Somlyo*, 932 F.2d at 1045–46 (same).

\* \* \*

- 12 -

In sum, each removed petition concerns the proper administration, and accounting of the Trust assets. Each issue is a creature of state law consigned to the able supervision of the Surrogate's Court. *See* N.Y. Surrogate Ct Proc. Act, Art. 2, 15, 22, *generally*. Thus, principles of mandatory abstention augur the remand of the two petitions. *See Post Inv'rs*, 2012 WL 4466619, at *4 ("A federal court should generally abstain from hearing non-core proceedings if they have already been commenced and can be timely adjudicated in the state forum.").

## III. Discretionary abstention principles weigh in favor of remand.

Discretionary abstention principles, furthermore, weigh in favor of remand. Pursuant to 28 U.S.C. § 1334(c)(1), a district court "in the interest of justice, or in the interest of comity with State courts or respect for State law," may abstain from hearing a removed proceeding. *See also* 28 U.S.C. § 1452(b) (noting that any claim removed under Section 1334, may be remanded "on any equitable ground"). Factors that a court considers, include the following:

> whether remand would prevent duplication or uneconomical use of judicial resources; the effect of the remand on the administration of the bankruptcy estate; whether the case involves questions of state law better addressed by a state court; comity; … prejudice to involuntarily removed parties; … whether remand will increase or decrease possibility of inconsistent results; the predominance of state law issues and non-debtor parties; and the expertise of the court in which the action originated.

16 Moore's Fed. Practice – Civil § 107.106[5] (citing cases).

Here, each factor weighs in favor of remanding the two removed petitions back to New York State Surrogate's Court. As noted earlier, each removed petition is, at bottom, a state law claim dealing with the administration of a trust. No federal rights are at stake. And, the New

- 13 -

York state court possesses an expertise and familiarity with the removed petitions, parties, and litigation history—none of which this Court, nor the adjunct bankruptcy court, yet possess.

The Surrogate's Court is furthermore presumably considering Orly Genger's request for (and Dalia Genger's compliance with) an accounting of the Trust monies. The Surrogate's Court also possesses the authority and expertise to decide such disputes involving lifetime, *inter vivos* trusts. *See* N.Y. Surrogate's Court Procedure Act § 207 (establishing the Surrogate Court's jurisdiction over lifetime trusts), 209(6) (establishing Surrogate's Court's power to "determine any and all matters relating to lifetime trusts"), 209(10) (granting "all of the powers that the supreme court would have in like actions and proceedings").[7]

Orly Genger, furthermore, initiated the removed petitions in Surrogate's Court, and has actively litigated such claims there for a number of years. *See, e.g.*, *Phillips v. Citibank, N.A.*, 252 F. Supp. 3d 289, 299 (S.D.N.Y. 2017) (noting that where "the Surrogate's Court has assumed jurisdiction over the trust at issue[,]" the debtor has "participated actively in the Surrogate's Court proceeding[,]" and is asking this court "to dispose of property that is in the custody of a state probate court," such facts weigh in favor of abstention). As a result, remanding the removed petitions would likely increase the possibility of consistent results, and increase the potential for judicial economy, by avoiding the duplication of work and reconsideration of issues already addressed by the Surrogate's Court in this lengthy dispute.

---

[7] In a similar context, federal courts typically defer exercising jurisdiction over probate matters. *See, e.g.*, *Lefkowitz v. Bank of New York*, 528 F.3d 102, 105 (2d Cir. 2007) ("The 'probate exception' is an historical aspect of federal jurisdiction that holds 'probate matters' are excepted from the scope of federal diversity jurisdiction.") (citing *Marshall v. Marshall*, 547 U.S. 293, 307 (2006)). This exception exists to prevent "federal interference with state probate proceedings." *In re Boisseau*, 2017 U.S. Dist. LEXIS 11964, at *6 (N.D.N.Y. Jan. 30, 2017). For similar comity concerns, this Court should remand the two state law petitions back to the New York Surrogate's Court, which under New York law, has primary jurisdiction over such trust disputes. *See* N.Y. Surrogate's Ct. Proc. Act §§ 207, 209(6), (10).

- 14 -

Finally, the interests of comity (and questions of state law) weigh in favor of remanding the two petitions. In New York, every express trust—like the one at issue here, *see* Ex. A, Trustee Affirmation Ruling, at 1)—is presumed to be a spendthrift trust unless the settlor expressly provides otherwise. *See Regan v. Ross*, 691 F.2d 81, 86 n.14 (2d Cir. 1982). And, under Bankruptcy Code section 541(c)(2), such interests may be excepted from the property of the bankruptcy court. *See Colish v. United States (In re Colish)*, 289 B.R. 523, 539 (Bankr. E.D.N.Y. 2002) (holding that a spendthrift clause may serve to except a trust from a bankruptcy estate, citing *Patterson v. Shumate*, 504 U.S. 753, 757–58 (1992)); *Traina v. Sewell (In re Sewell)*, 180 F.3d 707, 709 (5th Cir. 1999) (holding that debtor's beneficial interest in ERISA plan containing spendthrift provision is exempted from property of the estate under Section 541(c)(2)). In other words, the Orly Trust is not an asset of the bankruptcy estate and cannot be drawn upon for the benefit of the estate.

In sum, the balance of equities weighs in favor of remanding the two removed petitions back to New York State Surrogate's Court.

## CONCLUSION

As discussed herein, Michael Oldner, Trustee of the Orly Genger 1993 Trust, respectfully requests that the Court remand this action back to the State court because of the (1) the mootness doctrine, i.e., a lack of standing by the former Chapter 7 Trustee Ron Satija to maintain this action; (2) mandatory abstention principles, pursuant to 28 U.S.C. § 1334(c)(2); and (3) discretionary abstention principles, pursuant to 28 U.S.C. § 1334(c)(1)).

| | |
|---|---|
| Dated:   November 7, 2019<br>         New York, NY | POLLOCK COHEN LLP<br><br>By: */s/ Adam Pollock*<br>    Christopher K. Leung<br>    Adam L. Pollock |

- 15 -

60 Broad St., 24th Floor
New York, NY  10004
Chris@PollockCohen.com
(212) 337-5361

*Attorneys for Michael Oldner, Trustee of
the Orly Genger 1993 Trust*

- 16 -