UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In the Matter of the Application of ORLY GENGER to Remove Dalia Genger as Trustee of the Orly Genger 1993 Trust Established on Dec.13, 1993 by Arie Genger, grantor. | Case No. 19-cv-9319 (AKH) |
| Orly Genger, beneficiary of The Orly Genger 1993 Trust, <br><br> Petitioner, <br><br> - against - <br><br> Dalia Genger, as trustee of The Orly Genger 1993 Trust, and The Sagi Genger 1993 Trust, <br><br> Respondents. | N.Y. Cty. Surrogate's Court File No.: 2008-0017 |

**DECLARATION OF CHRISTOPHER K. LEUNG IN SUPPORT OF TRUSTEE'S MOTION TO REMAND**

I, Christopher K. Leung, declare the following:

1. I am a partner with the law firm Pollock Cohen, LLP, which is located at 60 Broad Street, 24th Floor, New York, New York 10004.

2. Attached as Exhibit A is a true and correct copy of a decision entered by the New York State Surrogate's Court, on Jan. 2, 2009 ("Trustee Affirmation Ruling"), *In re the Orly Genger 1993 Trust*, No. 0017/2008 (Sur. Ct. N.Y. Cty. 2009).

3. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated:  November 7, 2019
        New York, NY

                              By: /s/ *Christopher K. Leung*
                                    Christopher K. Leung

# EXHIBIT A

JAN 02 2009

SURROGATE'S COURT : NEW YORK COUNTY
---------------------------------------- X
In the Matter of the Trust Established
on December 13, 1993, by ARIE GENGER        File No. 0017/2008
for the Benefit of ORLY GENGER.
---------------------------------------- X

R O T H, S.

This is a contested application by the primary beneficiary (Orly Genger) of an irrevocable inter vivos trust established by her father, Arie Genger, seeking the appointment of a successor trustee or, alternatively, the appointment of a "special trustee" to investigate alleged wrongdoing concerning the trust. Petitioner's mother, Dalia Genger (grantor's former wife), contends that she is the duly appointed successor trustee and that there is no basis to appoint another fiduciary for any purpose.

The trust agreement, dated December 13, 1993, provides for discretionary income and principal distributions to Orly for life with remainder to her descendants or, if none, to the grantor's descendants in trust.

Article SEVENTH (B), (D), (E), and (G) of the trust instrument sets forth the following procedure for the resignation of trustees and the appointment of their successors.

A trustee may resign by delivering a signed and acknowledged instrument of resignation in person or by certified or registered mail to the other trustee and to either the grantor or the income beneficiary. Such resignation is effective upon the receipt of the acknowledged instrument by the other trustee (if there is

one) and the grantor or the income beneficiary or at such later date as may be specified in the instrument.

A trustee may appoint his or her successor by delivering a signed and acknowledged instrument in the same manner as described above for resignation. Any such appointment, however, is valid only if the appointee qualifies by delivering a signed and acknowledged instrument of acceptance in person or by certified or registered mail to each trustee and the grantor or the income beneficiary within 30 days after the later of 1) the date on which a copy of the appointment instrument is delivered to him or her, and 2) the effective date of the appointment as set forth in the appointment instrument. It is observed that there is no provision that requires a resigning trustee to appoint a successor or that there always be two trustees in office.

The original two trustees served until October 2004, when they resigned and appointed David Parnes and Eric Gribitz as their successors. On February 12, 2007, Mr. Gribitz resigned without appointing a successor. On April 26, 2007, Mr. Parnes resigned and appointed as his successor Leah Fang in a signed and acknowledged instrument. Although Ms. Fang noted her acceptance at the bottom of such instrument, her signature was not acknowledged. However, in another document entitled "Release" executed and acknowledged by Ms. Fang the same day, she, as

2

trustee, purported to discharge Mr. Parnes from liability. It is undisputed that thereafter Ms. Fang acted as trustee. Indeed, Ms. Fang's contention that she received a number of requests for information from petitioner and that petitioner referred to her in writing and orally as trustee is not disputed by petitioner.

On December 12, 2007, Ms. Fang, without resigning in accordance with the trust agreement, attempted to appoint Patricia Enriquez, as successor trustee. Her designation of Ms. Enriquez, however, was by an unacknowledged letter in which she referred to her own resignation as taking effect upon Ms. Enriquez's acceptance of the appointment. Ms. Enriquez accepted by signing the letter, but such acceptance was not acknowledged and, in any event, there is nothing in the record to suggest that such "acceptance" was delivered in accordance with the trust instrument. Two weeks later, an attorney for Ms. Enriquez notified petitioner's counsel by email that her client had advised that she had no intention to overcome the procedural omissions.

On January 3, 2008, Ms. Fang and Dalia Genger signed before a notary a memorandum in which Ms. Fang stated that "to the extent that I am still vested with any powers to appoint trustees of the [trust], I confirm your appointment." The next day, Ms. Fang executed an acknowledged instrument of resignation and appointment of successor trustee naming Dalia as her successor

3

and Dalia, on the same day, executed an acknowledged instrument of acceptance. It is undisputed that such documents were delivered in accordance with the trust requirements.

We address first that portion of the instant application which seeks the appointment of a successor trustee on the ground that Dalia was not validly appointed. In such connection, petitioner argues first that, because Ms. Fang's signature on the bottom of Mr. Parnes's appointment instrument was not acknowledged, she never accepted the position in accordance with the trust agreement (and thus could not appoint Dalia her successor). However, such argument ignores the "Release" mentioned above that Ms. Fang executed the same day. Such instrument, which was signed and duly acknowledged, unequivocally establishes Ms. Fang's acceptance of the position. Since petitioner does not challenge the authenticity of such instrument or Mr. Parnes' contention, supported by the record, that it was delivered in accordance with the trust instrument and, as noted above, petitioner thereafter communicated with Ms. Fang as trustee, Ms. Fang properly qualified as successor trustee.

Petitioner's second argument that, in any event, Ms. Fang's appointment of Dalia was ineffective because Ms. Fang had previously resigned as trustee is also without merit. Simply put, Ms. Fang had not previously resigned because her letter to Ms. Enriquez did not contain the formalities (i.e., an

4

6

acknowledgment) required by the trust agreement. Moreover, although not a model of clarity, the letter makes clear that Ms. Fang did not intend to leave the trust without a trustee in the event that Ms. Enriquez failed to qualify, which is exactly what happened. Thus, Ms. Fang had authority to appoint Dalia as her successor.

Since there is no dispute that the instrument of resignation and appointment executed by Ms. Fang on January 4, 2008, and Dalia's instrument of acceptance of the same date were executed and delivered in accordance with the trust agreement, Dalia is the duly appointed successor trustee of the trust. To find otherwise would be to ignore the chronology of events and the purpose of the provisions at issue, namely to ensure that the trust always has a fiduciary ready, willing and able to act. The fact that petitioner does not wish her mother to be the fiduciary because she considers her an adversary in a broader intra-family dispute does not provide a basis to ignore the grantor's intent, as reflected in the trust instrument, that an acting trustee, and not the beneficiary, decides who shall become a successor trustee. Accordingly, petitioner's application to appoint a successor trustee is denied.

We next turn to petitioner's alternate request for relief, namely that a "special trustee" be appointed for the "purpose of investigation and taking discovery with respect to the wrongful

5

7

dealings concerning the assets and income of the trust."

It is noted initially that petitioner's only allegations of "wrongful dealings" concern a close corporation, TPR Investment Associates, Inc. She contends that her brother Sagi, who is an officer of TPR, and Dalia, who was a shareholder at the time this proceeding was commenced, are engaged in a "wrongful scheme" to divert assets to themselves and, as a result, Dalia "could not possibly" investigate wrongdoing at TPR, which the petition describes as the "greatest" asset of the trust.

However, the premise of the application, namely that the trust's interest in TPR would enable the trustee to investigate or seek relief from TPR, does not appear to be correct. Petitioner does not dispute Dalia's assertion, supported in the record, that the trust is not a shareholder of TPR at all. Rather, D&K LP, an entity in which the trust owns a 48 percent interest, in turn owns approximately 50 percent of TPR. Petitioner does not explain what appears to be a material misstatement concerning TPR's relationship to the trust. Nor does she identify how a trustee under such circumstances might be in a position to "investigate and address the TPR issues".

In any event, assuming arguendo that a trustee would somehow be able to investigate alleged misconduct at TPR, petitioner's vague and speculative allegations of "wrongful conduct" at TPR from which Dalia purportedly benefitted do not warrant the

6

appointment of a "special trustee". Similarly, petitioner's allegations (made upon information and belief) that Dalia had knowledge of alleged improper acts by former trustee, David Parnes, in relation to TPR are patently insufficient to warrant the remedy of a "special trustee". In such connection, it is noted that Mr. Parnes and Ms. Fang have been directed to account for their proceedings as trustees (Matter of Genger, NYLJ, Feb. 25, 2008, at 29, col 3), giving petitioner a forum to seek relief for most of the conduct about which she complains.

Finally, it is observed that petitioner has not alleged that Dalia has refused a request for information, which would warrant relief (SCPA 2102), or has failed as trustee to protect trust assets. Indeed, it appears that Dalia (who states that she is ready and able to act as fiduciary) has yet to assume the duties of trustee in deference to her daughter's position in this litigation. As a validly appointed trustee, she should be given the opportunity to do what she deems necessary to manage and protect the trust's assets.

Based upon the foregoing, the appointment of a "special trustee" is unwarranted at this time and, accordingly, the application is denied, without prejudice to renewal if future

7

circumstances warrant such relief.

This decision constitutes the order of the court.

———————————
S U R R O G A T E

Dated: December 31, 2008

8

SURROGATE'S COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------X
In the Matter of

ORLY GENGER,

                Petitioner,

-against-

LEAH FANG, DAVID A. PARNES, THE SAGI
GENGER TRUST, DALIA GENGER, JOEL
ISAACSON and MARTIN COLEMAN,

                Respondents.
-----------------------------------------------------------------X

Index No. 2008/0017

**AFFIDAVIT OF SERVICE**

STATE OF NEW YORK  )
                            ) ss.:
COUNTY OF NEW YORK  )

       Brian Cooley, being duly sworn, deposes and says:

       1.    I am over the age of eighteen, a resident of New York County, and not a party to this action.

       2.    On January 16, 2008, I served the within NOTICE OF ENTRY on the following respondents by depositing the paper(s), enclosed in a first-class postpaid envelope, in an official depository under the exclusive care and custody of the United States Postal Service, addressed to the following addresses, which are designated by the addressees for that purpose:

Eve Rachel Markewich, Esq.
Markewich & Rosenstock LLP
8 East 41st Street, Fifth Floor
New York, NY 10017

Matthew Hoffman, Esq.
Barton, Barton & Plotkin, LLP
Graybar Building
420 Lexington Avenue
New York, NY 10170

Mark Waldstein, Esq.
McLaughlin & Stern
260 Madison Avenue
New York, NY 10016

Seth Rubenstein, Esq.
26 Court Street
Room 1501
Brooklyn, NY 11242

                                                                           _____
                                                                           Brian Cooley

Sworn to before me this
20th day of January 2009

_____
       Notary Public

{N0137701; 1}

CHRISTINE BERTI
Notary Public, State of New York
Registration # 01BE6137973
Qualified in Nassau County
My Commission Expires Dec. 5, 2009

To:  Eve Rachel Markewich, Esq. (by e-mail and regular mail)
Markewich & Rosenstock LLP
8 East 41st Street, Fifth Floor
New York, NY 10017

Mark Waldstein, Esq. (by e-mail and regular mail)
McLaughlin & Stern
260 Madison Avenue
New York, NY 10016

Matthew Hoffman, Esq. (by e-mail and regular mail)
Barton, Barton & Plotkin, LLP
Graybar Building
420 Lexington Avenue, 18th Floor
New York, NY 10170

Seth Rubenstein, Esq. (by e-mail and regular mail)
26 Court Street
Room 1501
Brooklyn, NY 11242

{N0137696;1}