UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In the Matter of the Application of Orly Genger, as to Remove Dalia Genger as Trustee of The Orly Genger 1993 Trust Established on Dec. 13, 1993 by Arie Genger, grantor. | CASE #: 1:19-cv-09319-AKH |
| Orly Genger, beneficiary of The Orly Genger 1993 Trust, *Petitioner*, v. Dalia Genger, as trustee of The Orly Genger 1993 Trust, and The Sagi Genger 1993 Trust, *Respondents*. | N.Y. County Surrogate Court Index No. 2008-0017 |
| In the Petition of DALIA GENGER, as Trustee of the Orly Genger 1993 Trust Established on Dec.13, 1993 by Arie Genger, grantor. | CASE #: 1:19-cv-09365-AKH |
| Dalia Genger, trustee of the Orly Genger 1993 Trust, *Petitioner*, v. Orly Genger, Arie Genger, Glenclova Investment Company, TR Investors, LLC, New TR Equity I, LLC, New TR Equity II, LLC, Trans-Resources, Inc., Arnold Broser, David Broser, John Does 1-20, and Jane Does 1-20, *Respondents.* | N.Y. County Surrogate Court Index No. 2008-0017 |

**JOINDER IN MOTION TO REMAND**

Respondent/Petitioner Dalia Genger ("Dalia"), former trustee of the Orly Genger 1993 Trustee (the "OG Trust"), and respondent The Sagi Genger 1993 Trust[1] ("Respondents") hereby join in the remand motions of Michael Oldner ("Oldner"), current trustee of the OG Trust.

---

[1] The Sagi Genger 1993 Trust is only a party to Case #: 1:19-cv-09319-AKH and accordingly only joins in the motion to remand that action.

-1-

In addition to the reasons set forth in Oldner's motions, Respondents respectfully submit that the actions should be remanded because, under the probate exception to federal jurisdiction and related doctrines, this Court lacks federal subject matter jurisdiction.

"The 'probate exception' is an historical aspect of federal jurisdiction that holds 'probate matters' are excepted from the scope of federal diversity jurisdiction." *Mercer v. Bank of New York Mellon, N.A.,* 609 Fed.Appx. 677, 678 (2015) (quoting *Lefkowitz v. Bank of N.Y.,* 528 F.3d 102, 107 (2d Cir. 2007)). "The Supreme Court has clarified that 'the probate exception … precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court." *Id.* (quoting *Marshall v. Marshall*, 547 U.S. 293, 311–12 (2006)). The probate exception "is not restricted to cases where property has been actually seized under judicial process before a second suit is instituted, but applies as well where suits are brought to marshal assets, administer trusts, or liquidate estates, and in suits of a similar nature where, to give effect to its jurisdiction, the court must control the property." *Id.* (quoting *Princess Lida of Thurn & Taxis v. Thompson*, 305 U.S. 456, 466-67 (1939)).

The two removed proceedings—which are separate proceedings sharing a single Surrogate's Court index number—should be remanded. In Case No. 1:19-cv-09319, the former Chapter 7 trustee has removed a proceeding by which the debtor Orly Genger sought to remove Dalia as trustee of the OG Trust (she has since resigned). In Case No. 1:19-cv-09365, the former Chapter 7 trustee has removed a proceeding by which Dalia, when she was trustee of the OG Trust, had sought to recover from third parties certain property which Dalia maintained belongs to the OG Trust. (It is Respondents' understanding that the successor trustee, Oldner, continues to seek recovery of that property on behalf of the OG Trust.) Under the probate exception, as defined by the foregoing Supreme Court and Second Circuit precedents, both proceedings belong

in the New York State Surrogate's Court and nowhere else. Indeed, Respondents suspect it was the (Texas-based) former Chapter 7 trustee's unfamiliarity with the relief sought in these proceedings which led to these meritless removals (for instance, no money damages are sought against Dalia, contrary to the trustee's representations to this Court).

"In resolving a motion to remand, courts must be mindful of considerations of federalism and the limited jurisdiction conferred on subject matter jurisdiction courts and should strictly construe[] the federal removal statute, <u>resolving all doubts in favor of remand</u>." *Vasura v. Acands*, 84 F.Supp.2d 531, 533 (2000) (citation omitted, emphasis added). This remand falls well within that standard. Respondents thank the Court for its consideration.

Dated: New City, New York
      November 12, 2019               THE BACHMAN LAW FIRM PLLC

                                        /s/ Judith Bachman
                                        _____
                                        Judith Bachman, Esq.
                                        365 S. Main Street, 2nd Floor
                                        New City, New York 10956
                                        (845) 639-3210
                                        judith@thebachmanlawfirm.com

                                        *Attorneys for Respondent/Petitioner*
                                        *Dalia Genger*

                                        EMMET, MARVIN & MARTIN, LLP

                                        */s/ John Dellaportas*
                                        _____
                                        John Dellaportas
                                        Beth Khinchuk
                                        120 Broadway
                                        New York, New York 10271
                                        (212) 238-3000
                                        jdellaportas@emmetmarvin.com
                                        bkhinchuck@emmetmarvin.com

                                        *Attorneys for Respondent*
                                        *The Sagi Genger 1993 Trust*