

Tarter Krinsky & Drogin LLP
1350 Broadway
New York, NY 10018
P 212.216.8000
F 212.216.8001
www.tarterkrinsky.com

Rocco A. Cavaliere, Partner
Email: rcavaliere@tarterkrinsky.com
Phone: (212) 216-1141

February 7, 2020

**BY ECF AND FACSIMILE**

Honorable Alvin K. Hellerstein
U.S. District Judge
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007
fax: (212) 805-7942

    Re: In the Matter of the Application of Orly Genger, No. 19-cv-9319 (AKH)
       In the Matter of the Petition of Dalia Genger, No. 19-cv-9365 (AKH)

Dear Judge Hellerstein:

  This firm is counsel to Deborah J. Piazza, in her capacity as successor chapter 7 trustee (the "Trustee") of the bankruptcy estate of Orly Genger, which is now pending in the Bankruptcy Court for the Southern District of New York, Bankr. Case No. 19-13895 (the "Bankruptcy Court").

  I write to clarify the request made in the letter dated February 5, 2020 by Adam Pollock, Esq. to the Court, which requested a "transfer" of the above-referenced matters to the Bankruptcy Court that is handling Ms. Genger's bankruptcy case. As a technical matter, the Bankruptcy Trustee is not requesting "transfer" but requesting that the Court "refer" these removed Surrogate Court matters to the Bankruptcy Court, a unit of the District Court, in accordance with the Southern District's Amended Standing Order of Reference dated February 1, 2012 (the "Standing Referral Order") which provides that "pursuant to 28 U.S.C. Section 157(a) any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under tile 11 are referred the bankruptcy judges for this district."

  We apologize for any confusion that may have caused by characterizing the relief sought as a "transfer" in the February 5th letter. In accordance with Your Honor's direction in the endorsed letter dated February 5, 2020 [Dkt. No. 24], we have prepared a joint stipulation for the Court's consideration confirming the stipulating parties' desire that this Court refer these removed Surrogate Court matters to the Bankruptcy Court in accordance with the Standing Referral Order, with each stipulating party reserving their rights as more fully set forth in the February 5th letter and in the attached joint stipulation as Exhibit "A".

{Client/086170/1/02020288.DOCX;1 }

Honorable Alvin K. Hellerstein
February 7, 2020
Page 2

      Please do not hesitate to have Chambers contact me or Mr. Pollock should the Court have any questions.

Respectfully submitted,

/s/Rocco A. Cavaliere

Rocco A. Cavaliere

cc (via email):

    Adam Pollock, Esq.
    *Counsel to the Orly Genger 1993 Trust,*
    *through Michael Oldner, Trustee*

    Andrew R. Kurland, Esq.
    Kasowitz Benson Torres LLP
    *Counsel to the former Bankruptcy Trustee;*
    *and former counsel or present counsel for other parties*

    Steven Riker, Esq.
    Law Office of Steven Riker
    *Guardian Ad Litem*

    Chris Gartman, Esq.
    Hughes Hubbard & Reed LLP
    *Counsel to Arnold Broser and David Broser*

    Natalie Bedoya McGinn, Esq.
    *Counsel to Arie Genger*

    John Boyle, Esq.
    Skadden, Arps, Slate, Meagher & Flom LLP
    *Counsel to Glenclova Investment Company, TR Investors, LLC,*
    *New TR Equtiy I, LLC, New TR Equity II, LLC, Trans-Resources, Inc.*

cc (via ECF):

    Michael Paul Bowen, Esq.
    Kasowitz Benson Torres LLP

{Client/086170/1/02020288.DOCX;1 }

2

Honorable Alvin K. Hellerstein
February 7, 2020
Page 3

*Counsel to the former Bankruptcy Trustee;*
*and former counsel or present counsel for other parties*


Judith Bachman, Esq.
*Counsel to Dalia Genger*

John Dellaportas, Esq.
Emmet Marvin & Martin LLP
*Counsel to Sagi Genger 1993 Trust & Sagi Genger*

{Client/086170/1/02020288.DOCX;1 }

3

# Exhibit "A"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In the Matter of the Application of Orly Genger, to Remove Dalia Genger as Trustee of The Orly Genger 1993 Trust Established on Dec. 13, 1993 by Arie Genger, grantor. | SDNY Case No. 19-cv-09319-AKH |
| Orly Genger, beneficiary of The Orly Genger 1993 Trust,<br><br>      *Petitioner*,<br> v.<br><br>Dalia Genger, as trustee of The Orly Genger 1993 Trust, and The Sagi Genger 1993 Trust,<br><br>      *Respondents*. | N.Y. County Surrogate Court Index No. 2008-0017 |
| In the Petition of DALIA GENGER, as Trustee of the Orly Genger 1993 Trust Established on Dec.13, 1993 by Arie Genger, grantor. | SDNY Case No. 19-cv-09365-AKH |
| Dalia Genger, trustee of the Orly Genger 1993 Trust,<br><br>      *Petitioner*,<br> v.<br><br>Orly Genger, Arie Genger, Glenclova Investment Company, TR Investors, LLC, New TR Equity I, LLC, New TR Equity II, LLC, Trans-Resources, Inc., Arnold Broser, David Broser, John Does 1-20, and Jane Does 1-20,<br><br>      *Respondents*. | N.Y. County Surrogate Court Index No. 2008-0017/E |

**JOINT STIPULATION AND ORDER CONFIRMING REFERRAL
OF REMOVED SURROGATE COURT ACTIONS TO BANKRUPTCY
<u>COURT FOR THE SOUTHERN DISTRICT OF NEW YORK</u>**

{Client/086201/1/02018931.DOC;1 }

WHEREAS, on July 12, 2019 (the "Petition Date"), Orly Genger commenced a case (the "Bankruptcy Case") by filing a voluntary petition for relief under chapter 7 of the United States Code (the "Bankruptcy Code") in the Bankruptcy Court for the Western District of Texas (the "Texas Bankruptcy Court");

WHEREAS, while the Bankruptcy Case was pending in the Texas Bankruptcy Court, counsel for Ron Satija, the prior trustee appointed in the Debtor's Case, pursuant to 28 U.S.C. § 1452 and Bankruptcy Rule 9027, on October 8 and 9, 2019, removed two surrogate court actions that were pending in New York County Surrogate's Court styled as (i) Orly Genger, beneficiary of the Orly Genger 1993 Trust v. Dalia Genger, as trustee of the Orly Genger 1993 Trust, and the Sagi Genger 1993 Trust, Index No. 2008-0017, and (ii) Dalia Genger, as trustee of the Orly Genger 1993 Trust v. Orly Genger, et al., Index No. 2008-0017/E (the "Removed Surrogate Court Actions") to the Southern District of New York, with the further intention of transferring the Removed Surrogate Court Actions to the Texas Bankruptcy Court;

WHEREAS, on November 7 and 8, 2019, Michael Oldner, the Trustee of the Orly Genger 1993 Trust (the "Orly Genger Trust") filed, in this Court, motions to remand (the "Remand Motions") the Removed Surrogate Court Actions back to the Surrogate Court;

WHEREAS, by order dated November 7, 2019, the Texas Bankruptcy Court transferred the Bankruptcy Case to the Bankruptcy Court for the Southern District of New York, whereby Honorable James L. Garrity is now presiding as Bankruptcy Judge in the Bankruptcy Case, Case No. 19-13895 (JLG);

WHEREAS, on December 11, 2019, Deborah J. Piazza was appointed as the successor Chapter 7 trustee in the Bankruptcy Case;

**WHEREAS,** as contemplated by the Southern District of New York's Amended Standing Order dated February 1, 2012, the parties now desire that the above-captioned matters, including the Remand Motions, be referred to the Bankruptcy Court for further determination by the Bankruptcy Court.

**NOW,** upon all pleadings and proceedings heretofore had herein, the parties to this Stipulation, by their respective counsel, agree to the following:

1. The Removed Surrogate Court Actions, including the determination of the pending Remand Motions, shall be referred to the Bankruptcy Court for further determination by the Bankruptcy Court.

2. The Orly Genger Trust disputes that the Removed Surrogate Court Actions arise under Title 11 or arise in or are related to a case under Title 11, and reserves all rights concerning the arguments made in its Remand Motions. The Orly Genger Trust's consent to referral of the Removed Surrogate Court Actions to the Bankruptcy Court who will consider the Remand Motions should not be deemed a waiver of any arguments the Trust may have concerning the Bankruptcy Court's lack of jurisdiction over the Removed Surrogate Court Actions.

3. The Trustee shall have until March 31, 2020 to respond to the Remand Motions. The Orly Genger Trust shall have until April 24, 2020 to reply to any responses received to the Remand Motions.

4. Each party that executes this Joint Stipulation represents that he or she is duly authorized to execute this Joint Stipulation on behalf of the respective parties hereto and that each such party has full knowledge and has consented to the terms of this Joint Stipulation.

5. This Joint Stipulation may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument, and it

shall constitute sufficient proof of this Joint Stipulation to present any copy, copies or facsimiles signed by the parties hereto to be charged.

Dated: New York, New York
      February 7, 2020

| **TARTER KRINSKY & DROGIN LLP** | **POLLOCK COHEN LLP** |
|---|---|
| *Attorneys for Deborah J. Piazza,* | *Attorneys for the Orly Genger 1993 Trust,* |
| *Chapter 7 Trustee* | *through Michael Oldner, Trustee* |
| By: /s/Rocco A. Cavaliere | By: /s/Adam Pollock |
| Rocco A. Cavaliere | Adam Pollock |
| 1350 Broadway, 11th Floor | 60 Broad Street |
| New York, New York 10018 | New York, New York 10004 |
| (212) 216-8000 | (212) 337-5361 |

**SO ORDERED:**

Dated: New York, New York
      February __, 2020

_____
HONORABLE ALVIN K. HELLERSTEIN
UNITED STATES DISTRICT JUDGE