

Tarter Krinsky & Drogin LLP
1350 Broadway
New York, NY 10018
P 212.216.8000
F 212.216.8001
www.tarterkrinsky.com

Rocco A. Cavaliere, Partner
Email: rcavaliere@tarterkrinsky.com
Phone: (212) 216-1141

February 14, 2020

**BY ECF AND FACSIMILE**

Honorable Alvin K. Hellerstein
U.S. District Judge
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007

> Re:   In the Matter of the Application of Orly Genger, No. 19-cv-9319 (AKH)
>          In the Matter of the Petition of Dalia Genger, No. 19-cv-9365 (AKH)

Dear Judge Hellerstein:

We write in response to the Court's *Order Regulating Proceedings* dated February 11, 2020 (the "Order"), in which the Court requested a joint letter indicating either (i) full consent by all parties in the above-referenced matters to transfer these matters to the bankruptcy court for further deliberation, or (ii) reasons for any party's opposition to transfer of the case, explaining "at least why transfer of this case is not required by the Southern District of New York's Amended Standing Order of Reference, 12 Misc. 32, dated February 1, 2012, which provides that, "Pursuant to 28 U.S.C. Section 157(a) any or all cases under title 11 or related to a case under title 11 are referred to the bankruptcy judges for this district". The Court also requested whether the parties agree that the pending motion to transfer this case (the "Transfer Motion") to the Western District of Texas is moot in light of the transfer of venue of the bankruptcy case to New York.

Overall, it is the position of all parties that they either consent to the transfer of these matters to bankruptcy court, or take no position. Similarly, they either agree that the motion to transfer to Texas is moot, or take no position.

Specially, the parties' views are as follows:

### A.   **The Trustee and Orly Genger 1993 Trust, through Michael Oldner, Trustee**

Each of the Bankruptcy Trustee and the Orly Genger 1993 Trust, through Michael Oldner, Trustee, as set forth in the Joint Stipulation and Order, submitted to the Court on February 7, 2020, agree to referral of these removed surrogate court actions to the Bankruptcy Court presiding over the Debtor's bankruptcy case, with a full preservation of all rights as more fully set forth in the Joint Stipulation and Order. In addition, each of the foregoing parties agree that the Transfer

Honorable Alvin K. Hellerstein
February 14, 2020

Motion is moot as a result of the transfer of the Debtor's bankruptcy case from Texas to the Bankruptcy Court.

### B. The Sagi Genger 1993 Trust

The Sagi Genger 1993 Trust is only a party to Civil Action No. 19-cv-09319 and not to Civil Action No. 09-cv-09365. The Trust takes no position on the pending application and reserves all rights with respect to the other parties' assertions in this letter.

### C. Dalia Genger

Dalia Genger was named a participant in the removed actions solely in her then-capacity as trustee of the Orly Genger 1993 Trust. Last year, Michael Oldner was duly appointed to, and did, replace her. Accordingly, Ms. Genger asserts that she is no longer a party to these actions.

To the extent the Court wishes for Ms. Genger to provide her position, we hereby state, without waiver, that Ms. Genger has no objection to the remand motions being decided by either Your Honor or Bankruptcy Judge Garrity.

### D. Arie Genger and Arnold Broser and David Broser

Respective counsel to Arie Genger and Arnold Broser and David Broser advised that the foregoing parties were voluntarily dismissed from the action styled *In the Matter of the Petition of Dalia Genger*, No. 19-cv-9365 (AKH) in June 2019 and that such parties have never been named parties in the action styled as *In the Matter of the Application of Orly Genger*, No. 19-cv-9319 (AKH). As a result of the foregoing, these persons respectfully take no position with respect to the (i) referral of the actions to the Bankruptcy Court (ii) and the potential mootness of the Transfer Motion.

### E. Glencova Investment Company, TR Investors, LLC, New TR Equity I, LLC, New TR Equity II, LLC, and Trans-Resources Inc.

Glencova Investment Company, TR Investors, LLC, New TR Equity I, LLC, New TR Equity II, LLC, and Trans-Resources Inc. (collectively, the "TR Entities") advised the Trustee that the TR Entities have never been named parties in the action styled as *In the Matter of the Application of Orly Genger*, No. 19-cv-9319 (AKH). The TR Entities have been named as parties in the action styled as *In the Matter of the Petition of Dalia Genger*, No. 19-cv-9365 (AKH). However, the TR Entities have advised that while named in the action styled as *In the Matter of the Petition of Dalia Genger*, No. 19-cv-9365 (AKH), the TR Entities assert they were not properly served by Dalia Genger, as more fully set forth in their motion to dismiss the amended petition for turnover of trust property and other related relief (the "TR Entities' Motion to Dismiss"). See Dkt. No. 1-37. The TR Entities' Motion to Dismiss has not yet been decided by the Surrogate Court and remains *sub judice*. As set forth in footnote 2 of the TR Entities' Motion to Dismiss, the TR Entities' limited appearance by way of the TR Entities' Motion to Dismiss was not a formal appearance in the Surrogate Court. Out of an abundance of caution and to avoid any argument that they have now appeared in these actions by taking a position in connection with the inquiries set forth in the Court's Order, the TR Entities respectfully do not take any position with respect to

Honorable Alvin K. Hellerstein
February 14, 2020

the (i) referral of the actions to the Bankruptcy Court (ii) and the potential mootness of the Transfer Motion.

### F. Steven Riker, Guardian Ad Litem

Steven Riker was appointed several years ago as the Guardian ad Litem of the "unborn children" of Orly Genger (who has since had a child) in the surrogate's court proceeding pertaining to The Application of Orly Genger, which has been pending for several years. Mr. Riker has reviewed the Court's Order and has no objection to the referral of the matter. However, Mr. Riker is concerned about taking positions in this Court, to the extent that it prejudices his ability, in any way, to eventually seek to be relieved as the Guardian ad Litem in this matter. For this reason, Mr. Riker respectfully requests that he not be compelled to take a position in connection with the inquiries set forth in the Court's Order, but has no objection to the referral.

*       *       *

The parties to this letter reserve all rights with respect to the assertions set forth in this letter.

The Trustee respectfully thanks the Court for extending the Trustee's time to respond to the pending remand motions, as the parties await the Court's determination of the issues set forth in the Court's Order.

Respectfully submitted,                          Respectfully submitted,


/s/ Rocco A. Cavaliere                            /s/ Adam Pollock
Rocco A. Cavaliere                               Adam Pollock
Tarter Krinsky & Drogin LLP                      Pollock Cohen LLP
*Counsel to the Trustee*                          *Counsel to the Orly Genger 1993 Trust,*
                                                 *through Michael Older, Trustee*


Respectfully submitted,                          Respectfully submitted,


/s/ Steven Riker                                  /s/ Chris Gartman
Steven Riker, Esq.                               Chris Gartman, Esq.
Law Office of Steven Riker                        Hughes Hubbard & Reed LLP
*Guardian Ad Litem*                               *Counsel to Arnold Broser and David Broser*

Honorable Alvin K. Hellerstein
February 14, 2020

Respectfully submitted,

Respectfully submitted,


/s/ John Boyle
John Boyle, Esq.
Skadden Arps, Slate Meagher & Flom LLP
*Counsel to Glenclova Investment Company,*
*TR Investors, LLC, New TR Equtiy I, LLC,*
*New TR Equity II, LLC, Trans-Resources, Inc.*

/s/ Natalie Bedoya McGinn
Natalie Bedoya McGinn, Esq.
Gelber Schachter & Greenberg, P.A.
*Counsel to Arie Genger*


Respectfully submitted,

Respectfully submitted,


/s/ John C. Dellaportas
John C. Dellaportas, Esq.
Emmet, Marvin & Martin, LLP
*Counsel to the Sagi Genger 1993 Trust*

/s/ Judith Bachman
Judith Bachman, Esq.
*Counsel to Dalia Genger*