POLLOCK | COHEN LLP
111 BROADWAY, SUITE 1804
NEW YORK, NY 10006
(212) 337-5361

*CONTACT:*
Max Rodriguez
Max@PollockCohen.com
(646) 290-7509

September 2, 2022

**VIA ECF**

Hon. James L. Garrity, Jr.
United States Bankruptcy Court
Southern District of New York
One Bowling Green, Courtroom 601
New York, NY 10004

Re: *In re Orly Genger*, Chapter 7 Case No. 19-13895

*Piazza v. Oldner et al.*, Adv. Case No. 21-ap-1180

*Orly Genger, beneficiary of The Orly Genger 1993 Trust v. Dalia Genger et al.*, Adv. Case No. 20-ap-1187

*Dalia Genger, Trustee of The Orly Genger 1993 Trust v. Orly Genger et al.*, Adv. Case No. 20-ap-1188

Dear Judge Garrity:

We represent the Orly Genger 1993 Trust (the "Orly Trust"), by Michael Oldner, trustee, Recovery Effort Inc. ("REI"), and Manhattan Safety Maine, Inc. ("MSM") as relevant in the above-captioned bankruptcy and adversary proceedings. I write to update the Court on a recent decision by the Supreme Court of the State of New York, Appellate Division, First Judicial Department in *Orly Genger in her individual capacity and on behalf of The Orly Genger 1993 Trust (both in its individual capacity and on behalf of D&K Partnership) v. Dalia Genger et al.*, No. 2020-01940 (N.Y. App. Div. 1st Dep't).

In the decision, the First Department affirmed the lower court's ruling that a fraud claim—that Orly had asserted against Dalia—was properly dismissed. No. 2020-01940, dkt. no. 34 (N.Y. App. Div., 1st Dep't 2022) ("First Department Decision"). In addressing and rejecting the Appellant's arguments, some issues raised before the lower court and the First Department bear emphasis because they pertain to an

essential legal question at the heart of a constellation of pending actions and motions related to this bankruptcy.[1]

Specifically, the parties have had multiple occasions to brief whether the Orly Trust (a spendthrift trust) and its assets are property of the bankruptcy estate or affect the bankruptcy estate such that they should be subject to the procedural restrictions of this bankruptcy or the control of the Bankruptcy Trustee. As detailed below, the First Department decision confirms what New York law[2] says and the Orly Trust has asserted: the Orly Trust and its assets cannot be used to assert direct claims by a beneficiary and are not a part of the bankruptcy estate.

**<u>Background</u>**

In *Genger v. Genger*, No. 109749/2009 (Sup. Ct., N.Y. Cty.) (the "2009 Action"), the Debtor had asserted claims against, *inter alia*, Sagi Genger, TPR (managed by Sagi), Dalia (the then-trustee of the Orly Trust), and Leah Fang (the former trustee of the Orly Trust). Orly, as a beneficiary of the Orly Trust, brought the claims against Sagi, TPR, and Dalia as derivative claims on behalf of the Orly Trust, and the state court recognized that the claims against Dalia were derivative in nature. *See Genger v. Genger*, No. 109749/2009, 2010 WL 10807678, at *3 (Sup. Ct., N.Y. Cty. July 28, 2010) ("Plaintiff argues, and none of the defendants dispute her, that as beneficiary of the Orly Genger 1993 Trust, she has a right to assert causes of action on behalf of the trust….").

The state court in the 2009 Action eventually found that the alleged conduct caused no damages whatsoever. *See* 2009 Action, Transcript, dkt. no. 1510 (May 4, 2017), *adopted by Genger v. Genger*, No. 109749/2009, 2019 WL 1330905, at *7 (Sup.

---

[1] The appeal was filed by Mr. Cavaliere on behalf of the Bankruptcy Trustee. *See* No. 19-13895-JLG, ECF no. 560, at 1 (May 10, 2022) ("In December 2020, the [Bankruptcy] Trustee filed a memorandum of law perfecting the Appeal."); *id.* at 59 (Appellant's brief signed by Mr. Cavaliere, as "Counsel for Appellant, Deborah J. Piazza, Successor Chapter 7 Trustee").

However, before oral argument on the appeal, Michael Bowen, who most recently has been representing the Debtor individually, filed an appearance "on behalf of Plaintiff-Appellant" and presented the oral argument on behalf of Appellant. No. 2020-01940, dkt. no. 33 (1st Dep't May 17, 2022).

[2] Unless "some federal interest *requires* a different result[,]" this Court must determine "[p]roperty interests [as they] are created and defined by state law." *Butner v. United States*, 440 U.S. 48, 55 (1979) (emphasis added).

Ct., N.Y. Cty. Mar. 25, 2019). Then, in 2019, the state court confirmed that the claim against Dalia was dismissed because the alleged damages had already been adjudicated as against TPR and Sagi (i.e., there were no damages). *See* 2009 Action, Decision & Order, dkt. no. 1652 (Oct. 4, 2019).[3] The First Department affirmed this holding.[4] (First Department Decision at 4.)

**<u>The Decision confirms that the Bankruptcy Trustee lack standing.</u>**

The Bankruptcy Trustee has repeatedly argued to this Court — and to the First Department — that the Bankruptcy Trustee has standing to pursue the Orly Trust's claims as part of the bankruptcy estate. For example, in the First Department briefing, the Bankruptcy Trustee argued (in the Appellant's Reply Brief) that she had standing because, "even in derivative actions, damages caused to a beneficiary of a trust belong to the beneficiary, and the recovery, even for damages done in the first instance to the corpus of the trust." (Filed with this Court by the Bankruptcy Trustee at No. 19-13895-JLG, ECF no. 560 (May 10, 2022), at PDF page 132.)

During oral argument in the First Department, Mr. Bowen (appearing on behalf of the Appellant) was asked:[5]

> [W]hat's your response to your adversary's claim that you as the trustee in bankruptcy, and that's who you're representing, and it's Orly's personal bankruptcy, that you don't have standing to assert a claim that really belongs to the [Orly] Trust?

---

[3] Additional description of the 2009 Action can be found at the Orly Trust, REI, and MSM's briefs in opposition to the 9019 Motion, No. 19-13895-JLG, ECF no. 491 (July 16, 2021), and in support of their motion to dismiss the adversary complaint in *Piazza v. Oldner et al.*, No. 21-ap-1180, ECF no. 25-1 (Oct. 22, 2021).

[4] The First Department Decision is also relevant to the pending motion to approve the proposed settlement under Rule 9019. In the motion, the Bankruptcy Trustee claimed that Orly's fraud claim against Dalia provided "further potential benefit to the estate" because "[t]he Estate Claims Assignee has advised that it believes that the dismissal of the fraud claim against Dalia is clearly erroneous…." No. 19-13895-JLG, ECF no. 421 at 46 (May 28, 2021). The First Department's decision now confirms these claims were and are entirely worthless.

[5] We do not have a transcript, but the exchange begins at 1:24:10 in the oral argument, recorded here: https://youtu.be/feTz6y8tYls?t=5047

In response, Mr. Bowen argued that:

> Conceptually, logically, both Orly in her personal capacity has damages from the fraud that was committed, and arguably so does the Orly Genger Trust … The problem with that is that the beneficiary can still be awarded personal damages when you're dealing with a corrupt trustee …. [E]ven if the concept is that the Orly Genger Trust itself as an entity has standing to make these claims, that doesn't preclude Orly personally making those claims herself, because she's ultimately entitled to those damages, or at least some of them….

But the First Department, in affirming the lower court, rejected Appellant's argument that "since Orly was the sole beneficiary of the trust, she has the right to pursue trust assets for the benefit of Orly's creditors" (First Department Decision at 3) — i.e., that Orly (or, here, the Bankruptcy Trustee) had standing to pursue the claim against Dalia. In particular, the First Department wrote: "On this record, there is no showing that the movant is entitled to pursue any fraud claim against Dalia in this action, thereby warranting denial of the motion to restore." *Id.*

Thus, it is now inescapable that Orly individually and the Bankruptcy Trustee lack standing to assert or control claims or potential claims of the Orly Trust (i.e., claims that are derivative in nature under New York law because they arise from alleged harm to her interest in the Orly Trust) as a part of this bankruptcy—whether that be to file, litigate, sell, encumber, or release such claims. These claims or potential claims are not property of, and do not affect, the bankruptcy estate.

***REI and MSM's District Court Actions***

The First Department's decision addresses the question of law in the pending motion of the Orly Trust, REI, and MSM to confirm that the automatic stay does not apply to the two District Court actions because they do not concern or affect the bankruptcy estate. No. 19-13895, ECF no. 258-1 (June 8, 2020). Accordingly, this Court should grant that motion and confirm the automatic stay does not apply.

***The Adversary Proceeding Regarding the Orly Trust Releases***

In August 2021, the Bankruptcy Trustee filed an adversary proceeding against Michael Oldner (the current Orly Trust trustee) and others, alleging that Mr. Oldner had acted improperly by releasing certain potential claims of the Orly Trust (including theoretical claims against Dalia). *See* Complaint, in No. 21-ap-1180-JLG, ECF no. 1, ¶ 44 (Aug. 14, 2021) (alleging that "the Orly Trust and Recovery Effort were aware that Orly had asserted numerous claims and lawsuits against Dalia and Sagi, among others, and that such claims remained pending and were assets of Orly's bankruptcy estate.").

After the defendants moved to dismiss (ECF nos. 25–37), the Bankruptcy Trustee opposed, arguing that the released Orly Trust claims were "property of the Debtor's bankruptcy estate." (ECF no. 38 at 2.)

In addition to the already-briefed reasons why the claims in that proceeding were and remain legally deficient, the First Department's decision confirms that this adversary proceeding should be dismissed. The First Department was presented with the Bankruptcy Trustee's arguments (in both Mr. Cavaliere's briefing and as emphasized at oral argument by Mr. Bowen) concerning the supposed right of trust beneficiaries to collect direct damages. Indeed, this was a full airing of the same legal principle undergirding the Bankruptcy Trustee's entire case-wide strategy concerning the Orly Trust.

But the First Department roundly rejected those arguments that the Bankruptcy Trustee had standing to pursue the claim against Dalia, holding (as noted above) that "[o]n this record, there is no showing the movant is entitled to pursue any fraud claim against Dalia…." (First Department Decision at 3.)

For this reason, among others, the Bankruptcy Trustee's claims in *Piazza v. Oldner et al.* must be dismissed. *See* No. 21-ap-1180-JLG, ECF no. 25 (Oct. 22, 2021); ECF no. 42 (Dec. 2, 2021).

***The Removed Surrogate's Court Actions***

In addition, the two pending Surrogate's Court actions that were removed to federal court, and that were later transferred to this Court, should be remanded to state court.[6]

[6] While this bankruptcy case was still pending in Texas, the previous bankruptcy trustee had applied to retain Kasowitz Benson Torres LLP (an alleged creditor) as counsel for "various fraud related claims." (W.D.Tx. No. 19-10926-tmd, ECF No. 59.) The application was eventually withdrawn and the bankruptcy case was subsequently transferred to New York.

While the application was still pending, Mr. Bowen — then a lawyer at Kasowitz Benson, but purportedly acting as "Attorneys for Ron Satija, [Texas] Bankruptcy Trustee," removed these two actions from Surrogate's Court to the Southern District of New York. *See* S.D.N.Y. no. 1:19-cv-09319, ECF no. 1; S.D.N.Y. no. 1:19-cv-09365, ECF no. 1.

(continued…)

The first is a Surrogate's Court proceeding arising from Orly's successive and unsuccessful attempts to petition the Surrogate's Court for removal of Dalia as trustee of the Orly Trust, currently on the third amended such petition. No. 20-ap-1187-JLG. As indicated in Sagi Genger's recent letter to this Court, following the First Department Decision, the *Rooker-Feldman* doctrine would be potentially implicated were this Court to adjudicate the merits of this state court case.

The second is a Surrogate's Court proceeding in which the *Orly Trust itself* seeks the return of its property from certain parties, i.e., the proceeds of the much-discussed 2013 Settlement. No. 20-ap-1188-JLG. For the same reasons detailed above, this action of the Orly Trust is not property of the bankruptcy estate.

We respectfully submit that this Court should now grant the two pending motions to remand these cases to the Surrogate's Court. *See* No. 20-ap-1187-JLG, ECF no. 1-65; No. 20-ap-1188-JLG, ECF no. 1-21. Neither motion for remand was opposed when they were originally filed in 2019, nor when they were transferred to this Court on the above-referenced dockets.

***The 9019 Motion***

Finally, the First Department Decision confirms that claims or potential claims of the Orly Trust are not the Bankruptcy Trustee's to sell, encumber, or release as a part of the 9019 Motion. For all the reasons articulated in the Orly Trust, REI, and MSM's objection to the 9019 Motion, and this reason, the motion to approve that proposed settlement should be denied. See No. 19-13895-JLG, ECF no. 491 (July 16, 2021).

* * *

The First Department's decision unmistakably resolves the never-ending game of whack-a-mole that has been presented to this Court by the Bankruptcy Trustee and others on this question of law concerning whether the Orly Trust's assets (including its claims) are within this bankruptcy estate. We respectfully submit that it is now fully confirmed that they are not.

---

(Mr. Bowen has acted or appeared in this bankruptcy case on behalf of: [1] Kasowitz Benson, as creditor; [2] the Texas Bankruptcy Trustee, with respect to the Surrogate's Court proceedings; [3] the Debtor; [4] the New York Bankruptcy Trustee, in the First Department; and [5] himself, as defendant in adversary proceedings nos. 20-01010-jlg and 22-01106-jlg.)

Thank you for Your Honor's consideration in this matter.

Respectfully,

*/s/ Max Rodriguez*

Max Rodriguez