Tarter Krinsky & Drogin LLP
1350 Broadway
New York, NY 10018
P 212.216.8000
F 212.216.8001
www.tarterkrinsky.com

Rocco A. Cavaliere, Partner
Email: rcavaliere@tarterkrinsky.com
Phone: (212) 216-1141

September 8, 2022

**BY FEDERAL EXPRESS AND ECF**

Honorable James L. Garrity, Jr.
United States Bankruptcy Judge
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004

Re: *In re Orly Genger*, Chapter 7 Case No. 19-13895

*Piazza v.* Oldner, et. al., Adv. Pro. No. 21-1180

*Orly Genger, beneficiary of The Orly Genger Trust v. Dalia Genger, et al.*, Adv. Pro. No. 20-1187

*Dalia Genger, Trustee of the Orly Genger 1993 Trust v. Orly Genger, et al.*, Adv. Pro. No. 20-1188

Dear Judge Garrity:

This firm is counsel to Deborah J. Piazza, in her capacity as successor chapter 7 trustee (the "Trustee") of the above-referenced Debtor's estate.

On May 10, 2022, I filed and delivered a letter to Chambers advising the Court that the Appellate Division had scheduled oral argument on May 18, 2022 in connection with the appeal of the Supreme Court of New York's dismissal of a fraud claim against Dalia Genger. The May 10th letter was merely in the nature of a status update to update the Court on the status of that appeal but under no circumstances did such letter suggest that the ultimate decision on the appeal would have any impact whatsoever on the Court's pending deliberation of the Settlement Motion for which the record was closed in August 2021, after the evidentiary hearing and oral argument on the Settlement Motion.

As the Court is now aware, by order dated August 16, 2022 (the "Order"), the Appellate Division decided to uphold the dismissal of the fraud claim against Dalia Genger. I planned to update the Court with a copy of the Order as a further status update, but before being able to do so, Mr. Pitta, counsel to Sagi Genger, filed a letter dated August 17, 2022 [Main Case Dkt. No. 569] enclosing a copy of the Order. However, rather than provide a mere enclosure of the Order, Mr. Pitta's letter, together with subsequent letters dated August 31, 2022 filed by John Dellaportas Esq. [Adv. Pro. No. 21-01180, Dkt. No. 50] and dated September 2, 2022 by Max Rodriguez, Esq. [Main Case Dkt. No. 572] inappropriately attempt to supplement the record on the Settlement Motion with additional argument and their own tortured reading of the four-page Order.

The Trustee disagrees with the arguments raised in each of the Letters and the alleged substantive impact that the Order concerning one affirmative claim against Dalia Genger purportedly has on pending adversary proceedings related to this case and the Court's pending deliberation of the Settlement Motion. While the Trustee could certainly draft a multi-page letter to the Court in response to the Letters, the Trustee will instead reserve all rights and refrain from engaging in an unsolicited letter writing campaign at this time without authority from the Court. Now, if the Court desires a formal response to the Letters from the Trustee or any other party, such as the Settling Parties (many of whom were not parties or otherwise involved in the Dalia appeal), the Trustee respectfully requests that the Court either memo-endorse this letter and provide appropriate direction or otherwise have Chambers contact undersigned counsel to so advise.

Respectfully submitted,

*/s/Rocco A. Cavaliere*

Rocco A. Cavaliere

cc: All counsel of record by ECF